## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES and
DONA ANA COUNTY,

    Plaintiffs,

v.                                                                              Civ. No. 17-809 RB/GJF

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF DEFENSE, and
NATIONAL GUARD BUREAU,

    Defendants.

## ORDER SETTING PRETRIAL DEADLINES
## AND BRIEFING SCHEDULE

The Court held a Rule 16 initial scheduling conference on **January 19, 2018**. The Joint Status Report filed by Defendants, after consultation with the parties, is adopted as an order of the Court, except as provided below.

The deadline for Plaintiffs and Defendants to amend pleadings and/or join additional parties is **July 9, 2018**. The Court **DENIES** Defendants' request to impose a stay on discovery after six months, and **DENIES** Defendants' request to bifurcate discovery on this matter.

For discovery purposes, the two Plaintiffs are considered a single party. The federal Defendants, in contrast, will be considered two separate parties, one in the form of the Environmental Protection Agency ("EPA") and the other a single entity comprised of the Department of Defense ("DOD") and the National Guard Bureau ("NGB"). Each *party* shall be limited to serving twenty-five (25) interrogatories to another party, each *party* shall be limited to serving twenty-five (15) requests for admission to another party, and each *party* shall be limited to serving twenty-five (25) requests for production to the other side. Responses shall be served within thirty (30) days. Depositions shall be limited to fifteen (15) for fact witnesses per *party*.

1

There shall be a seven-hour limit on all depositions of the parties, unless extended by agreement of both parties.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. See *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); FED. R. CIV. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). The Plaintiffs and the EPA shall identify to the other parties in writing any expert witness to be used at trial and will provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **July 11, 2018**. The DOD and NGB shall identify to the other parties in writing any expert witness to be used at trial, will provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C), and shall serve any rebuttal reports to those submitted by the Plaintiffs no later than **August 10, 2018**. Plaintiffs shall serve any rebuttal reports to those submitted by DOD and NGB no later than **September 7, 2018**. All parties will serve any supplemental reports to the other parties no later than **October 5, 2018**.

The termination date for discovery is **December 31, 2018**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **January 14, 2019**. Local Rule of Civil Procedure 7 provides motion practice requirements and

timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in Local Rule of Civil Procedure 26.6.[1]

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **April 30, 2019**. Local Rule of Civil Procedure 7 shall also control their form and timing. Any pretrial motions, other than discovery motions, filed after the above dates may be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.

Motion practice must be conducted in accordance with the local rules. In particular, the Court would highlight Local Rule of Civil Procedure 7.4, which provides that response and reply deadlines "may be extended by agreement of all parties. For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed. If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period." D.N.M.LR-Civ. 7.4(a). Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.*

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions. The mere imminence of the twenty-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute. Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the Local Rule 26.6 deadline.