UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES and
DONA ANA COUNTY,

    Plaintiffs,

v.                                                          Civ. No. 17-809 RB/GJF

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF DEFENSE, and
NATIONAL GUARD BUREAU,

    Defendants.

## PRE-TRIAL ORDER PROTECTING CONFIDENTIALITY

1. *Purpose*. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

2. *Information*. Information includes the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data derived from objects other than documents, produced or disclosed in these proceedings by any party to these proceedings or by any third party (the "Producing Party") to any other party or parties (the "Receiving Party").

3. *Condition*. This order covers Information that the Producing Party designates "Confidential" or "Highly Confidential". "Confidential" Information means Information that (a) constitutes or contains sensitive personal, medical, business or proprietary information, trade secrets or other confidential research, development, or commercial information which is in fact confidential, the disclosure of which might adversely affect a Party's competitive position or business operations, and (b) is designated "CONFIDENTIAL" in accordance with the procedures set forth in this Protective Order. Without limiting the foregoing, documents or information, including deposition, hearing or trial transcripts, that are produced in this action and that have previously been marked as confidential and subject to a protective order in any action shall be deemed "Confidential Information" without further need of designation in this action. Information may be designated as "HIGHLY CONFIDENTIAL" when the Producing Party reasonably believes that the disclosure of Confidential Information to third party competitors will result in commercial harm. The parties shall make Confidential and

Highly Confidential designations in good faith to ensure that only those documents that merit Confidential or Highly Confidential treatments are so designated.

4. *Procedure*.
    A. *Designation.* To designate information as Confidential or Highly Confidential, a Producing Party must mark it or identify it on the record as such. Either designation may be withdrawn.
    B. *Marking.* All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on the face of the document and each page so designated. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.
    C. *Timing.* Documents and other objects must be designated before disclosure. In the event that a Producing Party designates some or all of a witness' deposition testimony Confidential or Highly Confidential, the specific page and line designations over which confidentiality is claimed must be provided to all Parties within fourteen (14) days of receipt of the transcript, provided, however, that Parties will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as Highly Confidential pending the deadline or, if applicable, extended deadline for designation.
    D. *Errors.* Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event that Confidential or Highly Confidential Information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality, and promptly provide replacement media consistent with this Order. Thereafter, the Receiving Party must immediately return the original information and all copies of the same to the Producing Party and make no use of such information.
    E. *Rights.* Nothing contained in this Protective Order shall affect the right of the disclosing Party to disclose or use for any purpose the Information produced and/or designated by it as Confidential or Highly Confidential Information, nor shall anything in this Protective Order affect the right of the receiving Party to disclose or use for any purpose the Information produced without a designation by the designating Party as Confidential or Highly Confidential Information if the receiving Party has received the same material without any designation, requirement, or agreement of confidentiality, unless subsequently designated under Paragraph 4.D above.
    F. *Care.* Each recipient of Information designated as Confidential or Highly Confidential Information shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use

and dissemination of such material as is exercised by the recipient with respect to its own Confidential or Highly Confidential Information.

5. *Who.* Confidential Information may be used only by:

   A. Parties, and their respective officers, directors, in-house counsel (including counsel at EPA, DOD and NGB), employees, former employees, and agents who are required by a Party to work directly in connection with, or who have responsibility with respect to, this action;
   B. The Court and its staff, provided that the Confidential Information is filed in accordance with the terms of this Protective Order and in compliance with Local Rule-Civ-5 and the Court's CM/ECF Administrative Procedures Manual §9(h) or, if used orally in a closed hearing, is used with appropriate restrictions consistent with this Order;
   C. Special masters or discovery referees appointed by the Court and their staff;
   D. Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A;
   E. Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;
   F. Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;
   G. Persons who prepared, received, or reviewed the Confidential information prior to its production and who execute a certification in the form attached hereto as Appendix A;
   H. Witnesses and potential witnesses in this action, provided such witness executes a certification in the form attached hereto as Appendix A;
   I. Outside experts or consultants (including their employees, associates, and support staff) retained by a party in connection with this action, provided such expert executes a certification in the form attached as Appendix A;
   J. Outside vendors, including their employees, retained by counsel for any Party to provide copying, data entry, data processing, computer support, or computer imaging, or similar clerical or litigation support services, provided such individuals or an appropriate company official with authority to do so on behalf of the company executes a certification in the form attached hereto as Appendix A;
   K. A third party to whom a Party is legally or contractually obligated to make disclosure, including but not limited to, a Party's insurers, reinsurers, reinsurance intermediaries, retrocessionaires, regulators, claims handling agents or auditors, provided such third party or an appropriate company official with authority to do so on behalf of the company executes a certification in the form attached hereto as Appendix A; and
   L. Any other person to whom the Producing Party, in writing, authorizes disclosure.

6. *Highly Confidential.*

   The Highly Confidential designation is intended to prevent competitive injury between and among persons or entities who might be commercially adverse to one another in the marketplace. Hence, the use of information designated Highly Confidential is restricted to the following persons:

   A. The Court and its staff, provided that the Confidential Information is filed in accordance with the terms of this Protective Order and in compliance with Local Rule-Civ-5 and the Court's CM/ECF Administrative Procedures Manual §9(h), or, if used orally in a closed hearing, is used with appropriate restrictions consistent with this Order;
   B. Special masters or discovery referees appointed by the Court and their staff;
   C. Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification attached hereto as Appendix A.
   D. Mediators and their staff, provided such persons execute a certification attached hereto as Appendix A;
   E. Parties' external counsel and internal counsel whose primary responsibilities include overseeing this litigation, and their direct staff;
   F. The Parties, and their respective officers, directors, in-house counsel (including counsel at EPA, DOD and NGB), employees, former employees, and agents who are required by a Party to work directly in connection with, or who have responsibility with respect to, this action;
   G. Persons who prepared, received, or reviewed the Highly Confidential information prior to its production and who execute a certification in the form attached hereto as Appendix A;
   H. Witnesses and potential witnesses in this action, provided such witness executes a certification in the form attached hereto as Appendix A;
   I. Outside experts or consultants (including their employees, associates, and support staff) retained by a party in connection with this action, provided such expert executes a certification in the form attached as Appendix A;
   J. Outside vendors, including their employees, retained by counsel for any Party to provide copying, data entry, data processing, computer support, or computer imaging, or similar clerical or litigation support services, provided such individuals or an appropriate company official with authority to do so on behalf of the company executes a certification in the form attached hereto as Appendix A;
   K. A third party to whom a Party is legally or contractually obligated to make disclosure, including but not limited to, a Party's insurers, reinsurers, reinsurance intermediaries, retrocessionaires, regulators, claims handling agents or auditors, provided such third party or an appropriate company official with authority to do so on behalf of the company executes a certification in the form attached hereto as Appendix A; and
   L. Any other person to whom the Producing Party, in writing, authorizes disclosure.

7. *Where.* Confidential Information and Highly Confidential Information must be used only in this or other proceeding relating to the Griggs & Walnut Ground Water Plume Superfund Site.

8. *How.*
   A. *Acknowledgment.* Subject to the restrictions contained in paragraph 6, the persons identified in paragraphs 5 and 6 may receive or review Confidential or Highly Confidential Information upon execution of the certificate attached as Appendix A or by affirming on the record that he or she will not disclose Confidential or Highly Confidential Information revealed during the deposition and will keep the transcript confidential.
   B. *Filings.* To the extent that any Discovery Materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed under seal (by the filing Party) with the Clerk of the Court together with a simultaneous motion and accompanying order (hereinafter the "Interim Sealing Motion"). Even if the filing Party believes that the materials subject to the Protective Order are not properly classified as CONFIDENTIAL, the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights under Paragraph 4.E of this Protective Order.
   C. *Hearings.* In the event that a Receiving Party intends to utilize Confidential or Highly Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less than five (5) days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five (5) days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential or Highly Confidential Information during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.
   D. *Subpoenas.* If Confidential Information is subpoenaed from the Receiving Party, the Receiving Party must notify the Producing Party in writing within five (5) days of its receipt that the subpoena covers Confidential or Highly Confidential Information.

9. *Challenges.* Any party may object to the propriety of the designation of specific material as Confidential or Highly Confidential by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party may move the Court for an order withdrawing the designation as to the specific designations on which the Parties

could not agree. Counsel may agree to reasonable extensions of the ten (10) day period, if necessary. On such a motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential Information under applicable law. In the event a motion is filed by the Objecting Party, the information at issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

10. *Return*. Within ninety days of the termination of any party from all proceedings relating to the Griggs and Walnut Ground Water Plume Superfund Site, including any appeals, that party, its employees, attorneys, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information or Highly Confidential Information, provided however, that the obligation to destroy or return such documents that is imposed on counsel, consultants and experts representing multiple parties shall not occur until the last of their represented parties has been terminated from the foregoing referenced proceedings. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Protective Order. This order survives the termination of this matter.

11. *Modification.* This Protective Order may be modified or amended by agreement of all Parties, subject to approval by the Court, or by order of the Court for good cause shown. Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise seeking modification of this Protective Order.

12. *Reservation of Rights.* Nothing contained in this Protective Order shall constitute: (a) an admission that any information designated CONFIDENTIAL is, in fact, confidential, even if a Party has not objected to this designation; (b) an agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon, or required by Rules of Court or by Court Order; (c) a waiver by any person or Party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; (d) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information; (e) a waiver by any Party of its right to apply to the Court for an order designed to preserve the confidentiality of its Confidential Information at trial; or (f) an admission that any particular document is or is not admissible into evidence in this case.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES, et al.,

    Plaintiffs,

        v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 2:17-cv-00809-RB-GJF

## **CERTIFICATION**

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date: _____

Name:

_____
(Signature)

_____
(Typed or Printed)