IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES
and DOÑA ANA COUNTY,

    Plaintiffs,

v.                                                                          Civ. No. 17-809 JCH/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

**<u>ORDER GRANTING IN PART AMERICAN LINEN SUPPLY OF NEW MEXICO INC'S MOTION TO PERMIT DISCOVERY ON PLAINTIFFS' ARRANGER CLAIM</u>**

THIS MATTER comes before the Court on Defendant American Linen's Motion to Permit Discovery on Plaintiffs' Arranger Claim, *doc. 325*. Having reviewed the motion, *doc. 325*, and the attendant briefing, *docs. 327, 328*, and being fully advised in the premises, the Court will GRANT the motion IN PART.

Plaintiffs bring the instant suit pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"), seeking cost recovery and contribution to costs incurred in cleaning up a hazardous waste site in Las Cruces, New Mexico, known as the Griggs & Walnut Ground Water Plume Superfund Site ("the Site"). *See generally docs. 79, 306*.

Pursuant to CERCLA § 106(a), 42 U.S.C. § 9606(a), the U.S. Environmental Protection Agency ("EPA") pursued remedial action on the Site, due to high

concentrations of a hazardous chemical called tetrachloroethylene or perchloroethylene ("PCE"). *Doc. 235-2* at 2. The EPA concluded that Plaintiffs were responsible persons under § 9607(a)(1)–(2) (as owners/operators of facilities that released PCE) and ordered them to implement and maintain a response action to clean up the Site. *Doc. 235-7* at 5. During the administrative proceedings, the EPA considered other "potentially responsible parties," including various entities in Las Cruces that have used PCE in dry-cleaning operations. The EPA ultimately did not pursue action against these dry cleaners because it found their distance from the Site and the lack of PCE concentrations between their facilities and the Site made it unlikely that the dry cleaners contributed to the Site's contamination. *See doc. 238-3* at 2; *doc. 235-1* at 2.

Plaintiffs originally brought this suit against only the United States of America (through various sub-entities). *Doc. 1*. The Court issued a scheduling order setting discovery deadlines, including a deadline of July 9, 2018 for all parties to amend their pleadings and add parties. *Doc. 32* at 1. This deadline was ultimately extended to August 23, 2018 by agreement of the parties. *Doc. 59*. On August 23, 2018, Plaintiffs filed an amended complaint ("First Amended Complaint") to which several new defendants were added. *Doc. 79*. Therein, Plaintiffs alleged that, pursuant to 42 U.S.C. § 9607(a)(1)–(2), these new defendants, including American Linen, own and/or operate facilities where dry cleaning using PCE occurred and PCE was released into the surrounding soil, contributing to the contamination of the Site. *Id*. at ¶¶ 31–48, 57.

Plaintiffs did not raise any other theory of liability against these new defendants. *See id*. at ¶ 57.

As the parties proceeded through discovery, they sought multiple extensions of discovery deadlines. *See docs. 87, 129, 146, 156, 180*. On August 21, 2019, the case was stayed by agreement of the parties. *Doc. 189*. After several extensions, *see docs. 192, 204, 209, 214*, the stay ultimately expired on July 17, 2020. *Doc. 214 at 2*. During the stay and thereafter, Plaintiffs settled their claims against all parties except Defendant American Linen (hereinafter "Defendant"). *See docs. 216, 225, 236, 299*.

On August 26, 2020, more than two years after the pleading amendment deadline, Plaintiffs moved for leave to amend their complaint to add new allegations particular to Defendant. *Doc. 232*. Most significantly, Plaintiffs sought to assert a new theory of liability against Defendant as an "arranger" for disposal of hazardous substances including PCE. *Doc. 232-1 at ¶¶ 31–32, 51–55, 61, 71, 77; see* 42 U.S.C. § 9607(a)(3); *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 610–11 (2009). This "arranger" claim is based on Defendant's alleged arrangement with a third party to dump PCE waste near the Las Cruces Dam. *See docs. 290, 303, 306*. On January 29, 2021, over Defendant's objection, the Court granted Plaintiffs leave to amend their Complaint to add this claim. *See docs. 290, 296, 297, 298, 303*. In so doing, the Court accepted Plaintiffs' argument that, prior to the April 2020 Remedial Action Progress

Report and the subsequent expert analysis thereof, a claim based upon arranger liability was not viable.

While the dispute over the putative amended complaint was brewing, discovery deadlines passed. On October 5, 2020, the motion regarding the amended complaint was referred to the undersigned. *Doc. 249*. Four days later, the discovery period previously set by the Court closed.[1] *See doc. 214*. Several weeks later, the Court held a hearing on the amended complaint. *Doc. 278*. On November 23, 2020, the undersigned issued his proposed findings and recommendations on the motion, which the Court did not adopt until January 29, 2021. *Docs. 290; 303*.

Defendant now requests permission to conduct discovery "limited to the new arranger liability claim" to include "fact and expert witness depositions, additional expert reports, and interrogatories, requests for production and requests for admission." *Doc. 325* at 1.

> Whether to extend or reopen discovery is committed to the sound discretion of the trial court…. [but] appellate decisions have identified several relevant factors …, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

---

[1] An exception to this deadline was permitted for the deposition of Plaintiffs' expert witnesses. That extension expired February 19, 2021. *See doc. 276* at 1.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted).  As reopening discovery modifies a scheduling order and thus requires a showing of "good cause," the most important of these factors is the moving party's diligence.  *See* Fed. R. Civ. P. 16(b)(4); *Candelaria v. Molina Healthcare, Inc.*, Civ. No. 18-725 WJ/GBW, 2019 WL 4643946, at *3 (D.N.M. Sep. 24, 2019) (collecting cases).

     Having considered these factors, the Court finds that they weigh in favor of reopening discovery.  First, it is undeniable that the trial is not imminent.  In fact, a trial date has not been set.  Second, while Plaintiffs oppose the reopening, they should have anticipated the likelihood of additional discovery when they moved, over the objection of Defendant, to add an entirely new theory of liability approximately six weeks before the close of discovery.  Third, reopening discovery does not unfairly prejudice Plaintiffs.  As already noted, Plaintiffs vigorously argued that they could not have brought the "arranger" claim any earlier than they did.  The Court accepted their position, so they cannot now argue that allowing discovery on this previously unviable and unpled claim prejudices them.  Fourth, the Court does not find a lack of diligence on the part of Defendant.  Certainly, the Court has been critical of Defendant's approach to discovery in certain respects.  *See e.g., doc. 304*.  And, as Plaintiffs argue, Defendant could have pursued discovery on many facts which now bear on the arranger claim given what it knew.  Nonetheless, the opportunity to pursue the discovery on these facts did not imply a requirement to do so.  The Court cannot conclude that American

5

Linen was not diligent by taking a passive approach to discovery when the arranger claim had not yet been pled. Fifth, the Court certainly considered it foreseeable that additional discovery would be necessary when it granted Plaintiffs' motion for leave to amend two years after the deadline to do so. *See doc. 290* at 15. Nonetheless, it considered the delay adequately justified and sufficiently important to permit the amendment. But now that the amendment has been allowed, it is appropriate for the discovery deadline to yield. Finally, the Court is persuaded that, given the dearth of discovery focused on the previously unpled arranger theory of liability, an additional period of discovery will likely lead to relevant evidence.

Having determined that discovery should be reopened, the Court turns to the question of scope and time. Defendant "American Linen is not seeking discovery on Plaintiffs' owner/operator claim. Discovery on that claim is closed." *Doc. 325* at 9. The Court agrees. Discovery will only be permitted on matters related to the factual and expert[2] basis for Plaintiffs' arranger claim.[3] While the agreement in the most recent JSR as to proper scope collapsed, the Court finds it appropriate and reasonable and adopts it as follows:

---

[2] In the recent JSR, the parties agreed that because "[n]o expert depositions in this case have been taken," questions in the expert depositions need "not be limited to the new arranger claims." *Doc. 313* at 19 n.2. Such relief is beyond the scope of the relief sought in the instant motion. Nonetheless, the Court hopes that the parties can again make this reasonable stipulation without further involvement of the Court.
[3] This conclusion relates only to the relief granted pursuant to the instant motion. The Court takes no position as to pending or future requests for reopening discovery on the owner/operator claim. *See e.g.* doc. 314.

6

> Specific to Document 306, [the relevant] allegations are made in paragraphs 24, 39, 41-51, 60 and, to a limited extent, 61-62. Inquiry on paragraphs 61-62 will be limited to necessary costs of response that Plaintiffs allege have increased as a result of alleged PCE releases near the Las Cruces Dam. Subject to the Court's ruling on any motions that may be brought in the future for leave to take additional Rule 30(b)(6) depositions, *see* Doc. 304 at 34, no fact discovery will be permitted on any topic already encompassed by the Amended Complaint; discovery for that complaint closed on October 9, 2020. To the extent that any of those paragraphs cited in Doc. 306 above relate to facts already pled (i.e., regarding any PCE releases at locations other than near the Dam), no discovery shall be allowed. Plaintiffs and American Linen may take discovery on any allegation, statement, claim, defense, denial or other averment made by American Linen in its forthcoming answer to Plaintiffs' Second Amendment Complaint that differs from or supplements those made in its Answer to Plaintiffs' Amended Complaint (Doc. 111).

*Doc. 313* at 19. With respect to the number of interrogatories, requests for admission and requests for production, Defendant seeks twenty-five of each type by each party on any other party. *Doc. 325* at 10. The Court considers this request excessive. While the arranger theory of liability is distinct from the owner/operator theory of liability, it is not an independent cause of action and the material facts substantially overlap. Defendant choose to abstain from meaningful discovery prior to the filing of the amended complaint. While the Court did not consider this decision to be a lack of diligence, choices have consequences. Given the factual overlap and the fact that half the cause of action still relates to the owner/operator theory of liability, the Court will permit half the typical number of discovery requests – 13 of each type[4] by each party on

---

[4] For all requests, subparts shall be counted toward the limit. Responses will be due 30 days after service.

any other party.  The Court will also permit a maximum of seven depositions by Plaintiffs and seven depositions by Defendant, including expert witness depositions.  Each deposition will be limited to a maximum of 4 hours for fact witnesses, and 7 hours for expert witnesses, unless extended by agreement of Plaintiffs and American Linen.

The parties also spar over certain requested restrictions related to experts.  See *doc. 325* at 10, *doc. 327* at 14-16.  The first restriction is sought by Plaintiffs who argue that, if any discovery is permitted, the Court should only allow each party to "provide one specifically limited expert report each, on the arranger claim only."  *Doc. 327* at 13.  On this point, the Court agrees with Plaintiffs and adopts this restriction.  Indeed, the parties momentarily agreed to this approach.  *See doc. 313* at 19-20.

The Plaintiffs further argue that this report may only come from the expert already identified by Defendant -- James Bearzi.  *Doc. 327* at 14-15.  The Court is unpersuaded that, having concluded that Defendant should be permitted to disclose one additional expert report, the identity of the expert should be circumscribed by the Court.  Consequently, in accordance with the schedule set out below, Defendant will be permitted to use the expert of its choice for its expert report on the arranger claim.

Finally, Defendant American Linen argues that Plaintiffs should be prohibited from submitting an expert rebuttal report unless permitted by motion after showing "the contents of American Linen's expert report could not be reasonably anticipated."  *Doc. 325* at 10.  The Court is utterly unpersuaded that such a restriction would be

appropriate. The permissibility of any expert rebuttal report from Plaintiffs shall be governed by Fed. R. Civ. P. 26(a)(2)(D)(ii).

The Court now turns to the time frame in which this additional discovery should be completed. Taking guidance from the deadlines that the parties considered reasonable in their recent JSR (*see doc. 313* at 20), the Court establishes the following deadlines for the additional discovery period (which opens upon the filing of this order) and other impacted deadlines:

Plaintiffs serve expert report on arranger claim – **April 26, 2021**;

Defendant serves expert report on arranger claim – **May 26, 2021**;

Plaintiffs serve expert rebuttal report as permitted by Rule 26(a)(2)(D)(ii) – **June 25, 2021**;

Discovery closes – **July 19, 2021**;

Discovery related motions other than *Daubert* motions – **August 6, 2021**;

Dispositive and *Daubert* motions – **August 18, 2021**;

Proposed pretrial order sent by Plaintiffs to Defendant – **September 17, 2021**;

Proposed pretrial order sent by Defendant to Court – **October 18, 2021**.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE