IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES and
DOÑA ANA COUNTY,

      Plaintiffs,

v.                                                      Civ. No. 17-809 JCH/GBW

UNITED STATES OF AMERICA,
*et al.*,

      Defendants.

## ORDER GRANTING LEAVE TO DEPOSE PLAINTIFFS

THIS MATTER comes before the Court on Defendant American Linen Supply of New Mexico, Inc's Motion for Leave to Depose Plaintiffs City of Las Cruces and Doña Ana County Pursuant to Rule 30(b)(6). *Doc. 314*. Having reviewed the Motion and the attendant briefing (*docs. 322, 329*), the Court GRANTS the Motion and permits Defendant American Linen Supply of New Mexico, Inc. ("American Linen") to conduct depositions of both Plaintiffs pursuant to Rule 30(b)(6).

**I.   BACKGROUND**

A detailed recounting of the factual and procedural history preceding this Motion may be found in the Court's order issued on February 1, 2021. *Doc. 304* at 2–6. The most pertinent facts are as follows: On May 29 and 30, 2019, Plaintiffs' corporate representatives were deposed by Defendant United States pursuant to Federal Rule of

Civil Procedure 30(b)(6). *Id.* at 4. Lead counsel for American Linen consented to the depositions going forward on those dates despite his unavailability, apparently under the belief that Plaintiffs had consented to sit for second depositions taken by American Linen. *Id.* at 3–4. In August 2019, the parties discussed but evidently did not come to any firm agreement on conducting (or scope) of any second depositions of Plaintiffs. *Id.* at 4–5. On August 21, 2019, the case was stayed through July 17, 2020. *Id.* at 5. American Linen noticed depositions on Plaintiffs' corporate representatives on September 25, 2020. *Id.* On October 2, 2020, Plaintiffs moved to quash and for a protective order against these depositions. *Id.* at 6. Discovery officially closed on October 9, 2020. *Id.*

In the Court's February 1 order, the Court, *inter alia*, granted a protective order to Plaintiffs to prevent the taking of second depositions without the Court's leave. *Id.* at 65. The Court held that Rule 30(b)(6) is subject to the limitation on second depositions expressed in Rule 30(a)(2)(A)(ii). *Id.* at 13–19. Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires that a party must seek the Court's leave before taking a second deposition, unless the parties have stipulated to it. Because American Linen had not sought the Court's leave, the Court held that it could not proceed with the noticed second depositions. *Id.* at 28–34. In so holding, the Court rejected American Linen's contention that Plaintiffs had stipulated to sitting for second depositions, finding insufficient evidence that Plaintiffs ever made such a stipulation. *Id.* at 29. Although

2

the Court granted protective orders, it did so expressly without prejudice to the parties seeking the Court's leave to take second depositions. *Id.* at 34, 65.

American Linen filed the present Motion on February 16, 2021, seeking the Court's leave to take second depositions of Plaintiffs' corporate representatives. *Doc. 314*. Plaintiffs filed a response in opposition on March 2, 2021. *Doc. 322*. American Linen filed a reply on March 16, 2021. *Doc. 329*.

While the dispute over second depositions was ongoing, the Court granted Plaintiffs leave to file a Second Amended Complaint, which asserts a new theory of liability against American Linen. *Doc. 303*. On March 22, 2021, the Court reopened discovery limited to this new theory of liability. *Doc. 332*.

## II.   LEGAL STANDARDS

### A.  Rule 16(b)(4)

Under Federal Rule of Civil Procedure 16(b)(4), the Court may only modify its discovery schedule if good cause is shown. *See* Fed. R. Civ. P. 16(b)(4). Nonetheless, "total inflexibility is undesirable." *Summer v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citing *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987) and Fed R. Civ. P. 16 advisory committee's note). Courts have considered combinations of the following factors when determining whether a movant has established good cause for reopening discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the

>moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

In the Tenth Circuit and many of its sister circuits, the movant's diligence is the most paramount *Smith* factor.  *See, e.g., Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  It "requires the movant to show the 'scheduling deadlines cannot be met despite [his] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2018)).

### B.  Rule 6(b)

Rule 6(b) provides the general standard for extending time of "an act [that] may or must be done within a specified time."  Fed. R. Civ. P 6(b)(1).  It reads as follows:

>When an act may or must be done within a specified time, the court may, *for good cause*, extend the time:
>  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>  (B) on motion made after the time has expired if the party failed to act because of *excusable neglect*.

Fed. R. Civ. P. 6(b)(1) (emphasis added).  The applicable standard for extension under Rule 6(b) therefore depends on whether the request is made prior or subsequent to the

4

deadline. In either case, a showing of good cause is required. *See Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (unpublished). However, if the request is made after the deadline has already passed, the moving party must also satisfy the excusable neglect standard. *See id*. (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873 (1990)).

### III.  ANALYSIS

American Linen presents two alternative arguments for granting leave to conduct second depositions of Plaintiffs' corporate representatives. *Doc. 314*. First, American Linen asks the Court to reconsider its previous finding on whether the parties stipulated to the second depositions. *Id.* at 3–5. Second, American Linen contends that it satisfies the good-cause and excusable-neglect standards of Rules 6 and 16. *Id.* at 6–12. As the additional materials presented by American Linen do not alter the Court's conclusion on the matter, the Court will not change its previous finding regarding the absence of a stipulation. The Court does find that American Linen has established good cause and excusable neglect.

#### A. Good Cause

Plaintiffs argue that each *Smith* factor favors denying American Linen leave to conduct second 30(b)(6) depositions. *Doc. 332* at 4. Their opposition to American Linen's request is clear. Additionally, foreseeability is in their favor. The communications between the parties ought to have alerted American Linen to the fact

that Plaintiffs would have objections to the scope of the depositions if not the fact of them. *See, e.g., doc. 247-5*. Accordingly, it was foreseeable to American Linen that these depositions would engender disputes necessitating additional time and potentially the Court's intervention.

Each of the remaining factors weighs at least slightly in American Linen's favor. On the first factor, Plaintiffs contend that trial *would be* imminent if not for various challenged actions taken by American Linen. *Doc. 322* at 4–5. Suffice it to say that both sides have caused significant delays in this litigation. Moreover, the Court has permitted additional discovery on Plaintiffs' newly-added theory of liability. In the end, no trial date has been set in this case – therefore, trial is not imminent.

Regarding the prejudice to Plaintiffs, the Court takes American Linen's point that the need for more than one deposition is not more onerous than should be expected in a case that has, at one time or another, had no fewer than six unrelated defendants.[1] *See doc. 314* at 7. Moreover, the communications between the parties, while not establishing that Plaintiffs stipulated to second depositions, at least demonstrate that Plaintiffs were aware as early as May 2019 that American Linen might seek second depositions. *See doc. 256-1* at 1; *doc. 247-5* at 2; *doc. 271-1* at 2; *doc. 256-3*. The fact that American Linen sought such depositions should not have come as a surprise to Plaintiffs. Finally, the

---

[1] Plaintiffs apparently take issue with American Linen referring to "group[s] of defendants." *Doc. 322* at 6 n.15. If the defendants were "ungrouped," then there have been nine defendants in this case in total, which rather increases the justification for second depositions.

6

Court is unpersuaded that it will suffer prejudice especially given that additional depositions of parties will be required given the reopening of discovery on the matter of arranger liability. *See doc. 332.*

Turning to diligence, Plaintiffs emphasize a lack of diligence overall in American Linen's approach to discovery. It is true that the Court has had reason to doubt American Linen's diligence in discovery, so much so that it has found cause to impose sanctions. *See generally doc. 304.* However, the question for the instant motion is American Linen's diligence with respect to taking second depositions of Plaintiffs. As to this question, the Court is persuaded that American Linen genuinely believed that Plaintiffs were amenable to second depositions focused on certain topics of particular interest to American Linen. Thus, the question of diligence must be considered in light of American Linen's belief that Plaintiffs would not object to sitting for second depositions. In this light, American Linen's failure to adequately participate in the depositions taken by Defendant United States was not due to a lack of diligence. Following the first depositions, American Linen did take some steps to schedule second depositions before the case was stayed. After the stay was lifted, American Linen noticed the depositions within the discovery deadline consistent with its apparent belief that the parties had already agreed to them. American Linen was as diligent as the circumstances (as they appeared to American Linen) required.

Finally, in lieu of developing objections as to the relevance of American Linen's proposed topics for the depositions, Plaintiffs direct the Court's attention to a spreadsheet summarizing the topics proposed by American Linen in its earlier notices and cursorily indicating some ground for objecting to each. *See doc. 322* at 6; *doc. 322-1*. The Court will not construct Plaintiffs' arguments for them from the fragmentary objections contained in this "Analysis." Based upon its knowledge of the case, the Court is sufficiently persuaded that relevant evidence is likely to come out of these depositions.

### B. Excusable Neglect

Courts apply a four-factor test for excusable neglect, considering: "(1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." *Herbert*, 678 F. App'x at 701 n.2 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993)) (quotation marks omitted).

Because excusable neglect only comes into play if a deadline has passed, the length of the delay should be calculated starting from the applicable deadline. Here, the applicable deadline is the October 9, 2020 discovery deadline that applied before discovery was reopened on Plaintiffs' Second Amended Complaint. On that date, American Linen had already noticed its depositions and the matter was pending before

this Court. Because the timing of the Court's issuance of an order on this matter was not within American Linen's control, the only delay that is fairly attributed to American Linen is the time that passed between the Court's issuance of its order (*doc. 304*) and the filing of the present Motion (*doc. 314*). The Court permitted the parties fourteen days in which to file a motion to redepose a party and does not find that the additional day[2] American Linen spent drafting the present Motion will have any significant impact on these proceedings. *See doc. 304*.

Prejudice and good faith are also in American Linen's favor. As previously discussed, any prejudice to Plaintiffs from American Linen's belatedness in seeking these depositions is mitigated by the fact that they have had ample time to anticipate them. Finally, American Linen's belief that Plaintiffs had stipulated to second depositions, whether correct or not, appears to be in good faith. In sum, American Linen's failure to timely seek the Court's leave for second depositions satisfies the excusable-neglect standard.

### C. Scope Permitted by Rule 26

Finally, Plaintiffs briefly argue that the Court should deny American Linen leave pursuant to Rule 26(b)(2)(C) on the grounds that American Linen's proposed topics are

---

[2] The Court notes that its Order required "any party wishing to redepose a party move the Court for leave to do so within fourteen (14) days of this order." *Doc. 304* at 66. Defendant American Linen's motion was filed a day later than this deadline. Nonetheless, as Plaintiffs do not argue for denying the motion on that basis, the issue will be deemed waived.

unreasonably duplicative and that American Linen had ample opportunity to participate in Plaintiffs' first depositions.  *Doc. 322* at 9–10.  As noted previously, the Court will not draw arguments from the bare objections asserted in the "Analysis" attached to Plaintiffs' response, nor will it comb through the evidence cited therein to assess whether Plaintiffs' summarized versions of American Linen's topics are duplicative.  As to whether the depositions conducted by Defendant United States afforded American Linen ample opportunity to depose Plaintiffs, this assertion is doubtful considering (i) the substantially different interests of American Linen and the United States, and (ii) the apparent fact that American Linen's lead counsel was unavailable to participate in the first depositions and only consented to proceeding on the assumption that American Linen would be allowed to conduct second depositions.

IV. **CONCLUSION**

For the foregoing reasons, the Court finds good cause and excusable neglect to permit American Linen to proceed with conducting second depositions of Plaintiffs.  American Linen's Motion for Leave to Depose Plaintiffs City of Las Cruces and Doña Ana County Pursuant to Rule 30(b)(6) (*doc. 314*) is GRANTED.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

10