## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES, et al.,

      Plaintiffs,

v.                                      Civ. No. 17-809 JCH/GBW

UNITED STATES OF AMERICA, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## OVERRULING OBJECTIONS

**THIS MATTER** comes before the Court on Defendant American Linen's Objections to Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel and for Sanctions. Doc. 315.  Defendant American Linen Supply of New Mexico, Inc. ("Defendant") raises multiple objections to the Magistrate Judge's Order Granting Defendant's Motion for Protective Order and Plaintiffs' Motion for Protective Order and Granting in Part and Denying in Part Plaintiffs' Motion to Compel and for Sanctions (Doc. 304) ("Order").  The Court, having considered the Order, Defendant's objections, and the attendant briefing (Doc. 321; Doc. 330), will OVERRULE the objections.

## BACKGROUND

On September 24, 2020, Plaintiffs noticed a second deposition of Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).  Doc. 243-3.  On October 2, 2020, Defendant filed a Motion for Protective Order and to Quash Deposition Notice to prevent the second deposition due to Plaintiffs' failure to seek leave of the Court or consent of the parties.  Doc. 243.  On October 23, 2020, Plaintiffs filed a Motion to Compel Discovery and for

Sanctions, seeking to compel Defendant to supplement its discovery responses and initial disclosures and requesting sanctions for its incomplete discovery responses, failure to file timely supplementations pursuant to Federal Rule of Civil Procedure 26(e), and failure to produce an adequately prepared 30(b)(6) witness.  Doc. 263.

Central to Plaintiffs' motion and attempted second deposition is the fact that, from the filing of its initial answer on October 19, 2018 (Doc. 111) until October 5, 2020, in initial disclosures and discovery responses and at the Rule 30(b)(6) deposition, Defendant repeatedly denied that it had ever engaged in dry cleaning operations or used perchloroethylene ("PCE"), a hazardous chemical used in dry cleaning.  *See* Doc. 258-1 at 3; Doc. 264-3 at 10; Doc. 258-2 at 14–15, 122:22–123:8.  On October 5, 2020, in response to Plaintiffs' requests for admissions, after Plaintiff had deposed three former employees and produced documentary evidence to establish Defendant's historical dry cleaning operations, Defendant admitted that it engaged in dry cleaning using PCE from approximately 1972 to 1982.  Doc. 258-3 at 3; Doc. 264-5 at 8.

The Magistrate Judge's Order was filed on February 1, 2021.  The Magistrate Judge granted Defendant a protective order preventing Plaintiffs from taking a second deposition of Defendant's corporate representative and granted in part and denied in part Plaintiffs' motion to compel and for sanctions.  Order at 65.  The Magistrate Judge ordered Defendant to provide complete responses to Plaintiffs' Interrogatories Nos. 5, 8, and 9 and Requests for Production Nos. 4, 7, and 8.  *Id.*  The Magistrate Judge imposed sanctions on Defendant for producing an inadequately prepared 30(b)(6) witness and for failing to timely supplement its initial disclosures and discovery responses but not for its incomplete written discovery responses.  *Id*.

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant filed objections to the Magistrate Judge's Order on February 16, 2021.  Doc. 315.

**LEGAL STANDARD**

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties to a nondispositive order of a magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard requires affirmance of the magistrate judge's factual findings unless the district judge "is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).  Review pursuant to a "contrary to law" standard is plenary; however, "it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge," particularly in the context of discovery disputes that are better suited to an "abuse-of-discretion" standard.  12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (3d ed. 2020).

**ANALYSIS**

I.      **The Magistrate Judge's Finding that Defendant's Corporate Representative Was Inadequately Prepared for His Deposition Was Not Clearly Erroneous or Contrary to Law.**

Defendant raises several objections to the Magistrate Judge's finding that Defendant failed to produce an adequately prepared witness for its Rule 30(b)(6) deposition.  Doc. 315 at 6–10; *see* Order at 41–49.  Defendant first objects to the Magistrate Judge's finding that Defendant had a duty to contact past employees to prepare for the deposition.  Doc. 315 at 7–9.  Defendant contends that the Magistrate Judge misread applicable precedent by reading in it a duty to interview prior employees.  *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 361–62 (M.D.N.C. 1996), *Cupp v. Edward D. Jones & Co.*, 2007 WL 982336, at *1–2 (N.D. Okla. Mar.

29, 2007), and *Berwind Prop. Grp. Inc. v. Envtl. Mgmt. Grp.*, 233 F.R.D. 62, 65 (D. Mass. 2005)).

The Court has reviewed the cited cases and concludes that whether a Rule 30(b)(6) deponent must interview past employees depends on the scope of the deposition and whether the information is otherwise available to the corporation. While the *Taylor* court accepted that a "corporation may plead lack of memory," it emphasized that a corporation's memory extends far beyond an individual's and, moreover, that "discharg[ing] its 'memory,' i.e., employees" does "not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." 166 F.R.D. at 361. In *Cupp*, the court noted that "[m]ost of the inquiry Plaintiff desires relates to the mindset and thought processes of [a former employee]." 2007 WL 982336, at *2. Accordingly, rather than require the corporate representative to testify about facts known only to the former employee, the court ordered the corporation to make a good-faith effort to locate the former employee so that the plaintiff could depose him directly. *Id*. On the other hand, in *Berwind*, the topics for the 30(b)(6) deposition included communications involving a former employee, but the corporate representative made no attempt to contact the former employee and repeatedly testified that he had no knowledge on the noticed topics. 233 F.R.D. at 65. The court therefore ordered the corporation to supplement the incomplete deposition testimony. *Id*. Each of these cases supports finding that a corporate representative may be required to interview former employees to obtain information that is within the scope of the deposition but otherwise unavailable to the corporation.

The present case concerns events that happened over thirty years ago and involved individuals no longer employed by Defendant. Doc. 315 at 2. The noticed topics for the

4

30(b)(6) deposition included Defendant's historical operations.  Doc. 243-1 at 8–12.  Defendant

designated Michael Lutz, President, to speak on its behalf.  Doc. 243 at 2.  In finding that Mr.

Lutz was inadequately prepared, the Magistrate Judge emphasized that his preparation consisted

of reviewing corporate records that dated back only ten years and that he did not interview *any*

employees, present or former, including those who had previously testified to their knowledge of

Defendant's dry cleaning operations.  Order at 42–43.  Furthermore, the Magistrate Judge

identified several instances where Mr. Lutz testified based on his own personal knowledge—

rather than the corporation's knowledge—and could not answer questions about matters that

predated his tenure with the corporation.  *Id.* at 43–44.  Based on these findings, the Magistrate

Judge concluded that Mr. Lutz did not adequately prepare to testify on behalf of the corporation.

*Id.* at 42–44.  Under the particular circumstances of this case, it was neither clearly erroneous nor

contrary to law to find that Mr. Lutz should have attempted to locate and interview former

employees in preparation for his 30(b)(6) deposition.

Defendant next objects that the Order "offer[s] no limiting principle" concerning

Defendant's duty to prepare for a 30(b)(6) deposition.  Doc. 315 at 9.  The "limiting principle"

that Defendant seeks is built into the Federal Rules of Civil Procedure.  First, Rule 26 provides

that discovery must be

> relevant to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Second, the scope of a corporate representative's duty is limited by the

requirement that the deposing party "describe with reasonable particularity the matters for

examination" in the notice of deposition.  Fed. R. Civ. P. 30(b)(6).  By reviewing the topics for

deposition in advance, a corporation may raise objections to any topic that falls outside the scope

of Rule 26 and ensure that the designee is prepared to speak on discoverable matters.  Defendant did not object to Plaintiffs' proposed topics, thus the Court presumes that the scope of the deposition was reasonably tailored to the needs of the case.

Defendant also argues that the Order creates a "moving target" and "an unknown standard."  Doc. 315 at 9.  There is no moving target here, because the contested deposition is concluded and will not be retaken.[1]  Nor is there any reason to believe that the Order imposes a new (let alone unknown) standard applicable to other cases.  The district court enjoys significant discretion in tailoring discovery to the needs of the case.  *See Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998); Fed. R. Civ. P. 26(b)(1).  The Order does not alter this basic, flexible principle.

In its third objection, Defendant summarizes the steps Mr. Lutz took to prepare for the deposition and asserts that Mr. Lutz uncovered all the information that was "reasonably available" to Defendant.  Doc. 315 at 9–10.  This objection attacks the Magistrate Judge's factual findings.  As discussed, the Magistrate Judge found that Mr. Lutz reviewed corporate records dating back ten years, did not interview any former or current employees, and could not answer questions about matters beyond his own personal knowledge.  Defendant does not dispute these facts.  The Magistrate Judge concluded from these facts that Mr. Lutz was not prepared.  This conclusion is not clearly erroneous.

Finally, Defendant argues that even if Mr. Lutz failed to adequately prepare for the deposition, a remedy other than sanctions would be more appropriate.  Doc. 315 at 10.  Defendant points out that the *Taylor* court prevented the deposed corporation from "argu[ing] for

---

[1] Although Plaintiffs initially attempted to re-depose Mr. Lutz, they did not seek the Court's leave before the applicable deadline.  *See* Order at 66.  Accordingly, it is unnecessary to consider what effect the Order *might* have had if a second deposition were permitted to proceed.

a contrary position at trial [than it maintained at the deposition] without introducing evidence explaining the reasons for the change." *Id.* (quoting *Taylor*, 166 F.R.D. at 362).  Applying *Taylor* in rather backwards fashion, Defendant states that it "accepts that it can no longer argue that dry cleaning was not conducted on its property." *Id*.  Defendant came to this conclusion only after Plaintiffs located three former employees and several pieces of documentary evidence to establish Defendant's dry cleaning and use of PCE.  Defendant's decision to reverse course in the face of such evidence is no remedy for presenting an unprepared Rule 30(b)(6) witness.

## II.   The Magistrate Judge's Finding that Certain Written Discovery Responses Were Incomplete Was Not Clearly Erroneous or Contrary to Law.

Defendant also objects to the Magistrate Judge's finding that certain of Defendant's written discovery responses were incomplete.  Doc. 315 at 10–14.  Regarding Plaintiffs' Requests for Production Nos. 4, 7, and 8, the Magistrate Judge found Defendant's responses inadequate because Defendant did not attempt to obtain documentation beyond those within its own possession.  Order at 34–35.  Regarding Plaintiffs' Interrogatories Nos. 5, 8, and 9, the Magistrate Judge found that Defendant's responses were incomplete because they did not reflect all information available to it and did not address the full temporal scope of the questions.  Order at 35–40.

Defendant's objections here largely replicate its objections on the subject of the 30(b)(6) deposition, contending that the Magistrate Judge has imposed an "impossible standard" on Defendant's obligations in discovery.  The Court finds these objections equally meritless.  To reiterate, a party's obligation in discovery will vary according to the needs of the case. *Crawford-El*, 523 U.S. at 598–99; Fed. R. Civ. P. 26(b)(1).  This case concerns events that occurred several decades ago but the corporate records in Defendant's possession date back only ten years.  Accordingly, as a general matter, the particular circumstances of this case necessitate

a more extensive "investigatory burden," as Defendant puts it, than might apply to a case dealing with more recent facts.  More specifically, in light of Defendant's ten-year retention of corporate records, it is clear that this burden extends beyond documents in Defendant's possession.

Defendant objects to being required to contact former employees to obtain responsive information.  Doc. 315 at 11–12.  In reaching the conclusion that Defendant was required to contact former employees, the Magistrate Judge emphasized that Defendant had been in contact with one former employee (aside from those deposed by Plaintiffs) but did not attempt to obtain responsive information from him, even though he worked for Defendant during the time that other former employees reported that dry cleaning was conducted using PCE.  Order at 38. Accordingly, in light of Defendant's lack of information regarding its own now-undisputed dry cleaning operations, the Magistrate Judge concluded that Defendant was required to interview former employees.  The requirement imposed by the Order is limited to those former employees who are "capable of being interviewed with reasonable effort." *Id.* at 67 n.10.  It is further limited to those who have relevant information. *See* Fed. R. Civ. P. 26(b).  Relevancy might very well limit the scope of this requirement even further to employees who worked for Defendant during the period of time in which it conducted dry cleaning using PCE—which Defendant contends was a single ten-year period.  Under the particular circumstances of this case, requiring Defendant to attempt to contact and interview former employees who may have relevant information is not the impossible standard Defendant paints it to be.

Defendant also objects to the Order's holding that documents are in a party's "control" if the party has the "practical ability" to obtain them.  Doc. 315 at 11 (citing Order at 20).  The Order quotes this language from a case out of the Southern District of New York, which explained that, for purposes of Rule 34, documents are in a party's control "when that party has

the right, authority, or practical ability to obtain" them. *See In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007). The Order goes on to explain that the "practical ability to obtain" a document includes the ability to "pick up a telephone and secure the document." Order at 21 (quoting *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 382 (D.N.M. 2018)). Defendant cites not a single case disapproving of the "practical ability" standard. Setting aside Defendant's utter failure to establish that the Order's reliance on this standard is contrary to law, the Court will clarify for Defendant (even though the Order gave it no reason to doubt) that it may assume that "practical ability" does not include "subpoena power or other coercive conduct" (*see* Doc. 315 at 11).

Defendant makes various arguments to insist that it has no control over any documents held by third parties. Doc. 315 at 12–13. This assertion, if true, may guide the content of Defendant's supplemental responses to the subject discovery requests, but it says nothing about whether the Magistrate Judge was wrong as a matter of law or fact to compel supplemental responses. In fact, the Magistrate Judge acknowledged the possibility that "[a]ny document that did contain [relevant] information may no longer exist or be within Defendant's control." Order at 68. As the Magistrate Judge explained, if this turns out to be the case, Defendant may so state, after detailing the steps it has taken to obtain the requested documentation. *Id.* at 68–69. As discussed, these efforts would appear to include attempting to "pick up a telephone and secure the document." *Landry*, 323 F.R.D. at 382, 397. For all of Defendant's argumentation, it never indicates whether it has taken even this simple step.

Finally, Defendant objects to supplementing its response to Request for Production No. 8 because Plaintiffs attempted to obtain the same documents from a third party and were informed that none were available. Doc. 315 at 13 (citing Def.'s Ex. B (Doc. 315-2) and Def.'s Ex. C

(Doc. 315-3)).  It does not appear that this evidence was provided to the Magistrate Judge in the first instance.  The Magistrate Judge cannot consider evidence that he does not receive.  The Court therefore declines to consider this evidence and finds that it was not erroneous for the Magistrate Judge to find that Defendant's bare assertion that it "has" no responsive documentation was incomplete.

### III.   The Magistrate Judge's Finding that Defendant Failed to Timely Supplement Its Initial Disclosures and Discovery Responses Was Not Clearly Erroneous or Contrary to Law.

Defendant's next objection concerns the Magistrate Judge's finding that Defendant improperly failed to supplement its initial disclosures and discovery responses to correct its denials that it engaged in dry cleaning using PCE.  Doc. 315 at 14–17.  The Magistrate Judge found that Defendant's duty to supplement was triggered by the deposition of former employee Larry Hartman on March 29, 2019.  Order at 55.  The Magistrate Judge noted that Mr. Hartman's testimony corroborated that of another former employee, Victor Jasso, in reporting that Defendant had conducted dry cleaning using PCE.  *Id.* at 56.  The Magistrate Judge, on reviewing this evidence, found that a reasonable litigant would have realized that its earlier denials were incorrect or, at a minimum, in need of reinvestigation by March 29, 2019.  *Id.* at 56–57.  Because Defendant did not provide supplementation to correct its former denials until October 5, 2020 (when it admitted to dry cleaning operations using PCE), the Magistrate Judge found that Defendant did not timely supplement its initial disclosures and discovery responses pursuant to Federal Rule of Civil Procedure 26(e).  *Id.* at 58–59.

Defendant objects to the Magistrate Judge's reliance on the testimony of Mr. Hartman, stating that a litigant is not required to adopt the position of a non-party witness.  Doc. 315 at 14.  The Court does not read the Order as holding that Defendant was required to *adopt* Mr. Hartman's or Mr. Jasso's testimony.  Rather, the Order holds that the testimonies of these former

employees, which were consistent with each other and provided specific details regarding

Defendant's dry cleaning operations and use of PCE, should have alerted Defendant to the now-

undisputed fact that its denials of dry cleaning and PCE use were incorrect.  In arriving at this

holding, the Magistrate Judge reasoned that Defendant could have properly discredited portions

of Mr. Jasso's testimony (e.g., the accusations that Defendant dumped hazardous waste on bare

soil) while still crediting other portions (e.g., the bare fact of Defendant's use of PCE).  Order at

57.  The Magistrate Judge also noted that Defendant *did* credit Mr. Hartman's testimony.  Order

at 61; *see* Doc. 269 at 3 n.1, 8.  In its Objections, Defendant asserts that only the deposition of a

third former employee, Raymundo Castillo, taken on August 21, 2020, alerted it to the fact that

its denials were incorrect.  Doc. 315 at 16–17.  From this argument, the Court infers that

Defendant accepts the general notion that testimony evidence may trigger a duty to supplement.

Thus, Defendant's objection comes down to a disagreement as to *which* testimony evidence

should be credited.  Nothing in this disagreement rises to the level required by Rule 72(a) to

overrule the Magistrate Judge's Order.

Furthermore, rather than expect Defendant to adopt Mr. Hartman's testimony wholesale,

the Magistrate Judge repeatedly emphasized Defendant's failure to reinvestigate.  *See* Order at

58 (noting that "Defendant made no effort to reassess the content of its initial disclosures and

discovery responses" for seventeen months); *id.* at 58, 59 (multiple references to Defendant's

"passivity"); *id.* at 62 (finding that Defendant "elected to ignore, rather than investigate" the

evidence of dry cleaning uncovered by Plaintiffs).  Defendant objects that "passivity is not the

standard for sanctions."  Doc. 315 at 16.  But passivity in the face of contradictory evidence from

multiple sources is relevant to the question of bad faith or willfulness, which is one of the factors

for imposing sanctions for a failure to supplement.  *See Woodworker's Supply, Inc. v. Principal*

*Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  Based on the fact that Defendant took *no* steps to investigate the basis of two former employees' testimonies for well over a year (despite apparently finding at least one of them credible), the Magistrate Judge concluded that Defendant's failure to supplement in a timely manner was a product of willful ignorance.  *Id.* at 61.  This conclusion is neither clearly erroneous nor contrary to law.

### IV.    The Magistrate Judge's Imposition of Sanctions Was Not Clearly Erroneous or Contrary to Law.

Defendant objects to the imposition of monetary sanctions for the failure to produce a prepared 30(b)(6) witness and the failure to provide timely supplementation under Rule 26(e). Doc. 315 at 17–22.  Regarding the Rule 30(b)(6) deposition, Defendant reiterates its previously discussed objections and adds that it "disputes" the Magistrate Judge's findings that Mr. Lutz's unpreparedness disrupted the proceedings and reflected a lack of good faith.  *Id.* at 18. Subsequently, Defendant concedes that "the sanction related to the Rule 30(b)(6) deposition preparedness—should the Court find that Mr. Lutz was indeed unprepared—is consistent with the law and is not erroneous."  *Id.* at 22 n.4.  It is not within this Court's purview to make any finding regarding Mr. Lutz's preparedness beyond whether or not the Magistrate Judge's finding was clearly erroneous.  In light of the discussion *supra* Section I, the Magistrate Judge's finding was not clearly erroneous.

Turning to the sanctions for delayed supplementation, Defendant first objects to the Magistrate Judge's imposition of sanctions in the form of reimbursement of Plaintiffs' costs incurred in researching Defendant's historical dry cleaning operations and use of PCE.  Doc. 315 at 18–20; *see* Order at 59–63.  Defendant argues that, if the testimonies of Mr. Hartman and Mr. Jasso "definitively prove[d]" Defendant's use of PCE, then Plaintiffs had no need for further investigation and thus their research costs were not "caused by the failure" to supplement.  Doc.

315 at 19; *see* Fed. R. Civ. P. 37(c)(1)(A).  Defendant overstates the Magistrate Judge's holding.

As discussed *supra* Section III, the Magistrate Judge noted that Defendant might have credited

certain portions of the former employees' testimonies without adopting them wholesale.

Additionally, the Magistrate Judge repeatedly emphasized Defendant's failure to, at a minimum,

reinvestigate its denials in response to Mr. Hartman's testimony.  Had Defendant undertaken

such a reinvestigation, it might have uncovered the evidence that Plaintiffs found and resolved

the question of its PCE use once and for all.  As long as Defendant maintained its denials, its use

of PCE remained a fact at issue that Plaintiff was obligated to prove as an essential element of its

case.  *See, e.g., Chevron Mining Inc. v. United States*, 863 F.3d 1261, 1273 (10th Cir. 2017)

(liability under CERCLA attaches to "any person who at the time of disposal of any hazardous

substance owned . . . any facility at which such hazardous substances were disposed of")

(quoting 42 U.S.C. § 9607(a)).

　　　Defendant places much emphasis on the Magistrate Judge's statements that the

testimonies of Mr. Hartman and Mr. Jasso should have alerted Defendant to the fact that its

denials of PCE use "were incorrect."  Doc. 315 at 19 (citing Order at 55–56).  To be clear, by

Defendant's own admissions, its prior denials *were* incorrect.  The Court finds nothing erroneous

in the Magistrate Judge's characterization of them as such.

　　　In its second objection, Defendant argues that the Order is inconsistent in finding that

Plaintiffs' costs incurred in researching Defendant's dry cleaning operations and use of PCE

were chargeable for the failure to file timely supplementations but not for the failure to present a

prepared 30(b)(6) witness.  Doc. 315 at 20–21.  Unlike Defendant, the Court finds good reason to

distinguish between the two discovery violations.  Strictly speaking, the failure to present a

prepared witness did not *cause* Plaintiffs to incur research costs.  Plaintiffs' research costs were

driven by its need to prove an essential element of its case—that Defendant had and disposed of hazardous substances at its facilities.  Mr. Lutz's inadequate preparation did not consist in his failure to admit Defendant's use of PCE but in his failure to educate himself on the matters on which he was required to testify.  Considering the consistency of Defendant's denials of PCE use, it seems clear that Plaintiffs would have incurred research costs even if Mr. Lutz had been better prepared for his deposition.  On the other hand, the failure to timely supplement was an ongoing violation that drove up Plaintiffs' research costs as it continued.  To understand the distinction, one might imagine that Defendant had supplemented its initial disclosures and discovery responses in a timely manner following Mr. Hartman's testimony.  Supplementation at that time would have reduced or even eliminated Plaintiffs' research costs and, as an added benefit, would have mitigated the prejudice from Defendant's failure to present an adequately prepared 30(b)(6) witness.  Because timely supplementation would have cured the prejudice arising from Defendant's failure to investigate its own historical operations (including the failure evidenced at Mr. Lutz's deposition), it is reasonable to charge Plaintiffs' research costs to the failure to timely supplement.

Defendant's third objection as to sanctions is that its delayed supplementation was "substantially justified" due to its "good faith belief . . . that dry cleaning had not occurred on its property."  Doc. 315 at 22.  The Magistrate Judge expressly found that Defendant's failure to timely supplement was willful and in bad faith.  Order at 61–62.  As discussed *supra* Section III, the Magistrate Judge's finding that Defendant's delayed supplementation was a product of willful ignorance was not clearly erroneous.

### V.    The Magistrate Judge's Finding of Bad Faith Was Not Clearly Erroneous.

Finally, Defendant asserts that even if its conduct did violate the Federal Rules of Civil Procedure, it attempted in good faith to comply with its discovery obligations.  Doc. 315 at 22–

25.  To the extent that this argument presents a reviewable objection, it invites the Court to override the Magistrate Judge's factual finding that Defendant's conduct was in bad faith.  In light of the foregoing discussion, this finding was not clearly erroneous.

IT IS HEREBY ORDERED that Defendant's Objections (Doc. 315) to the Magistrate Judge's Order Granting Defendant's Motion for Protective Order and Plaintiffs' Motion for Protective Order and Granting in Part and Denying in Part Plaintiffs' Motion to Compel and for Sanctions (Doc. 304) are OVERRULED.

SENIOR UNITED STATES DISTRICT JUDGE