IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES, *et al.*,

    Plaintiffs,

v.                                                      Civ. No. 17-809 JCH/GBW

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

**ORDER GRANTING IN PART DEFENDANT AMERICAN LINEN SUPPLY OF NEW MEXICO, INC.'S MOTION FOR EXTENSION OF TIME TO CONDUCT RULE 30(b)(6) DEPOSITIONS OF HYRDROGEOLOGISTS AND DENYING AS MOOT AMERICAN LINEN SUPPLY OF NEW MEXICO, INC.'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' RESPONSE BRIEF**

THIS MATTER comes before the Court on American Linen Supply of New Mexico, Inc.'s ("American Linen") Motion for Extension of Time to Conduct Rule 30(b)(6) Depositions of Hydrogeologists (*doc. 439)* and Motion to Strike Portions of Plaintiffs' Response Brief, Doc. 444 (*doc. 446*).  Having reviewed the Motions and being fully advised in the premises, the Court GRANTS the Motion for Extension IN PART, DENIES the Motion to Strike AS MOOT, and EXTENDS the deadline for American Linen to depose John Shomaker & Associates, Inc. ("JSAI") and Daniel B. Stephens & Associates, Inc. ("DBSA") to a date in January 2022 or February 2022 to be determined later.

I.  **BACKGROUND**

The case's lengthy and contentious pretrial history is detailed elsewhere. *See doc. 435* at 3-7; *doc. 290* at 1-4. To recap matters relevant to the extension before the Court, in February 2021—after the initial close of fact discovery, *see doc. 214*—Plaintiffs received the Court's leave to file, and filed, a Second Amended Complaint, which raises a claim of arranger liability pursuant to 42 U.S.C. § 9607(a)(3) against American Linen for the first time. *See docs. 303, 306*. Approximately two months later, the Court reopened discovery, *doc. 332*, but only as to "matters whose relevance is new (or dramatically increased) as a result of Plaintiffs' newly pled arranger claim" and "matters relevant to the arranger claim, even if previously relevant to the pre-existing claims, depending upon their importance to the arranger claim and whether American Linen fairly should have conducted discovery on such matters given the pleadings prior to the amendment adding the arranger claim," *doc. 435* at 8; *see also doc. 332* at 6-7 (quoting *doc. 313* at 19).

During reopened discovery, American Linen sought to depose JSAI and DBSA under Federal Rule of Civil Procedure 30(b)(6) about groundwater modeling, their contractual obligations with respect to the Superfund Site whose clean-up is the object of this litigation, the identification of contaminant source areas, groundwater flow and transport, and the substance and content of various documents about the Site that these hydrologists drafted. *See doc. 389-1* at 9-21; *doc. 389-2* at 9-19. The parties' failure to resolve disputes about these depositions on their own necessitated the Court's

intervention. *See doc. 435* at 90-111. After holding a hearing on these and other discovery disputes, *see doc. 430*, the Court issued protective orders for the depositions (as then-noticed) for being untimely noticed, unduly burdensome, lacking topics defined with reasonable particularity, exceeding the scope of re-opened discovery, and seeking expert opinion from a lay witness, *see doc. 435* at 97-111.[1]

The Court also found good cause to reopen discovery on the arranger claim for the sole purpose of affording American Linen a "one final opportunity to depose JSAI and DBSA" on specific questions before December 17, 2021. *Id.* at 127, 142. It selected this deadline, in part, to accommodate the schedule of Jeffrey Wechsler, American Linen's lead counsel, whom American Linen wished to take these depositions. *See id.* at 142 n.13. The Court also clarified the propriety of several questions American Linen had proposed for these depositions, *see id.* at 129-140, hoping to forestall further disputes about them.

Like Sisyphus' boulder, however, the depositions are back before the Court. Mr. Wechsler's availability has changed since American Linen represented that he was available to take these depositions starting in the middle of December 2021. *See doc. 382* at 1; *doc. 430* at 16; Oral Argument on Motions to Compel, for Protective Order, and to Modify Case Management Deadlines at 2:24:56-2:25:05. Nicole Sweetland, DBSA's Rule

---

[1] The discovery order containing the protective orders also resolved other matters disputed by the parties during reopened discovery. *See generally doc. 435*. American Linen has objected to some of the Court's rulings on these matters. *See doc. 440*. The objections are not yet fully briefed.

3

30(b)(6) designee, is not available for a deposition until after January 24, 2022, due to pre-existing obligations, *see doc. 444-2* at ¶¶ 6-10, 13, the exact timing of which was not previously disclosed to the Court, *see generally doc. 408-4*. Steven Finch, JSAI's Rule 30(b)(6) designee, is available for a deposition between December 6-16, 2021, but not available in January 2022. *See doc. 444-3* at ¶¶ 7-9. Given these individuals' schedules, it is clear that the December 17, 2021, deadline that the Court set for these depositions is unattainable. Unfortunately, and disappointingly, Plaintiffs insist that the deadline not be changed, and that American Linen forego at least the deposition of JSAI if it is not taken before the deadline.

So, on November 23, 2021, American Linen had to move the Court to extend the deadline for these depositions through January 21, 2022. *Doc. 439*. The Court expedited briefing on the Motion to resolve this simple matter before the existing deposition deadline. *See doc. 443*. Plaintiffs filed their response in opposition on November 30, 2021. *See doc. 444*. Briefing was complete on December 2, 2021, with the filing of American Linen's reply. *See doc. 445, 447*. On that date, American Linen also moved the Court to strike portions of Plaintiffs' response for making various affirmative requests. *Doc. 446*.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4),[2] the Court may only extend the discovery deadline for good cause shown. *See* Fed. R. Civ. P. 16(b)(4). Courts consider combinations of the following factors when determining whether a movant has shown good cause:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (gathering cases).

In the Tenth Circuit and many of its sister circuits, the fourth factor – the movant's diligence – is the most paramount. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, good cause does not exist unless "the

---

[2] American Linen brings its Motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). *See doc. 439* at 5-6. The Motion, though, implicates Federal Rule of Civil Procedure 16(b)(4) as it seeks the extension of a scheduling order deadline. *See* Fed. R. Civ. P. 16(b)(4). Whether Rule 6(b)(1)(A) also applies to the Motion is an open question. *See Candelaria v. Molina Healthcare, Inc.*, Civ. No. 18-725 WJ/GBW, 2019 WL 4643946, at *4-5 (D.N.M. Sep. 24, 2019). The Court, though, need not answer this question since both rules require "good cause" for an extension and the standard under Rule 16(b)(4) "is *at least* as stringent [as the] standard under Rule 6(b)(1)(A)." *See id.* at *4. Therefore, the Court's finding of good cause under Rule 16(b)(4) is an implicit finding of good cause under Rule 6(b)(1)(A) should the latter apply to the Motion.

movant [shows] the 'scheduling deadlines cannot be met despite [his] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (quoting *Pumpco, Inc. v. Schenker Intern*, 204 F.R.D. 667, 668 (D. Colo. 2018)).  Consistent with this requirement, the Tenth Circuit has found good cause where the movant (i) has acted diligently; and (ii) modification does not prejudice his opponent, *see Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254–56 (10th Cir. 2011), or opponent's acts and omissions contributed to the need for modification, *see Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 605–06 (10th Cir. 1997).  Conversely, the Tenth Circuit has found that good cause does not exist where the movant does not adequately explain every delay that led to the need for modification.  *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

**III.   ANALYSIS**

The *Smith* factors favor extending reopened discovery until a time at which Mr. Wechsler, Ms. Sweetland, and Mr. Finch are mutually available for JSAI's and DBSA's depositions.  The first *Smith* factor supports extension.  Little more than a month ago, the Court found that "[t]rial is nowhere close to imminent.  No date has been set and the case is stayed as to dispositive motions, *Daubert* motions, and the pretrial order until the Court rules on… American Linen's Motion to Dismiss Plaintiffs' Second Amended Complaint (*doc. 317*)." Doc. *435* at 124 (citing *doc. 397* at 2).  That finding remains true today.  The second *Smith* factor disfavors an extension due to Plaintiffs' opposition to

any further prolongment of discovery. *See generally doc. 446*. The sixth *Smith* factor supports an extension. Approximately one month ago, the Court found that the hydrogeologists' depositions would likely lead to relevant evidence due to their roles in preparing various reports, models, and diagrams that the parties' experts reference in their reports. *See doc. 435* at 127. Nothing from the past month casts this finding into doubt. The third, fourth, and fifth *Smith* factors require more substantial analysis.

### A. THIRD *SMITH* FACTOR: PREJUDICE

On prejudice, the third *Smith* factor cuts against further extension but not with any significant weight. Plaintiffs claim that further extension prejudices them by delaying the close of discovery and start of trial and "prejudice[s] the non-parties who would otherwise be conducting their regular business." *Doc. 444* at 13. The prejudice in the first claim arises in every request to extend the discovery deadline; each postponement may delay trial. Such prejudice, by itself, is not undue, particularly here where discovery remains open only for two short fact depositions and the trial setting is stayed pending the resolution of matters unrelated to discovery (raising the possibility that the passage of the extended deadline may predate the lifting of the stay). The prejudice in the second claim arises from the preparatory burdens imposed by the depositions themselves, not from extending the time for American Linen to take them. In fact, given that Ms. Sweetland is not available for DBSA's deposition until after

January 24, 2022, extending the deposition deadline benefits, rather than prejudices, at least one deponent.

### B. FOURTH *SMITH* FACTOR: DILIGENCE

Regarding diligence, the fourth *Smith* factor also favors extension. American Linen cannot depose DBSA by the December 17, 2021, deadline, no matter how much diligence it exercises; Ms. Sweetland, DBSA's designee, is not available until after January 24, 2022. As for JSAI, American Linen can only depose JSAI by December 17, 2021, if counsel other than Mr. Weschler takes the deposition, despite his or her unfamiliarity with groundwater modeling. *See doc. 439-1* at 1. Diligently pursuing a deposition does not necessitate compromising the representation provided to a client at that deposition. American Linen informed Plaintiffs one week after the Court set the December 17, 2021, deadline that unforeseen changes to Mr. Weschler's calendar prevented him from taking the depositions by the deadline and made a reasonable request to extend the deadline until the second or third week of January 2022, Mr. Weschler's next period of availability. Then, they met and conferred with Plaintiffs about that request, and moved the Court for an extension of the deposition deadline by the deadline that the Court had set for motions related to DBSA's and JSAI's depositions. Such actions demonstrate the diligence required for a short extension of a discovery deadline to accommodate Mr. Weschler's unforeseen scheduling conflicts.

Plaintiffs insist that Mr. Weschler's schedule should not affect the timing of any deposition for two reasons: (i) American Linen did not diligently apprise the Court of changes to Mr. Weschler's schedule; and (ii) Mr. Weschler's schedule should not dictate the pace of this litigation.  *See doc. 444* at 7, 13.  Neither argument is convincing.

On the issue of appraisal, the record does not support a finding of lack of diligence.  Mr. Wechsler cites two scheduling conflicts that render him unavailable to take JSAI's and DBSA's depositions until the second week in January 2022: mediation in *Texas v. New Mexico & Colorado*, (No. 141 Original) the first two weeks of December 2021; and expert depositions in *In re Gold King Mine Release in San Juan County Multidistrict Litigation*, Case No. 1:18-md-02842-WJ, the remainder of December 2021 and the first week of January 2022.  *See doc. 439* at 3-4.[3]  As to the first conflict, Mr. Weschler notified the Court and the parties in August 2021 that a trial in *Texas v. New Mexico & Colorado* made him unavailable from September 1, 2021, to December 15, 2021, and requested that no depositions requiring his attendance be set during this period.  *See doc. 382.*  American Linen reiterated Mr. Weschler's unavailability until the middle of December 2021 at the hearing.  *See doc. 430* at 16; Oral Argument on Motions to Compel, for Protective Order, and to Modify Case Management Deadlines at 2:24:56-2:25:05.  The first phase of trial in *Texas v. New Mexico & Colorado* ended on November

---

[3] American Linen is advised that any future statements in briefing about their counsel's unavailability should be supported by exhibits.

10, 2021, and the second phase does not commence until March 2022. *See* Courtroom Minutes: Trial Proceedings 11-10-21, *Texas v. New Mexico & Colorado*, (No. 141 Original), Doc. 675; Special Master Order, *Texas v. New Mexico & Colorado*, (No. 141 Original), Doc. 592. But on November 2, 2021, the case's Special Master ordered the parties to mediate before the Honorable Arthur Boylan. *See* Special Master Order, *Texas v. New Mexico & Colorado*, (No. 141 Original), Doc. 657. Two weeks later (and just one week after learning of the Court's deadline), American Linen informed Plaintiffs that this mediation prevented Mr. Weschler from taking JSAI's and DBSA's depositions during the first two weeks of December. *See doc. 439-1* at 9. As for the depositions in *In re Gold King Mine Release*, there is no indication that American Linen waited months, or even weeks, before informing the Court and the parties that depositions in this case rendered Mr. Weschler unavailable during the remainder of December 2021 and the first week of January 2022.

On the issue of accommodating Mr. Weschler's schedule, this case is not one where his calendar has dictated the pace of litigation. *Cf. Procaps S.A. v. Patheon, Inc.*, No. 12-24356-CIV, 2014 WL 352226, at *1-2 (S.D. Fla. Jan. 30, 2014) (refusing to accommodate the schedule of a party's lead counsel when scheduling depositions as other parties had been at the mercy of that counsel's schedule throughout the case). Mr. Weschler's unavailability since September 1, 2021, *see doc. 382*, has not stopped or slowed the pace of litigation. Rather, based on the record before the Court, this

extension is the first time in the case that a deadline or a deposition is being shifted to accommodate his schedule.[4] The shift itself is modest: a one-to-two-month extension in the deadline for JSAI's and DBSA's depositions (a deadline that one deponent cannot meet itself) so that American Linen's only attorney with knowledge of, and experience taking depositions about, the groundwater modeling software used by these hydrogeologists may take their depositions. Given the significance of his expertise to these tightly-limited depositions, accommodating his schedule is particularly appropriate.

C.  FIFTH *SMITH* FACTOR

The fifth *Smith* factor supports an extension. Subsequent extension of the Court's December 17, 2021, deadline for JSAI's and DBSA's depositions to accommodate Mr. Weschler's schedule was foreseeable when the Court set this deadline little more than a one month ago. The depositions themselves are foreseeable. The Court just extended the deadline for reopened discovery. *See doc. 435* at 142. Accommodation of Mr. Weschler's schedule was foreseeable. The Court accounted for the only information it

---

[4] Absent unforeseen or extenuating circumstances, the Court is unlikely to consider favorably additional requests to extend the deadlines for JSAI's and DBSA's based solely on Mr. Weschler's calendar. The Court understands that Mr. Weschler is lead counsel on several cases and that, at times, proceedings in this case must accommodate Mr. Weschler's commitments to these other cases. Accommodation, though, is a two-way street. At some point, proceedings in other cases must also accommodate Mr. Weschler's commitments to this case.

had about Mr. Weschler's unavailability—his unavailability until mid-December 2021—when setting the initial deadline for these depositions.

### D. ARGUMENTS AGAINST EXTENSION OUTSIDE OF *SMITH* FACTORS

Plaintiffs' arguments outside of the *Smith* factor context against an extension are unconvincing. First, Plaintiffs contend that the Court should deny American Linen's Motion since the order reopening discovery as to these depositions set a deadline for a motion to compel, and American Linen filed a motion to extend instead. *See doc. 444* at 5-6. A motion to extend is the proper vehicle for the relief that American Linen seeks: an extension of the deadline for JSAI's and DBSA's depositions to accommodate recent, unforeseen developments in Mr. Weschler's schedule. Nor does such a motion violate the Court's discovery order. The Court set a deadline for a motion to compel so any additional substantive discovery issues could be addressed within the extended reopened discovery period. It saw no need to set an analogous deadline for a motion to extend since its deposition deadline accommodated the information it had about Mr. Weschler's availability and it (naively) believed that the parties' working relationship had not reached such a nadir that some parties would not only deny another party a routine professional courtesy, but also do so where a deponent's availability rendered the discovery deadline impractical for one deposition.

Finally, Plaintiffs argue that, in lieu of extending the deposition deadline, the Court should allow American Linen to take DBSA's deposition, but not JSAI's

deposition, out of time since Ms. Sweetland notified the parties and the Court of her scheduling demands back in September 2021. *See doc. 444* at 6. Plaintiffs overstate the information that Ms. Sweetland previously provided about her availability. Her affidavit dated September 3, 2021, listed her engagements over "the next few months," including preparing two expert reports and attending meetings of the board of directors. *See doc. 408-4* at ¶ 26. It did not disclose these reports' specific deadlines in December 2021, the date of the December 16, 2021, board meeting, or Ms. Sweetland's vacation for the holidays, which combine to prevent her from appearing for a deposition as DBSA's designee before the end of January 2022. *Compare id. with doc. 444-2* at ¶¶ 7-9, 13. Had the Court possessed this information when setting the December 17, 2021, deadline, it would have set a deadline that accommodated her schedule.

  E. OTHER ISSUES NOT PROPERLY BEFORE THE COURT

In their response brief, Plaintiffs request the Court's intervention on several matters outside the scope of American Linen's Motion for Extension: (i) the deadline for Plaintiffs' continued Rule 30(b)(6) depositions; (ii) the deadline for the stipulated deposition of Zia Engineering & Environmental Consultants ("Zia"); and (iii) the side responsible for paying Zia's fees. *See doc. 444* at 15-18. Ruling on any of these matters is procedurally improper as they are raised in a response brief rather than a separate

motion.[5] *See Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas*, Civ. No. 12-1110 MV/KK, 2015 WL 12720321, at *1 n.1 (D.N.M. Apr. 17, 2015); *Huerta v. Bioscrip Pharmacy Servs., Inc.*, CIVIL NO. 09-485 RHS/LFG, 2010 WL 11523887, at *1 n.1 (D.N.M. June 17, 2010).

## IV. CONCLUSION

For the reasons above, the Court GRANTS American Linen's Motion to Extend Time to Conduct Rule 30(b)(6) Depositions IN PART and DENIES American Linen's Motion to Strike Portions of Plaintiffs' Response Brief as MOOT. IT IS HEREBY ORDERED that the reopened discovery deadline is EXTENDED to a date to be determined later in January or February 2022 for the sole purpose of American Linen taking JSAI's and DBSA's Rule 30(b)(6) depositions on the earliest dates of mutual availability for Mr. Weschler, Mr. Finch, and Ms. Sweetland.

IT IS FURTHER ORDERED that **within fourteen (14) days of the issuance of this order**, (i) the parties' counsel shall meet and confer to schedule these depositions; and (ii) American Linen shall notice the Court of either the stipulated dates for these depositions or any failure to reach a stipulation for a deposition. For any deposition

---

[5] Nonetheless, the Court notes that discovery is open *only* for American Linen's depositions of DBSA and JSAI on questions noticed on October 11, 2021. *See doc. 435* at 123, 142 & n.15. Any other deposition is one falling out of time. Requests to compel a deposition out of time must satisfy the excusable neglect standard of Federal Rule of Civil Procedure 6(b)(1)(B) and the good cause standard of Federal Rule of Civil Procedure 16(b)(4) in addition to usual requirements for compelling oral testimony. *See Ortega v. N.M. Legal Aid, Inc.*, Civ. No. 18-111 MV/KK, 2020 WL 8996581, at *2-3 (D.N.M. Mar. 25, 2020).

about which the parties do not reach a stipulation, Plaintiffs are HEREBY ORDERED to file a notice of their, Mr. Finch's, and Ms. Sweetland's unavailability in January and February 2022, American Linen is HEREBY ORDERED to file a notice of Mr. Weschler's unavailability in January and February 2022, and both parties are HEREBY ORDERED to appear for a telephonic status conference about deposition scheduling on **January 5, 2022**, **at 4:00 p.m.**  Counsel shall call Judge Wormuth's teleconference line at (877) 402-9753, access code 7578461, to connect to the proceedings.  Client attendance is not required.

    **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE