## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES, et al.,

      Plaintiffs,

v.                                   Civ. No. 17-809 JCH/GBW

UNITED STATES OF AMERICA, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## <u>OVERRULING OBJECTIONS</u>

**THIS MATTER** comes before the Court on Defendant American Linen Supply of New Mexico, Inc.'s Objections to Magistrate Judge's November 9, 2021, Orders.  Doc. 440. Defendant raises several objections to the Honorable Gregory B. Wormuth's Order Granting and Denying in Part American Linen's First Motion to Compel Written Discovery, Second Motion to Compel Written Discovery, Motion to Determine Sufficiency of Answers to Requests for Admission and Deem Matters Admitted, and Motion to Modify Case Management Deadlines; Granting Plaintiffs' Motion for Protective Order Quashing American Linen's Rule 30(b)(6) Deposition Notices to Jacobs Engineering Group, Inc., Daniel B. Stephens & Associates, Inc., and John Shomaker & Associates, Inc. and Motion for Protective Order Quashing Portions of American Linen's Rule 30(b)(6) Deposition Notices to the City of Las Cruces and Doña Ana County; and Denying American Linen's Motion to Compel Plaintiffs to Designate Witnesses Pursuant to Fed. R. Civ. P. 30(b)(6) and 37(a)(3)(B)(II) (Doc. 435) ("Discovery Order").  The Court, having considered the Discovery Order (Doc. 435), Defendant's objections (Doc. 440), and Plaintiffs' response to these objections (Doc. 448), will OVERRULE the objections.

## BACKGROUND

An exhaustive recap of the case's pretrial history is provided in the Magistrate Judge's Discovery Order.  *See* Doc. 435 at 3-7.  To summarize matters relevant to the objections before the Court, Plaintiffs have sued Defendant and other entities pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, for cost recovery and contribution to costs incurred in cleaning up the Griggs & Walnut Ground Water Plume Superfund Site ("the Site"), a hazardous waste site in Las Cruces, New Mexico contaminated with perchloroethylene ("PCE").  *See generally* Doc. 79; Doc. 306.  After receiving the Court's leave to amend their pleadings, *see* Doc. 303, Plaintiffs filed a Second Amended Complaint that asserts a new claim of liability against Defendant: an arranger claim pursuant to 42 U.S.C. § 9607(a)(3), *see* Doc. 306.  The Court subsequently reopened discovery, but only as to matters relevant to the new allegations underlying Plaintiffs' arranger claim and "any allegation, statement, claim, defense, denial or other averment made by American Linen in its forthcoming answer to Plaintiffs' Second Amend[ed] Complaint that differs from or supplements those made in its Answer to Plaintiffs' [First] Amended Complaint."  Doc. 332 at 7.

During reopened discovery, the parties disputed the scope of the discovery authorized by the Court, the propriety of topics that Defendant had noticed for Rule 30(b)(6) depositions of Plaintiffs, Daniel B. Stephens & Associates, Inc. ("DBSA"), and John Shomaker & Associates, Inc. ("JSAI"), the timeliness of the notice provided for DBSA's and JSAI's depositions, and other issues not relevant to Defendant's objections.  Their disputes culminated in them filing, *inter alia*, three motions to compel, two motions for protective order, and one motion to deem certain requests for admissions admitted.  *See* Doc. 384; Doc. 386; Doc. 387; Doc. 388; Doc. 389; Doc. 390.

2

After a hearing, see Doc. 430, the Magistrate Judge ruled on these motions in the Discovery Order that is the object of Defendant's objections, see Doc. 435; Doc. 440. Among other things, the Magistrate Judge clarified the scope of reopened discovery, issued protective orders for deposition topics noticed to Plaintiffs on six documents from the administrative record and the Rule 30(b)(6) depositions of DBSA and JSAI as then noticed, and awarded Plaintiffs the reasonable expenses that they had incurred to brief the parties' cross motions to compel and for protective order for DBSA's and JSAI's depositions. *See* Doc. 435 at 7-12, 88-120, 141-43. Defendant timely filed objections to this Order on November 23, 2021. *See* Doc. 440. Plaintiffs responded on December 7, 2021. *See* Doc. 448. Briefing on these objections was complete on December 21, 2021, after the fourteen-day period for Defendant to file a reply expired without it doing so. *See* D.N.M.LR-Civ. 7.4; D.N.M.LR-Civ. 72.1.

## LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider a party's objections to a magistrate judge's non-dispositive pretrial order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard requires affirmance of the magistrate judge's factual findings unless the district judge "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Review pursuant to a "contrary to law" standard is plenary; however, "it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (3d ed. 2020).

**ANALYSIS**

Defendant objects to three parts of the Magistrate Judge's Discovery Order: (I) its expense award to Plaintiffs; (II) the protective order it granted Plaintiffs for deposition topics noticed on six documents in the administrative record; and (III) its definition of the scope of reopened discovery. *See generally* Doc. 440. None of these objections directs the Court to an aspect of the Discovery Order that is clearly erroneous or contrary to law. Therefore, the Court overrules each of them and awards Plaintiffs the reasonable expenses that they incurred to defend the Magistrate Judge's expense award.

I.   THE MAGISTRATE JUDGE'S FEE AWARD IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

Defendant objects to the Magistrate Judge's decision to award Plaintiffs the reasonable expenses they incurred to brief the parties' cross motions to compel and for protective order quashing the depositions of DBSA and JSAI. *See* Doc. 440 at 5-6. It contends that this decision is erroneous in three ways: (A) the decision awarded Plaintiffs their reasonable expenses in full pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) and (B) rather apportioning these expenses between the parties pursuant to Federal Rule of Civil Procedure 37(a)(5)(C); (B) the decision concluded that Defendant was not substantially justified in seeking these depositions as noticed; and (C) the decision overlooked extenuating circumstances that make the expense award unjust. *See id.* at 6. The Court disagrees.

A.   The Magistrate Judge Applied the Appropriate Federal Rules of Civil Procedure to His Fee Award

The Magistrate Judge properly assessed expenses under Federal Rules of Civil Procedure 37(a)(5)(A) and (B), rather than Federal Rule of Civil Procedure 37(a)(5)(C). The first two rules provide for the award of attorneys' fees when the Court grants or denies a motion to compel or

for protective order in full.  *See* Fed. R. Civ. P. 37(a)(5)(A)-(B).  The third rule provides for the award of attorneys' fees when the Court grants or denies a motion to compel or for protective order in part.  *See* Fed. R. Civ. P. 37(a)(5)(C).  The Magistrate Judge granted Plaintiffs' Motion for Protective Order Quashing American Linen's Rule 30(b)(6) Deposition Notices to Jacobs Engineering Group, Inc., DBSA, and JSAI, in full and denied Defendant's Motion to Compel Plaintiffs to Designate Witnesses Pursuant to Fed. R. Civ. P. 30(b)(6) and 38(a)(3)(B)(ii) in full. *See* Doc. 435 at 141.  Therefore, analyzing the expense award for this briefing under Federal Rules of Civil Procedure 37(a)(5)(A) and (B) was proper.

Defendant argues that the Magistrate Judge should have assessed the expense award for these two Motions under Federal Rule of Civil Procedure 37(a)(5)(C) since the Magistrate Judge also decided to reopen discovery to allow Defendant to depose DBSA and JSAI on a narrow list of topics and this decision made it a partial prevailing party on these two Motions.  *See* Doc. 440 at 6-7.  This argument overlooks the specific issue raised by these Motions and addressed by the Discovery Order: whether Defendant could depose DBSA and JSAI pursuant to the notices issued on July 9, 2021.  Defendant did not prevail on this issue or these Motions.  *See* Doc. 435 at 97-111, 141-142 (quashing the July 9, 2021, notices in full for being untimely and having topics that were unduly burdensome, not reasonably particularized, outside the scope of reopened discovery, and within the purview of expert testimony).  Defendant did prevail on a separate issue raised in a separate motion: whether good cause existed to reopen discovery "to give [it] one final opportunity to depose JSAI and DBSA."  *See id.* at 127, 141-143 (granting and denying in part Defendant's Motion to Modify Case Management Deadlines and ordering the parties to meet and confer about the specific questions to be noticed by Defendant to JSAI and DBSA in new notices).  While, at a high level of abstraction, this victory on a separate issue raised in a

separate motion gave Defendant some of the relief that it sought in the parties' cross motions (an opportunity to depose JSAI and DBSA), it does not make Defendant a prevailing party on the narrow issue that the cross motions raised.

B. DEFENDANT'S POSITION ON THE PARTIES' CROSS MOTIONS WAS NOT SUBSTANTIALLY JUSTIFIED

Defendant objects to the Magistrate Judge's conclusion that its position on the parties' cross motions to compel and for protective order was not substantially justified. *See* Doc. 440 at 8-22. If its position were substantially justified, then the Magistrate Judge's expense award would be improper. *See* Fed R. Civ. P. 37(a)(5)(A)-(B). Substantial justification is that which "could satisfy a reasonable person." *Lester v. City of Lafayette*, 639 F. App'x 538, 542 (10th Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). It exists where there is "a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Id.* (quoting *Pierce*, 487 U.S. at 565). It does not exist here.

The Magistrate Judge provided three reasons for finding that Defendant's position lacked substantial justification: (1) the notices for DBSA's and JSAI's depositions were untimely; (2) the noticed topics violated the reasonable particularity requirement in Federal Rule of Civil Procedure 30(b)(6); and (3) the noticed topics were unduly burdensome. *See* Doc. 435 at 120. Each reason is an adequate and independent reason for quashing the deposition notices. Thus, establishing that the Magistrate Judge erred in finding that Defendant's position about these depositions was not substantially justified requires Defendant to show that reasonable persons could differ about each of the alternative reasons the Magistrate Judge provided for this finding. As Defendant does not make this showing for reasonable particularity, the Court need not consider its arguments as to the timeliness of its notices or the burden that they impose.

Federal Rule of Civil Procedure 30(b)(6) obligates the party deposing a corporation to "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), so that the deponent is "not faced with an 'impossible task' in preparing its representatives" to testify, *Heuskin v. D&E Transp., LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 3051578, at *2 (D.N.M. June 8, 2020) (quoting *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008)). On their face, the topics that Defendants noticed for DBSA's and JSAI's depositions lack reasonable particularity. Defendant noticed the substance and content of various reports "as [they] relate[]" to its contentions[1] about Plaintiffs' arranger claim and the paragraphs in the Second Amended Complaint that comprise this claim. *See* Doc. 389-1 at 9-19; Doc. 389-2 at 9-19. As noted by the Magistrate Judge, "omnibus phrases like 'related to' violate the particularity requirement since they provide no 'basis upon which an individual or entity can reasonably determine what information may or may not be responsive.'" Doc. 435 at 97 (quoting *Trustees of Boston Univ. v. Everlight Elecs. Co.*, Civil Actions Nos. 12-cv-11935-PBS, 12-cv-12326-PBS, 12-cv-12330-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014)), and citing *Baylon v. Wells Fargo Bank, N.A.*, Civ. No. 12-52 KG/KBM, 2013 WL 12164723, at *3 (D.N.M. Nov. 20, 2013)).

Defendant provides several reasons for why reasonable persons could differ about the particularity of its noticed topics. None of them is well taken. First, Defendant asserts that

---

[1] Since Defendant has not filed an answer, it uses the phrase "Defendant's Contentions" to refer to its "defenses" to Plaintiffs' arranger claim in its notices for JSAI's and DBSA's depositions. These contentions are: (1) PCE from one or more of the County Maintenance Yard, the Former Armory, or Former Municipal Airport was laterally transported by eastward groundwater flow to the vicinity of Groundwater Monitoring Well No. 15; (2) based on a large distance to the water table, only a fraction any PCE released at the Dam would likely reach the groundwater, with much of the remainder evaporating; (3) any materials released at the Dam were diluted with water and the total volume of PCE in the materials was insignificant; (4) Plaintiffs cannot determine the amount of PCE allegedly released at the Dam; and (5) surface runoff from the topographically upgradient Foothills Landfill or urban runoff cannot be ruled out as the cause of detections of PCE at the Dam. Doc. 389-1 at 3-4; Doc. 389-2 at 3-4.
.

"[i]dentifying a specific report as a deposition topic places a deponent on reasonable notice of what is called for and what is not: the deponent should read the report and be prepared to testify on its contents."  Doc. 440 at 16.  But many of the reports Defendant noticed are voluminous. *See* Doc. 389-1 at 9-21 (requiring JSAI to testify about the contents of reports that are 310 pages, 1,351 pages, 705 pages, and 715 pages in length); Doc. 389-2 at 9-19 (requiring DBSA to testify about the contents of reports that are 119 pages, 730 pages, 682 pages, 1,351 pages, 705 pages, and 715 pages in length).  When such voluminous reports are involved, "simply asking a party to provide testimony concerning [them] does not satisfy the requirement of reasonable particularity."  *See United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2777278, at *8 & n.16 (D. Kan. Aug. 27, 2009).

Second, Defendant insists that a reasonable deponent would have understood the phrase "as [the document] relates to [the paragraphs comprising Plaintiffs' arranger claim] and … Defendant's Contentions," *see* Doc. 389-1 at 9-19; Doc. 389-2 at 9-19, to mean "as related to whether 'PCE was dumped at the Dam and moved westward to the Site' and whether 'NMED conducted a vapor intrusion investigation at American Linen facilities on Main Street,'" *see* Doc 440 at 16-17.  Defendant's rearticulation of the scope of relation might have satisfied the reasonable particularity requirement.  *See Lipari v. U.S. Bancorp, N.A.*, Civil Action No. 07-2146-CM-DJW, 2008 WL 4642618, at *2 (D. Kan. Oct. 16, 2008) (observing that, where a specific type of information, group of documents, or particular event is the object of an omnibus phrase like "relating to," the use of the phrase does not render a request for production objectionable on its face).  This rearticulation, however, is narrower and more specific than the actual scope of relation that Defendant noticed in its topics for the depositions.  *See* Doc. 389-1 at 9-21 (noting the substance and content of documents as it relates to the paragraphs in the

Second Amended Complaint that comprise Plaintiffs' arranger claim and Defendant's contentions about it); Doc. 389-2 at 9-19 (same).  A topic soliciting testimony about the content of a document as it relates to the paragraphs in a pleading that comprise a litigant's claim is not a topic described with reasonable particularity.  *See E3 Biofuels, LLC v. Biothane, LLC*, No. 8:11CV44, 2013 WL 4400506, at *2 (D. Neb. Aug. 15, 2003), *Lipari*, 2008 WL 4642618, at *6; *Sheehy v. Ridge Tool Co.*, No. 3:05-CV-01614 (CFD)(TPS), 2007 WL 1548976, at *4 (D. Conn. May 24, 2007).

Third, Defendant emphasizes that it "added … specificity by 'reduc[ing] high-level questions about the Site's contamination to writing to allow the deponent to prepare better.'"  *See* Doc. 440 at 18 (quoting Doc. 366 at 6)).  The questions Defendant noticed, however, were illustrative, not exhaustive.  *See generally* Doc. 389-1 at 9-20 (providing a list of "potential questions includ[ed]" within topics noticed for JSAI's deposition); Doc. 389-2 at 9-19 (same for DBSA).  Therefore, these questions did not give JSAI and DBSA notice of the full extent of their preparatory obligations.  *See Trustees of Boston Univ.*, 2014 WL 5786492, at * 3 ("[T]opics [that] include the phrase 'including but not limited to,' … fail[] to comply with the reasonable particularity requirement of Rule 30(b)(6)." (citing *Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013), and *RM Dean Farms v. Helena Chem. Co.*, No. 2:11CV001015 JLH, 2012 169889, at *1 (E.D. Ark. Jan. 19, 2012))).

Defendant also contends that the Magistrate Judge applied the wrong legal standard to determine that the topics it noticed lacked reasonable particularity.  *See* Doc. 440 at 15.  "Some courts construe 'reasonable particularity' as requiring a notice of deposition under Rule 30(b)(6) to identify topics with 'painstaking specificity.'"  *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019) (citing *Georgia-Pac. Consumer Prod., LP v. NCR Corp.*, No. 1:11-

CV-483, 2015 WL 11236844, at *1 (W.D. Mich. Feb. 23, 2015)); *see also Equal Emp. Opportunity Comm'n*, No. CIV 11-1132 RB/LFG, 2013 WL 12045019, *15 (D.N.M. Apr. 19, 2013).  Others reject that construction of the standard, *see, e.g.*, *In re Peregrine Fin. Grp. Customer Litig.*, Case No. 12 C 5546, 2015 WL 1344466, at *9 (N.D. Ill. Mar. 20, 2015) (citing *Alloc, Inc. v. Unilin Décor N.V.*, Nos. 02-C-1266, 03-C-342, 04-C-121, 2006 WL 2527656, at *1 (E.D. Wis. Aug. 29, 2006)), and articulate the standard as "whether [a noticed topic] places the [deponent] upon reasonable notice of what is called for and what is not," *see Edwards*, 331 F.R.D. at 120-21; *Dandy v. Wilmington Fin., Inc.*, CIVIL NO. 08-1027 JCH/GBW, 2009 WL 10668735, at *4 (D.N.M. Dec. 17, 2009).

The Court need not reach the issue of which construction is appropriate (or the extent to which the two constructions differ).  The Magistrate Judge mentioned the "painstaking specificity" construction when elucidating the particularity required by Federal Rule Civil Procedure 30(b)(6), *see* Doc. 435 at 89 (citing *Cotton v. Costco Wholesale Corp.*, No. 12-2731-JWL, 2013 WL 3819975, at *1 (D. Kan. July 24, 2013)), but applied the "reasonable notice" construction desired by Defendant in his analysis, *see id.* at 97-98 (applying *Trustees of Boston Univ.*, 2014 WL 5786492, at *3, which applies the reasonable notice standard, to the topics noticed by Defendant).

Finally, Defendant contends that the Magistrate Judge erred by finding that the noticed topics violated the reasonable particularity requirement *sua sponte*.  *See* Doc. 440 at 16. Plaintiffs, however, raised the issue of reasonable particularity in their objections to the noticed topics, *see* Doc. 389-1 at 6-7 (citing *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000)); Doc. 389-2 at 6-7 (same), and briefed the issue in their motion for a protective order, *see* Doc. 384 at 11-12.  Admittingly, they did not object to Defendant's use of the phrase "as [the content and

substance of a report] relates to" the paragraphs in the Second Amended Complaint that comprise their arranger claim and Defendant's contentions about it. *See id.*  They did, however, contest the particularity of all of the noticed topics, *see id.* at 11 (citing Topic 17 to JSAI as an example of a topic lacking reasonable particularity), and contend that the topics did not provide JSAI and DBSA with a "clear indication of the area of inquiry" or allow them to "discern which specific topics they must actually be prepared to respond to from the Notices," *see id.*  These arguments provided Defendant with sufficient notice that the reasonable particularity of all the topics noticed for JSAI's and DBSA's depositions were at issue such that the Magistrate Judge did not reach his conclusion as to their lack of particularity *sua sponte*.

### C. NO CIRCUMSTANCES MAKE THE MAGISTRATE JUDGE'S EXPENSE AWARD UNJUST

Defendant also objects to the Magistrate Judge's conclusion about the appropriateness of an expense award by directing the Court to five circumstances that purportedly make an expense award unjust: (1) the complexity of the parties' dispute about the scope of reopened discovery; (2) the Magistrate Judge's decision to reopen discovery to allow Defendant to depose JSAI and DBSA renders his denial of Defendant's motion to compel these hydrogeologists' depositions a denial without prejudice; (3) Plaintiffs' intransigence during the parties' meet and confer process; (4) the double dipping inherent in awarding Plaintiffs expenses for filing multiple legal briefs on the same issue; and (5) the inequity caused by the timing of Plaintiffs' Second Amended Complaint.  *See* Doc. 440 at 22-24.  In principle, some of these circumstances may make certain expense awards unjust, but none of them do so here.

With respect to the first circumstance, the Court agrees with the general principle that a fee award may be inappropriate where a discovery dispute involves unsettled law or serious, complex issues.  *See Tierra Blanca Ranch High Country Youth Program v. Gonzales*, 329 F.R.D.

694, 699 (D.N.M. 2019); *Sun Cap. Partners, Inc. v. Twin City Fire. Ins. Co.*, Case No. 12-81397-CIV-Marra/Matthewman, 2016 WL 1730610, at *4 (S.D. Fla. Apr. 26, 2016).  But this principle is inapplicable here.  Even if the parties' lack of clarity about the scope of reopened discovery were a serious, complex issue, the fact that most topics noticed by Defendant for JSAI's and DBSA's depositions exceeded the scope of reopened discovery was not the sole reason that the Magistrate Judge issued a protective order for the depositions as then noticed. *See* Doc. 435 at 97-111 (finding that topics for these depositions not only exceeded the scope of reopened discovery, but also posed an undue burden, lacked reasonable particularity, improperly sought expert testimony, and that the depositions' notices were untimely served).  Each of these additional reasons for the Magistrate Judge's issuance of this protective order was an adequate and independent reason for doing so and did not involve complicated legal issues.

As to the second circumstance, this circumstance is a repackaging of the Federal Rule of Civil Procedure 37(a)(5)(C) argument that the Court rejected above.  Even if denying a motion without prejudice were a circumstance that makes an expense award unjust, *see Nat.-Immunogenics Corp. v. Newport Trial Grp.*, Case No. 8:15 CV-02034-JVS (JCGx), 2017 WL 10574255, at *6 (C.D. Cal. Nov. 9, 2017), *overruled by* 2017 WL 10574266 (C.D. Cal. Dec. 18, 2017), the Magistrate Judge did not deny Defendant's Motion to Compel DBSA's and JSAI's depositions without prejudice, *see* Doc. 435 at 141-42 (quashing the depositions of JSAI and DBSA as then noticed).  While the Magistrate Judge did reopen discovery for the sole purpose of allowing Defendant to depose JSAI and DBSA on specific questions, *see id.* at 142, his decision on this separate issue raised in a separate motion does not transform his denial of Defendant's Motion to Compel into a denial without prejudice.

Turning to the third circumstance, the Federal Rules of Civil Procedure preclude an expense award where the prevailing party does not engage in the meet and confer process in good faith. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). But this rule is inapplicable here as Plaintiffs met and conferred in good faith. They provided timely, specific objections to the noticed topics. *See* Doc. 389-1 at 6-21 (objecting to the topics noted for JSAI's deposition for, *inter alia*, exceeding the scope of reopened discovery, seeking expert testimony from a lay witness, lacking reasonable particularity, and being unduly burdensome); Doc. 389-2 at 6-19 (same but for DBSA). They met and conferred with Defendant on four separate occasions about these topics and objections. *See* Doc. 448 at 18 (citing Doc. 389 at 23). And they did not maintain untenable positions regarding these topics. *Compare* Doc. 366 at 4-5 (advising Defendant that "while [the Magistrate Judge] found [its] proposed lines of inquiry appropriate, [he] shared [Plaintiffs'] concerns about the broad nature of the topics noticed for the consultant company's Rule 30(b)(6) deposition" and "would likely order Defendant to withdraw its notices as currently drafted because their topics [were] too broad"), *with W. Bend Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 308 F. Supp. 3d 954, 958-59 (N.D. Ill. 2018) (finding that the movant did not meet and confer in good faith when it "filed a motion to compel that seemingly flies in the fac[e] of applicable law").[2]

Moving on to the fourth circumstance, the Court agrees with the principle that a party may not be awarded expenses incurred from briefing the same discovery issue in multiple filings. As the Magistrate Judge noted in his Order Directing Defendant to Pay Attorney's Fees and

---

[2] Defendant contends that the Magistrate Judge overruled several of Plaintiffs' objections. *See* Doc. 440 at 23. The Magistrate Judge did overrule some of Plaintiffs' objections to the written discovery that Defendant propounded upon them, *see* Doc. 435 at 23-88, but he did not overrule any of Plaintiffs' objections to the topics noticed for JSAI's and DBSA's deposition, the issue on which he awarded Plaintiffs their reasonable expenses, *see id.* at 94-111, 119-20.

Costs, such expenses are not reasonable.  *See* Doc. 454 at 33 (reducing expenses awarded to account for the overlap in briefing between Plaintiffs' Motion to Compel and for Sanctions (Doc. 263) and Plaintiffs' Opposition to Defendant's Motion for Protective Order and to Quash Deposition Notice (Doc. 257)).  But the appropriate time to account for the duplication in Plaintiffs' briefing for the parties' cross motions is in the expense award.  *See VanMeter v. Briggs*, CV 18-0970 RB/JHR, 2020 WL 954771, *4 (D.N.M. Feb. 27, 2020) (awarding a party the reasonable expenses it incurred to brief cross motions to compel and for protective order but reducing the expenses awarded to account for duplication in the briefing).  The Court is confident that the Magistrate Judge will do so there.

Finally, as to the fifth circumstance, the Court disagrees that the timing of Plaintiffs' Second Amended Complaint makes awarding them the reasonable expenses that they incurred to brief the parties' cross motions to compel and for protective order unjust.  As a preliminary matter, Defendant waived this argument by failing to cite any legal authority for it.  *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992).  As a second matter, the Court has already addressed Defendant's contentions about the timing of Plaintiffs' Second Amended Complaint and found them lacking.  *See* Doc. 290; Doc. 303.  Defendant's continued disagreement with the Court's ruling about the propriety of amendment does not entitle it to maintain positions in discovery disputes that lack substantial justification.

## II.     THE PROTECTIVE ORDER FOR DEPOSITION TOPICS NOTICED TO PLAINTIFFS ON DOCUMENTS FROM THE ADMINISTRATIVE RECORD WAS PROPER

Defendant also objects to the Magistrate Judge's conclusion that deposing Plaintiffs on the contents and circumstances surrounding the issuance of six documents from the Site's

administrative record is unduly burdensome.[3]  *See* Doc. 440 at 24-26.  To support this objection,
Defendant disputes the Magistrate Judge's factual finding that the burden imposed on Plaintiffs
to prepare to testify about the documents' contents; positions that Plaintiffs have taken as to
these contents; and investigations, analyses, and evaluations that Plaintiffs have conducted to
inform their positions is disproportional to this testimony's marginal, potential relevancy to
Plaintiffs' contribution claims.  *See id.*  This finding, though, is not clearly erroneous.

The facial[4] preparatory burdens imposed on Plaintiffs by the breadth of the deposition
topics that Defendant noticed on the six documents dwarfs the relevancy of some inquiries
within these topics' scope to the parties' contribution claims and counterclaim.  As noted by the
Magistrate Judge, the Court "may, but is not required, to consider Plaintiffs' acts, omissions, and
positions during administrative proceedings when allocating the Site's clean-up costs under [42]
U.S.C. § 9613."  Doc. 435 at 118 (citing *United States v. Colo. & E. R.R. Co.*, 50 F.3d 1530,
1536 (10th Cir. 1995), and *Munster v. Sherwin-Williams Co., Inc.*, 27 F.3d 1268, 1270 (7th Cir.
1994), and noting that while Plaintiffs' past positions and conduct may implicate equitable
doctrines of laches, waiver, and estoppel, many courts do not consider these doctrines when
assigning clean-up costs under the statute).  Given the potential relevancy of prior acts and
positions to equitable cost allocation, courts have permitted discovery into specific, identified
positions that parties have expressed on parts of the administrative record and the investigations
that parties did to perform those positions.  *See, e.g.*, *Raytheon Aircraft Co. v. United States*,

---

[3] The Magistrate Judge also found that deposing Plaintiffs on their prior statements, comments, communications, and positions on the Site's appropriate potentially responsible parties was unduly burdensome.  *See* Doc. 435 at 115, 119.  As this deposition topic is distinct from the topics noticed for the six documents in the administrative record and not otherwise addressed in Defendant's objections, the Court finds that Defendant has waived objection to the Magistrate Judge's finding as to this topic's undue burden.

[4] Since the deposition topics are facially burdensome, Plaintiffs do not have to produce evidence for the temporal and financial preparatory burdens that the topics impose.  *See Dentsply Int'l, Inc. v. Lewis & Roca, LLP*, No. 1:12-CV-00104-MCA/ACT, 2013 WL 12246642, at *3 (D.N.M. May 21, 2013).

Civil Action No. 05-2328-JWL-DJW, 2007 WL 1115198, at *4-5 (D. Kan. Apr. 13, 2007)

(requiring defendant's attorney to testify about the knowledge that she possessed and the

investigation that defendant performed when she stated in response to two EPA information

requests that there was no evidence that defendant's operations had used any hazardous

substances).  The topics noticed by Defendants, however, provide an illustrative, rather than

exhaustive, list of positions and sweep to include every position that Plaintiffs have ever had on

every part of six lengthy documents.  *See* Doc. 386-1 at 5-11; Doc. 386-2 at 5-10.  This sweep

includes Plaintiffs' positions on every chart, datum, figure, and finding in these documents,

many of which have no bearing on equitable cost allocation.  Admittingly, the sweep also

includes some positions that may have relevancy to equitably apportioning the Site's clean-up

costs, but the Court cannot countenance a fishing expedition simply because it may catch some

fish.  *See McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002).

## III.   THE SCOPE OF REOPENED DISCOVERY IS NOT CONTRARY TO LAW OR CLEARLY ERRONEOUS

Defendant's final objection is to the scope of discovery permitted by the Magistrate

Judge on Plaintiffs' arranger claim.  *See* Doc. 440 at 26-27 (contending that barring discovery of

surface releases of PCE at Plaintiffs' facilities and other locations west of Interstate 25 and

allowing Plaintiffs' experts to opine on matters that exceed this scope is prejudicial).  This

objection is not well taken.

Generally, Federal Rule of Civil Procedure 26 authorizes broad discovery due to "the

courts' and Congress' recognition that 'mutual knowledge of all the relevant facts gathered by

both parties is essential to proper litigation.'"  *Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D.

360, 375 (D.N.M. 2018) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Discovery,

though, is not without limits.  *See Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151,

1163 (10th Cir. 2010).  One limit is that a party may not discover information that it previously

had "ample opportunity to obtain … by discovery in the action."  *See* Fed. R. Civ. P.

26(b)(2)(C)(ii).  Like all discovery matters, determining whether a party has enjoyed such an

opportunity is entrusted to the Court's "sound discretion."  *See Murphy*, 619 F.3d at 1164.

The Magistrate Judge did not cite to Federal Rule of Civil Procedure 26(b)(2)(C)(ii) in

the Discovery Order or the order that reopened discovery, but its principle animates the

limitations that he imposed therein.  In his order reopening discovery, the Magistrate Judge

precluded "fact discovery … on any topic already encompassed by the [First] Amended

Complaint," but allowed discovery on the new allegations that Plaintiffs made in their Second

Amended Complaint and "any allegation, statement, claim, defense, denial or other averment

made by [Defendant] in its forthcoming answer … that differs from or supplements those made

in its Answer to Plaintiffs' [First] Amended Complaint."  *See* Doc. 332 at 7 (quoting Doc. 313 at

19)*.*  In the Discovery Order, the Magistrate Judge resolved the tension between barring

discovery on topics encompassed by the First Amended Complaint and allowing discovery on

the difference between Defendant's allegations, statements, claims, defenses, and averments as

to the two amended complaints.  *See* Doc. 435 at 7-12.  The Magistrate Judge clarified that the

scope of reopened discovery is

> (i) matters whose relevance is new (or dramatically increased) as a result of
> Plaintiffs' newly pled arranger claim and (ii) matters relevant to the arranger claim,
> even if previously relevant to the pre-existing claims, depending upon their
> importance to the arranger claim and whether American Linen fairly should have
> conducted discovery on such matters given the pleadings prior to the amendment
> adding the arranger claim.

*See id.* at 8.  The Court finds that this scope balances its conflicting obligations to allow

Defendant to discover the information needed to defend against Plaintiffs' arranger claim and bar

Defendant from discovering information that it had ample opportunity to obtain earlier in the litigation.

Turning to this scope's application, the Court concurs with the Magistrate Judge that the fate of surface releases of PCE at Plaintiffs' facilities and other locations west of Interstate 25 fall outside the scope of reopened discovery. The fate of these surface releases (including whether they reached the bottom of City of Las Cruces Well No. 18) is not an issue "whose relevance is new (or dramatically increased) as a result of Plaintiffs' newly pled arranger claim," as Defendant contends. *See* Doc. 440 at 27. The extent to which Plaintiffs contributed to the Site's contamination relates to the parties' contribution claims and counterclaims against each other under 42 U.S.C. § 9613, not to whether Defendant is liable as an arranger under 42 U.S.C. § 9607. During the original discovery period, Defendant had more than 390 days (exclusive of the Court's stay) to obtain discovery on these releases. Defendant also had an affirmative obligation to pursue this discovery to develop its contribution counterclaim against Plaintiffs. Defendant did not do so. By not doing so, it forfeited its opportunity to obtain this discovery. Any prejudice that Defendant has incurred from this forfeiture is self-inflicted.

As for Defendant's contention that Plaintiffs' experts have opined on subject matter beyond the scope of reopened discovery, *see id.*, the propriety of Plaintiffs' experts' opinions is not properly before the Court. If it is indeed the case that the scope of the opinions provided by Plaintiffs' experts on the arranger claim exceeds the scope of reopened discovery, the proper avenue for relief is a motion to strike the applicable parts of the experts' reports, not to widen the scope of discovery.

IV.    PLAINTIFFS ARE ENTITLED TO THE REASONABLE EXPENSES INCURRED
       TO DEFEND THE MAGISTRATE JUDGE'S FEE AWARD

Plaintiffs request the Court to award them the reasonable expenses they incurred to

respond to Defendant's objections to the Magistrate Judge's Discovery Order.  *See* Doc. 448 at

24 & n.17.  Federal Rule of Civil Procedure 37(a) governs the award of reasonable expenses,

including attorneys' fees, to the party prevailing on discovery motions.  *See* Fed. R. Civ. P.

37(a).  It limits recoverable expenses to those "incurred in making the motion."  Fed. R. Civ. P.

37(a)(5)(A).  Federal Rule of Civil Procedure 72(a)—which allows the non-prevailing party to

object to a magistrate judge's decision on a discovery motion—contains no analogous fee

shifting provision.  *See* Fed. R. Civ. P. 72(a).  Nonetheless, numerous courts have found that

reasonable expenses incurred in responding to Rule 72(a) objections to a Rule 37(a) expense

award are expenses incurred in making the underlying discovery motion.  *See, e.g.*, *Rickels v.*

*City of South Bend,* 33 F.3d 785, 787 (7th Cir. 1994); *Lawson v. Spirit Aerosystems, Inc.*, Case

No. 18-1100-EFM, 2022 WL 266808, at *2 & n.9 (D. Kan. Jan. 28, 2022) (gathering cases);

*Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013) ("[T]he purposes underlying Rule 37(a)'s

fee-shifting provision would be thwarted by not awarding attorneys' fees incurred in opposing a

Rule 72(a) objection to an order [resolving] a motion to compel.").  Finding this jurisprudence

persuasive and that Defendant has forfeited its opportunity to be heard on this matter by not

filing a reply to Plaintiffs' response its objections, the Court awards Plaintiffs the reasonable

expenses that they incurred to defend the Magistrate Judge's expense award: three quarters of the

reasonable expenses that they incurred to file their response to Defendant's objections.

       **IT IS THEREFORE ORDERED** that:

(1)    Defendant American Linen Supply of New Mexico, Inc.'s Objections to Magistrate

Judge's November 9, 2021, Orders (Doc. 440) are **OVERRULED**.

(2)      Plaintiffs are **AWARDED** three quarters of the reasonable expenses they incurred to
respond to Defendant's objections.  Plaintiffs shall file an affidavit detailing these expenses
**within seven (7) days of the issuance of this Order.**  If Plaintiffs use an Excel spreadsheet to
calculate these expenses, they shall send a soft copy of that spreadsheet to the Court's proposed
text inbox (herreraproposedtext@nmd.uscourts.gov) with American Linen on carbon copy. If
American Linen wishes to contest the reasonableness of any expenses claimed by Plaintiffs, its
objections shall be due **within seven (7) days of Plaintiffs filing their affidavit**.


_____
SENIOR UNITED STATES DISTRICT JUDGE