IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES AND DONA ANA
COUNTY,

      Plaintiff,

vs.	                                                                                        Civ. No. 17-809 JCH/GBW

THE LOFTS AT ALAMEDA, LLC;
AMERICAN LINEN SUPPLY OF NEW
MEXICO, INC.; RAWSON LEASING
LIMITED LIABILITY CO.; and
CHISHOLM'S-VILLAGE PLAZA L.L.C.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

In their *Joint Motion to Dismiss* [Doc. 299], Plaintiffs and Defendants Rawson Leasing LLC, The Lofts at Alameda, and Chisholm's-Village Plaza, L.L.C. (collectively, "the Movants") move to dismiss not only the settled claims that Plaintiffs have against these three Defendants, but also the cross claims asserted against the three defendants by their co-defendant, American Linen Supply of New Mexico, Inc. ("American Linen"). American Linen has filed a response [Doc. 302] to the motion, and the Movants have replied [Doc. 311]. For the reasons explained more fully below, the motion to dismiss will be granted in part and denied in part.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In both their First [Doc. 79] and Second [Doc. 306] Amended Complaints, the Plaintiffs—both local government entities—allege that all the Defendants, including American Linen, have released hazardous substances into the soil and groundwater in or near Las Cruces, New Mexico,

and that the release of these substances has contributed to a plume of contaminated groundwater approximately 1.8 miles long and .5 miles wide known as the Griggs & Walnut Ground Water Plume ("the Site"). Plaintiffs, who have spent millions of dollars investigating and remediating the pollution, and who will continue to incur costs into the future for the installation and maintenance of an appropriate water treatment system, have sought both a declaratory judgment against and a money judgment from each of the Defendants for their past, present, and future costs in responding to the hazards at the Site. Plaintiffs have asserted claims for cost recovery under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607 against all Defendants as owners/operators. Plaintiffs have also asserted a recovery claim against American Linen as an "arranger." Doc. 306.

In its Answer [Doc. 111] to the First Amended Complaint, American Linen asserted both counterclaims against the Plaintiffs and cross-claims against its fellow defendants. With regard to the cross claims, American Linen alleged that "[i]f found liable, American Linen is entitled to contribution from Cross-claim Defendants for their share of any sums that American Linen may be compelled to pay." *Id*. at 15. To this date, American Linen has not been held liable for any cleanup costs, nor has it agreed to assume any share of such costs.

Plaintiffs have executed settlement agreements with Defendants Rawson Leasing LLC, The Lofts at Alameda, and Chisholm's-Village Plaza, L.L.C. (hereafter, "the Settled Defendants"). *See* Doc. 236 and Doc. 260-1. Accordingly, the Movants now ask the Court to dismiss American Linen's cross claims against the Settled Defendants without prejudice, arguing that those claims are premature.

**DISCUSSION**

**I.     The Legislative Scheme**

As originally enacted, CERCLA's only cost recovery mechanism was § 107, which makes certain enumerated parties (including owners and operators of a "facility," as well as "arrangers") "liable for (A) all costs of removal or remedial action incurred by [government entities] ...; [and] (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan." 42 U.S.C. §§ 9607(a)(4)(A) and (B). Should a claim for cost-recovery prevail, the defendants are held strictly and jointly and severally liable. *Pa. Dep't of Envtl. Prot. v. Trainer Custom Chem., LLC*, 906 F.3d 85, 90 (3d Cir. 2018); *United States v. Colo. & Eastern R.R. Co.*, 50 F.3d 1530, 1535 (10th Cir. 1995). Previously, defendants in § 107 actions could escape joint and several liability by having cleanup costs apportioned between themselves and other polluters who contributed to hazardous waste sites, but only if they could achieve the difficult task of demonstrating that the harm was divisible. *Sun Co. v. Browning-Ferris, Inc.*, 124 F.3d 1187, 1190 (10th Cir. 1997).

Congress addressed this problem by enacting the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), which added § 113(f) to CERCLA, thereby codifying a right of contribution:

> Any person may seek contribution from any other person who is liable *or potentially liable* under section 9607(a) of this title, *during or following* any civil action under section 9606 of this title or under section 9607(a) of this title. … In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate….

42 U.S.C. § 9613(f)(1) (emphasis added). Section 113(f)(1) also contains a saving clause, stating that "[n]othing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under . . . section 9607 of this title." Thus, Section

3

113(f) provides a second private right of action for alleged polluters, providing that if the "polluter is *or may be* liable under CERCLA or has settled its liability with a state or the federal government, it may sue other polluters for 'contribution.'" *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 705 (3d Cir. 2019) (citing 42 U.S.C. § 9613(f)(1), (3)(b)) (emphasis added). Contribution grants a "tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, with the shares being determined as a percentage of fault." *United States v. Atlantic Research Corp.*, 551 U.S. 128, 138 (2007).

> The SARA also added a three-year statute of limitations for contribution actions:
>
> No action for contribution for any response costs or damages may be commenced more than 3 years after--
> (A) the date of judgment in any action under this chapter for recovery of such costs or damages, or
> (B) the date of an administrative order under section 9622(g) of this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

42 U.S.C. § 9613(g)(3). As the Tenth Circuit explained in *Sun Co.*, the three-year limitations period in which to seek contribution is triggered by either a judgment or a settlement in which a defendant incurs cleanup costs:

> [W]hether by judgment or settlement, the three-year limitations period of § 113(g)(3) will be triggered. If the suit proceeds to conclusion, the limitations period begins running on the date of judgment. 42 U.S.C. § 9613(g)(3)(A). If the parties settle, the limitations period begins running on the date of the administrative order embodying the settlement (for § 9622(g) de minimis settlements or § 9622(h) cost recovery settlements), or on the date of entry of a judicially approved settlement. 42 U.S.C. § 9613(g)(3)(B).

*Sun Co.*, 124 F.3d at 1192.

II.     Analysis

   A.     **Claims by Plaintiffs Against Settled Defendants**

The motion to dismiss has two parts. In the first, the movants ask the Court to dismiss all of Plaintiffs' claims against the Settled Defendants with prejudice, as the parties have executed settlement agreements resolving all of those claims. There appears to be no objection to this portion of the motion, and the Court can see no reason to deny it.

   B.     **Cross-Claims By American Linen Against Settled Defendants**

The movants also ask the Court to dismiss American Linen's cross-claim against the Settled Defendants on the grounds that American Linen has not yet been found liable for or agreed to pay response costs. Although they do not use the word "ripeness" in their motion (they do in their reply brief), the movants are essentially arguing that until American Linen is under a legal obligation to pay for some part of the cleanup at the Site, its cross-claim against the Settled Defendants is not yet ripe. Although there is some logic to this argument, the plain language of CERCLA provides otherwise. Therefore, the motion to dismiss will be denied.

   1.     **No Conversion to Summary Judgment**

American Linen's first argument is that the Movants' motion is "premised on the execution of settlement agreement," it is going beyond the pleadings and therefore is one for summary judgment. The Court disagrees with American Linen's characterization of the motion. The fact that Plaintiffs and Settled Defendants have reached an agreement is irrelevant to the motion, which rests on the fact that American Linen has not (and cannot) plead facts to show that it has been asked to pay more than its fair share of cleanup costs at the Site. Movants argue that until American Linen can plead that fact in good faith, it cannot state a claim for contribution. Given the nature of

that argument, there is no need to look beyond the pleadings, and therefore the motion will be analyzed under Rule 12.

### 2. Ripeness of Cross-Claims for Contribution

"The ripeness doctrine aims to prevent courts from entangling themselves in abstract disagreements by avoiding premature adjudication." *Awad v. Ziriax*, 670 F.3d 1111, 1124 (10th Cir. 2012) (quotations omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). Ripeness has roots "both in the jurisdictional requirement that Article III courts hear only 'cases and controversies' and in prudential considerations limiting our jurisdiction." *Alto Eldorado P'ship v. Cty. of Santa Fe*, 634 F.3d 1170, 1173 (10th Cir. 2011). In *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996), the Tenth Circuit stated that "whether a claim is ripe for review bears on the court's subject matter jurisdiction under Article III of the Constitution," and "a ripeness challenge, like most other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."

With regard to the cross-claim for contribution, Movants argue that American Linen may not seek to recover funds from the Settled Defendants until it has either agreed or been ordered to pay money toward Plaintiffs' response costs. While that argument holds a certain logical appeal, it entirely overlooks §113(f)(1) of CERCLA, which expressly states that American Linen "may seek contribution from any other person who is liable *or potentially liable* under section 9607(a) of this title, *during* or following *any civil action . . . under section 9607(a) of this title*." (emphasis added). As the Supreme Court has observed, "[t]he natural meaning of this sentence is that contribution may only be sought subject to the specified conditions, namely, "during or following"

6

a specified civil action." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 166 (2004). American Linen's cross-claim for contribution satisfies this provision in every respect, having been pled during the course of a civil action under 42 U.S.C. § 9607(a) against parties (the Settled Defendants) who were then and still remain potentially liable under § 9607(a). The Movants' argument entirely overlooks this provision of CERCLA, failing to address it in either of their briefs. To accept Movants' argument and grant dismissal of the contribution claim would be to render § 9313(f)(1) of CERCLA null and void. The Movants have not explained how it could be otherwise, choosing instead to ignore this language in the statute. However, statutes should be construed to avoid making any word or phrase superfluous, meaningless, or redundant. *See Colorado & Eastern*, 50 F.3d at 1536 (rejecting a construction of CERCLA that would render any part of § 113 meaningless); *Green Tree Acceptance, Inc. v. Wy. Nat'l Bank*, 1993 WL 300999 at *6 (10th Cir. Aug. 2, 1993) (unpublished).

Movants' reliance on *Colo. & Eastern. R.R. Co v. Flanders*, 50 F.3d 1530 (10th Cir. 1995) is unavailing. *See* Doc. 299 at 2. That case has nothing to do with the ripeness or timing of a contribution claim, but rather whether to classify a claim by one polluter against another as a contribution claim under § 113(f) or one for recovery under § 107. *Id*. at 1536. Similarly misplaced is movants' reliance on *United States v. Atl. Research Corp.*, 551 U.S. 128 (2007). Although the Court in that case discussed generally the concept of contribution, it did not hold that a contribution action could not be filed before a judicial finding of excess liability, nor did it in any way disregard § 9613(f)(1). In *Atlantic Research* the Court noted, "The statute authorizes a PRP to seek contribution 'during or following' a suit under § 106 or § 107(a). Thus, § 113(f)(1) permits suit *before or after* the establishment of common liability." *Id*. at 138-39 (internal citations omitted) (emphasis added). Finally, the Movants misunderstand *Sun Co. v. Browning-Ferris, Inc.*, 124 F.3d

7

1187 (10th Cir. 1997). That case simply clarifies the relationship between §§ 9607 and 9613 of CERCLA. *Id*. at 188. Nothing in *Sun Co.*, however, undermines the application of the plain language of § 9613(f)(1) to allow a defendant in an action under § 9607 to file a contribution claim during the pendency of such action.

Similarly, CERCLA's statute of limitations for contribution claims does not alter the Court's conclusion. Section 9613(g)(3) provides that "[n]o action for contribution ... may be commenced more than [three] years after" one of four triggering events: (1) "the date of judgment in any action" for "recovery of ... costs or damages"; (2) the date of a "de minimis" settlement under § 9622(g); (3) the date of a cost-recovery settlement with the federal government under § 9622(h); or (4) the date of "entry of a judicially approved settlement with respect to ... costs or damages." *Id*. § 9613(g)(3) (emphasis added). Thus, as a limitations provision, Section 9613(g)(3) sets forth the *latest* date upon which one may filed a contribution claim under § 9613(f)(1). Movants are correct that in this case, no event has yet triggered the three-year limitations period that will define the latest date upon which American Linen can file a contribution claim. However, that does not mean that one may not file a contribution claim before the limitations period commences. Indeed, § 9613(f)(1) explicitly contemplates the filing of a contribution claim at an earlier time, which is during the present civil action under § 9607 when American Linen might still be held liable in the future. *See Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 705 (3d Cir. 2019) (noting that under § 9613(f)(1), a polluter may sue for contribution if it "is or *may be* liable under CERCLA").

In short, the Movants have offered this Court no basis upon which to overlook the plain language of § 9613(f)(1), which by its terms permits a defendant like American Linen to seek

contribution during a civil action without requiring that it first be ordered to pay cleanup costs. Accordingly, their motion to dismiss will be denied.

**IT IS THEREFORE ORDERED** that the *Joint Motion to Dismiss* [Doc. 299] is **GRANTED IN PART** as to Plaintiffs' claims against Defendants Rawson Leasing LLC, The Lofts at Alameda, and Chisholm's-Village Plaza, L.L.C. Those claims, which the parties have settled, will be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the *Joint Motion to Dismiss* [Doc. 299] is **DENIED IN PART** as to American Linen's cross claims for contribution against Defendants Rawson Leasing LLC, The Lofts at Alameda, and Chisholm's-Village Plaza, L.L.C.

_____
SENIOR UNITED STATES DISTRICT JUDGE