**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CITY OF LAS CRUCES, et al.,

     Plaintiffs,

v.                                                 Civ. No. 17-809 JCH/GBW

UNITED STATES OF AMERICA, et al.,

     Defendants.

**ORDER
GRANTING IN PART, DENYING IN PART, AND DEFERRING JUDGMENT IN PART
ON DEFENDANT AMERICAN LINEN SUPPLY OF NEW MEXICO, INC.'S MOTION
FOR COURT TO RECONSIDER ITS TIMELY FILED REPLY BRIEF**

     This case is before the Court on Defendant American Linen Supply of New Mexico, Inc.'s

("American Linen's") Motion for Court to Reconsider [Its] Timely Filed Reply Brief.  Doc. 476

("the Motion"). Earlier, the Court granted the Motion in part "as to the stay of the submission of,

and opposition to, affidavits of reasonable attorney fees awarded by the Court in its Memorandum

Opinion and Order Overruling Objections (Doc. 474)" and deferred judgment on the remainder of

the Motion. *See* Doc. 478 at 1. Having reviewed the remainder of the Motion and Defendant

American Linen Supply of New Mexico, Inc.'s Reply in Support of Objections to November 9,

2021, Order (Doc. 456) and being fully advised in the premises, the Court **GRANTS** the remainder

of the Motion **IN PART** as to its request for consideration of American Linen's reply brief,

**DENIES** the remainder of the Motion **IN PART** in so far as it requests reconsideration of the

Court's decision to overrule American Linen's objections in its Memorandum Opinion and Order

Overruling Objections, and **DEFERS JUDGMENT** on the remainder of the Motion **IN PART** as

to its request for reconsideration of the expenses the Court awarded Plaintiffs in its Memorandum Opinion and Order Overruling Objections.

## **BACKGROUND**

On November 9, 2021, Magistrate Judge Gregory B. Wormuth ruled on several discovery disputes, including the scope of discovery authorized by the Court on Plaintiffs' arranger claim; the propriety of topics that American Linen had noticed for Rule 30(b)(6) depositions of Plaintiffs, Daniel B. Stephens & Associates, Inc. ("DBSA"), and John Shomaker & Associates, Inc. ("JSAI"); and the timeliness of the notices for the latter two depositions. *See generally* Doc. 435 ("Discovery Order"). He clarified the scope of reopened discovery, issued protective orders for deposition topics noticed to Plaintiffs on six documents from the administrative record and the Rule 30(b)(6) depositions of DBSA and JSAI as then-noticed, and awarded Plaintiffs the reasonable expenses that they had incurred to brief the parties' cross motions to compel and for protective orders for DBSA's and JSAI's depositions. *See id.* at 7-12, 88-120.

Two weeks later, American Linen timely objected to the Magistrate Judge's Discovery Order, contesting the propriety of the expense award, the scope of reopened discovery, and the protective order issued for deposition topics noticed to Plaintiffs on documents from the administrative record. *See* Doc. 440. Plaintiffs responded on December 7, 2021. *See* Doc. 448. Briefing on these objections was complete on December 21, 2021, *see* Doc. 457, with the filing of American Linen's reply, *see* Doc. 456.

On March 9, 2022, the Court overruled American Linen's objections without considering its reply brief. *See* Doc. 474 at 1, 3, 19. It concluded that the Magistrate Judge's expense award was not clearly erroneous or contrary to law because Federal Rules of Civil Procedure 37(a)(5)(A) and (B), not Federal Rule of Civil Procedure 37(a)(5)(C), applied to that award; reasonable persons would not dispute that American Linen's position on the reasonable particularity of the topics

noticed for DBSA's and JSAI's depositions lacked substantial justification; and no exceptional circumstance rendered the award unjust. *See id.* at 4-14. The Court also found that the Magistrate Judge's conclusion about the undue burden posed to Plaintiffs by the topics noticed by American Linen on documents from the administrative record was not clearly erroneous and that the Magistrate Judge's elucidation of the scope of discovery was not clearly erroneous or contrary to law. *See id.* at 14-18. Then, the Court concluded that reasonable expenses incurred in responding to objections to expenses awarded pursuant to Federal Rule of Civil Procedure 37(a) are expenses incurred in making the discovery motion underlying that award and awarded Plaintiffs three quarters of the expenses that they had incurred to respond to American Linen's objections. *See id.* at 19-20.

The following day, American Linen filed the Motion currently under consideration, informing the Court that it had not considered American Linen's reply brief and requesting the Court to "give the consideration it deems appropriate" to this brief, reconsider the expenses awarded in its Memorandum Opinion and Order Overruling Objections, and stay briefing on that award for the pendency of the Motion. *See* Doc. 476.  On March 11, 2022, the Court granted the Motion as to the stay, deferred judgment on the remainder of the Motion, and stayed briefing on it. *See* Doc. 478. The Court now resolves the Motion as to its earlier non-consideration of the reply brief without further briefing or oral argument and lifts the stay on briefing on the remainder of the Motion so that the parties may fully brief the expense award issue.

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not mention motions to reconsider, let alone set forth a specific procedure for filing them or a standard for analyzing them." *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1187 (D.N.M. 2016). Courts construe motions to reconsider

in one of three ways: (1) a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e); (2) a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b); or (3) a motion for revision of an interlocutory order as authorized by Federal Rule of Civil Procedure 54(b). *See Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005). Reconsidering an interlocutory order is discretionary, *see Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008), and the Court "select[s] the [applicable] standard of review," *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1024 (D.N.M. 2019). A motion for reconsideration is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Tillmon v. Douglas Cnty.*, 817 F. App'x 586, 590 (10th Cir. 2020) ("[A]rguments raised for the first time in a motion for reconsideration are not properly before the [district] court and generally need not be addressed." (quoting *United States v. Trestyn*, 646 F.3d 732, 742 (10th Cir. 2011))).

## ANALYSIS

I.    CONSIDERATION OF AMERICAN LINEN'S REPLY BRIEF

As an initial matter, the Court has now fully considered American Linen's reply brief and, having done so, revisited its ruling on American Linen's objections.  Nonetheless, the Court finds no reason to revise its decision to overrule American Linen's objections to the Magistrate Judge's Discovery Order.  In short, the relevant arguments raised in the overlooked reply brief were previously considered and rejected, and the reply brief does not persuade the Court to reach a different conclusion.

In its reply brief American Linen first argues that the Magistrate Judge should have analyzed his expense award under Federal Rule of Civil Procedure 37(a)(5)(C) since he allowed American Linen to depose DBSA and JSAI. *See* Doc. 456 at 7-8 & n.4. The Court considered and rejected this argument when overruling American Linen's objections. *See* Doc. 474 at 5 (finding

4

that "[t]his argument overlooks the specific issue raised by [the Motions on which the Magistrate Judge awarded expenses] and addressed by the Discovery Order: whether American Linen could depose DBSA and JSAI pursuant to the notices issued on July 9, 2021" and that "Defendant did not prevail on this issue or these Motions"). The reply brief does not alter the Court's conclusion on this point.

The reply then contends that the Magistrate Judge found that American Linen's positions on these Motions were not substantially justified for a single, multi-factored reason (the notices for DBSA's and JSAI's depositions were untimely, lacked reasonable particularity, and imposed an undue burden); that this finding is erroneous if any of the Magistrate Judge's conclusions about the lack of justification for American Linen's timeliness, particularity, and burdensomeness positions is erroneous; and that each of the Magistrate Judge's conclusions about the absence of justification for these positions is erroneous. *See* Doc. 456 at 9-11. The Court considered and rejected this contention when overruling American Linen's objections. *See* Doc. 474 at 6-11 (concluding that untimeliness, undue burden, and want of reasonable particularity were three adequate and independent reasons for finding that Defendant's positions on the Motions lacked substantial justification and that the Magistrate Judge's determination about the lack of substantial justification for Defendant's position on the reasonable particularity of the topics noticed for JSAI's and DBSA's deposition was not clearly erroneous or contrary to law). The reply brief does not alter the Court's conclusion on this point.

Finally, the brief directs the Court to several circumstances that make the Magistrate Judge's expense award unjust: (1) the complexity of the parties' dispute; (2) the Magistrate Judge's decision to reopen discovery to allow American Linen to depose JSAI and DBSA makes his denial of American Linen's motion to compel these hydrogeologists' depositions a denial without

prejudice; and (3) Plaintiffs' intransigence during the parties' meet and confer process. *See* Doc. 456 at 11-12. The Court considered and rejected each of these circumstances when overruling American Linen's objections to the expense award. *See* Doc. 474 at 11-13. The reply brief does not alter the Court's conclusion on this point.

II.     RECONSIDERATION OF EXPENSES AWARDED TO RESPOND TO OBJECTIONS

        Turning to the request to reconsider the expenses that the Court awarded to Plaintiffs in its Memorandum Opinion and Order Overruling Objections for their response to American Linen's objections, the Court finds that it would benefit from a complete set of briefing on the propriety of this award and so lifts the stay on that issue. Here, American Linen did not contest, in its reply, the propriety of the expense award requested by Plaintiffs in their response to its objections. *See generally* Doc. 456. Plaintiffs, however, made that request in the final sentence of their response and dropped a footnote to a string cite for the proposition that the Court may award them the reasonable expenses incurred in responding to objections to a discovery order. *See* Doc. 448 at 24 & n.17. It is arguable that the manner in which Plaintiffs requested an expense award provided inadequate notice to American Linen that an award was at issue. Under this circumstance, the Court will not find American Linen to have waived argument about the propriety of awarding Plaintiffs the reasonable expenses that they incurred to respond to its objections to the Magistrate Judge's Discovery Order by not addressing the issue in its briefing on these objections.

        **IT IS THEREFORE ORDERED** that Defendant American Linen Supply of New Mexico, Inc.'s Motion for Court to Reconsider [Its] Timely Filed Reply Brief is **GRANTED IN PART** as to the consideration of its reply brief and **DENIED IN PART** in so far as it requests reconsideration of the Court's decision in its Memorandum Opinion and Order Overruling Objections to the Magistrate Judge's Discovery Order. Judgment on whether the Court should

reconsider its expense award in the Memorandum Opinion and Order Overruling Objections is **DEFERRED** pending the completion of briefing on this issue. Plaintiffs' Response on this issue is due **within fourteen (14) days of the entry of this Order** and Defendant's Reply is due **within fourteen (14) days of the filing of Plaintiff's Response.** The Court's "stay of the submission of, and opposition to, affidavits of reasonable attorney fees awarded by the Court in its Memorandum Opinion and Order Overruling Objections (Doc. 474)," *see* Doc. 478 at 1, remains in effect.

SENIOR UNITED STATES DISTRICT JUDGE