## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES, *et al.,*

      Plaintiffs/Counterclaim Defendants,

v.                                                                                    Civ. No. 17-809 JCH/GBW

THE LOFTS AT ALAMEDA, LLC; AMERICAN LINEN
SUPPLY OF NEW MEXICO, INC.; RAWSON LEASING
LIMITED LIABILITY CO.; and CHISHOLM'S-VILLAGE
PLAZA, LLC,

      Defendants/Counterclaimant,

and

AMERICAN LINEN SUPPLY OF NEW MEXICO, INC.

      Crossclaimant,

v.

THE LOFTS AT ALAMEDA, LLC; RAWSON LEASING
LIMITED LIABILITY CO.; and CHISHOLM'S-VILLAGE
PLAZA, LLC,

      Crossclaim-Defendants,

and

AMERICAN LINEN SUPPLY OF NEW MEXICO, INC.

      Third-Party Plaintiff,

v.

ESTATE OF JESUS TERESO VILLANUEVA, SR., deceased,
BERTHA VILLANUEVA, individually and o/b/o ESTATE
OF JESUS TERESO VILLANUEVA, SR., and VICTOR A.
JASSO,

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER
## <u>DENYING RECONSIDERATION OF EXPENSE AWARD</u>

      **THIS MATTER** comes before the Court on Defendant American Linen Supply of New

Mexico, Inc.'s Motion for Court to Reconsider [Its] Timely Filed Reply Brief.  Doc. 476 ("the

Motion").  Earlier, the Court granted the Motion in part "as to the stay of the submission of, and

opposition to, affidavits of reasonable attorney fees awarded by the Court in its Memorandum and Order Overruling Objections (Doc. 474)," *see* Doc. 478, granted the Motion in part "as to its request for consideration of American Linen's reply brief," *see* Doc. 490 at 1, denied the Motion "in so far as it requests reconsideration of the Court's decision to overrule American Linen's objections in its Memorandum Opinion and Order Overruling Objections," *see id.*, deferred judgment on the remainder of the Motion "as to its request for reconsideration of the expenses the Court awarded Plaintiffs in its Memorandum Opinion and Order Overruling Objections," *see id.* at 1-2, and directed the parties to complete their briefing of this issue, *see id.* at 7.  Having reviewed the remainder of the Motion and the attendant briefing on the expense issue (Doc. 498; Doc. 506), and being fully advised in the premises, the Court DENIES the Motion as to its request for reconsideration of the expenses that the Court awarded Plaintiffs in its Order.[1]

## BACKGROUND

On November 9, 2021, Magistrate Judge Gregory B. Wormuth ruled on several discovery disputes, including the scope of discovery authorized by the Court on Plaintiffs' arranger claim, the propriety of topics that Defendant had noticed for Rule 30(b)(6) depositions of Plaintiffs and three hydrogeology consultancy firms, and the timeliness of the notices for two of the firms' depositions.  *See generally* Doc. 435 ("Arranger Claim Discovery Order").  *Inter alia*, he clarified the scope of reopened discovery, issued a protective order for deposition topics noticed to Plaintiffs on documents from the administrative record, quashed the Rule 30(b)(6) depositions of consultancy firms as then-noticed, and awarded Plaintiffs the reasonable expenses that they had incurred to brief the parties' cross motions about the consultancy firm depositions.  *See id.* at 7-12, 88-120.

---

[1] The Court notes Defendant's request for oral argument, *see* Doc. 476 at 4, but finds that the parties' briefing is sufficient to resolve the Motion without such argument.

Fourteen days later, Defendant timely objected to the Magistrate Judge's Arranger Claim Discovery Order, contesting the propriety of the expense award, the scope of reopened discovery, and the protective order issued for deposition topics noticed to Plaintiffs on documents from the administrative record. *See* Doc. 440. Plaintiffs responded on December 7, 2021, *see* Doc. 448, and Defendant filed a reply two weeks later, *see* Doc. 456.

On March 9, 2022, the Court overruled Defendant's objections without considering its reply brief. *See* Doc. 474 at 1, 3, 19 ("Order Overruling Arranger Claim Discovery Objections"). It also concluded that reasonable expenses "incurred to defend the Magistrate Judge's expense award" from Defendant's objections were awardable under Federal Rule of Civil Procedure 37(a) and awarded Plaintiffs three quarters of the expenses that they had incurred to respond to Defendant's objections. *See id.* at 19-20.

The following day, Defendant filed the instant Motion on the basis that the Court had not considered its reply brief and requesting the Court to "give the consideration it deems appropriate" to this brief, reconsider the expenses awarded in its Order Overruling Arranger Claim Discovery Objections, and stay briefing on that award for the pendency of the Motion. *See* Doc. 476 at 1-2, 4. On March 11, 2022, the Court granted the Motion as to the stay, deferred judgment on the remainder of the Motion, and stayed briefing on it. *See* Doc. 478. On April 20, 2022, the Court granted the Motion as to the request to consider the reply brief, denied the Motion as to its request for reconsideration of the decision to overrule objections in the Court's Order Overruling Arranger Claim Discovery Objections, deferred judgment on the Motion as to the request to reconsider the expense award in that Order, and ordered the parties to complete briefing on this issue. *See* Doc. 490. The Court now resolves the Motion as to this issue.

**LEGAL STANDARD**

"[T]he Federal Rules of Civil Procedure do not mention motions to reconsider, let alone set forth a specific procedure for filing them or a standard for analyzing them." *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1187 (D.N.M. 2016).  Courts construe motions to reconsider in one of three ways: (1) a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e); (2) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b); or (3) a motion for revision of an interlocutory order as authorized by Federal Rule of Civil Procedure 54(b).  *See Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005).  Reconsidering an interlocutory order is discretionary, *see Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008), and the Court selects the appropriate standard of review, *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1024 (D.N.M. 2019).

This Court applies a multi-factor test for reconsidering an interlocutory order.  *See id.* at 1024-25.  First, it conditions the deference of its standard of review to thoroughness with which "the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges." *Id.* at 1024.  Second, the Court considers the degree of reasonable reliance that the nonmovant has placed on the interlocutory order given the "case's overall progress and posture," the timeliness of the motion for reconsideration, and the evidence provided by the parties.  *Id.* at 1025.  Finally, the Court considers the grounds identified by the Tenth Circuit in *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), for reconsidering a judgment pursuant to Federal Rule of Civil Procedure 59(e): (1) new controlling authority; (2) new evidence; or (3) a clear indication that the Court erred.  *Id.*; *see also Servants of the Paraclete*, 204 F.3d at 1012.

A motion for reconsideration is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also*

*Tillmon v. Douglas Cnty.*, 817 F. App'x 586, 590 (10th Cir. 2020) ("[A]rguments raised for the first time in a motion for reconsideration are not properly before the [district] court and generally need not be addressed." (quoting *United States v. Trestyn*, 646 F.3d 732, 742 (10th Cir. 2011))).

## ANALYSIS

On reconsideration, the Court affirms the expense award in its Order Overruling Arranger Claim Discovery Objections. It reviews this award *de novo*, as its Order did not analyze in great detail the propriety of awarding expenses to respond to objections to an expense award issued pursuant to Federal Rule of Civil Procedure 37(a)(5), *see* Doc. 474 at 19, and any reasonable reliance by Plaintiffs on this award is *de minimis* due to Defendant requesting the Court to reconsider the award the day after its issuance, *see id.*; Doc. 476. Upon *de novo* review, though, the Court finds no error. Federal Rule of Civil Procedure 37(a)(5) allows courts to award a party the reasonable expenses it incurs to respond to objections to an expense award where those objections lack substantial justification, like the objections that Defendant made to the expense award in the Magistrate Judge's Arranger Claim Discovery Order here.

I.  EXPENSES INCURRED TO RESPOND TO OBJECTIONS MAY BE AWARDED
    UNDER RULE 37(a)(5)

Federal Rule of Civil Procedure 37(a)(5) enables courts to award a party the reasonable expenses it incurs to respond to objections to an expense award or other order issued under this Rule where those objections lack substantial justification. Defendant did not argue to the contrary until its reply brief, *see* Doc. 506 at 2-11; *cf.* Doc. 476 at 2-4 (arguing only that the expense award was improper because Plaintiffs waived their request for the award by making it in one sentence and a footnote and because Defendant's objections were substantially justified), and so has waived such argument, *see Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016)

("[A] party waives issues and arguments raised for the first time in a reply brief.").  Nonetheless, the Court exercises its discretion to consider the argument despite its procedural flaws.  It concludes that, under Federal Rule of Civil Procedure 37(a)(5), expenses may be awarded to Plaintiffs to defend against Defendant's objections to the arranger claim discovery expense award, as these objections lacked substantial justification.

Awarding such expenses is necessary to achieve the Rule 37(a)(5)'s purpose: "deter[ring] a party from pressing to a court hearing frivolous requests for or objections to discovery."  *See* Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment. Meritless objections to a magistrate judge's discovery order compound "the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists."  *See id.*  Not only must the magistrate judge spend time and energy to address this dispute in the first instance, but a district judge must then devote additional time and energy to it to resolve objections.  Similarly, the victorious party in the dispute must spend time and money to brief the dispute twice: once before the magistrate judge and again before the district judge.

It is no wonder, therefore, that numerous district courts inside and outside the Tenth Circuit read Rule 37(a)(5) to allow courts to tax the objecting party the reasonable expenses a responding party incurs to respond to objections that are overruled.  *See, e.g.*, *Lawson v. Spirit Aerosystems, Inc.*, No. 18-1100-EFM, 2021 WL 4844058, at *7 (D. Kan. Oct. 18, 2021); *Ad Astra Recovery Servs., Inc. v. Heath*, Case No. 18-1145-JWB, 2020 WL 6939748, at *6 (D. Kan. Nov. 25, 2020); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LCC*, Adv. Pro. No. 08-01789 (SMB), 2020 WL 1488399, *14 (Bankr. S.D.N.Y. Mar. 20, 2020); *Chung v. Lamb*, Civil Action No. 14-cv-03244-WYD-KLM, 2018 WL 7141325, at *2 (D. Colo. June 7, 2018); *Blair v. CBE Grp., Inc.*, No. 13cv134-MMA (WVG), 2014 WL 4658731, at *2 (S.D. Cal. Sept. 17,

2014); *Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013); *MAS, Inc. v. Nocheck, LLC*, No. 10-cv-13147, 2011 WL 1135367, at *4 (E.D. Mich. Mar. 28, 2011); *Enterasys Networks, Inc. v. DNPG, LLC*, Civil No. 04-CV-209-PB, 2006 WL 1644598, at *2 (D.N.H. June 12, 2006); *cf. Rickels v. City of S. Bend*, 33 F.3d 785, 787-88 (7th Cir. 1994) (awarding reasonable expenses incurred to defend expenses awarded under Rule 37(a)(5)'s predecessor on appeal); *Catapult Commc'ns Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) (awarding reasonable expenses incurred to respond to a motion to reconsider an order to compel); *Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp., LLC*, No. 3:12-cv-559, 2014 WL 1234876, at *3 (M.D. Tenn. Mar. 25, 2014) (awarding reasonable expenses incurred to respond to a Rule 60 motion to reconsider a Rule 37(a)(5) expense award).[2]

Admittedly, some courts read the Rule differently, including the Sixth and Ninth Circuit Courts of Appeal.  *See Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 467 (9th Cir. 1995) ("Although Rule 37[(a)(5)] provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration."), *abrogated on other grounds by Cunningham v. Hamilton Cnty.*, 527 U.S. 198 (1999); *Youn v. Track, Inc.*, 324 F.3d 409, 421-22 (6th Cir. 2003) (citing *Telluride Mgmt. Sols.*, 55 F.3d at 467); *Stead v. Unified Sch. Dist. No. 259 Wichita Pub. Schs.*, No. 13-1378-DDC, 2014 WL 3854231, at *4 (D. Kan. Aug. 6, 2014) (same); *Certusview Techs., LLC v. S&N Locating Servs., LLC*, Case No. 2:13cv346, 2014 WL 12603191, at *2 (E.D. Va. Sept. 19, 2014) (citing *Youn*, 324 F.3d at 422).[3]  The foundation of this reading, though, is a rigid textualist interpretation of the phrase

---

[2] The Court acknowledges that the opinions which arise out of courts in the Sixth and Ninth Circuit are inconsistent with binding precedent from their respective circuit.  Nonetheless, as the Sixth and Ninth Circuit Courts of Appeal do not bind the Court, these cases are included as evidence for the persuasive force of the argument that awarding expenses to respond to objections to an order issued under Rule 37(a)(5) is necessary to obtain the deterrent effect sought by this Rule.

[3] Prior to *Telluride Management Solutions, Inc. v. Telluride Investment Group.*, the Ninth Circuit held, albeit in an unpublished opinion, that "attorney's fees and costs should be awarded where a district court's award of Rule

"incurred in making a motion, *see Telluride Mgmt. Sols.,* 55 F.3d at 467, which this Court has rejected as inconsistent with Tenth Circuit precedent that favors an interpretation that affords greater weight to Rule 37(a)(5)'s purpose. *See* Doc. 517 at 11 (citing *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 681-82 (10th Cir. 2012)).

The Court understands Rule 37(a)(5) to impose a "but-for" test. *See id.* Under this test, courts must award parties the reasonable expenses that they would not have incurred had their opponent not taken positions on a motion to compel or for protective order that lacked substantial justification. *See Aerwey Lab'ys, Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565-66 (N.D. Ill. 1981) ("'[E]xpenses incurred in obtaining the order' should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly" (quoting Federal Rule of Civil Procedure 37(a)(4)). Expenses arising from the opponent continuing to litigate (on appeal or via objections) an expense award or other matter resolved in an order to compel or for protective order also satisfy this test; they would not have been incurred had the opponent not persisted in the litigation.

Awarding these expenses under Rule 37(a)(5) is consistent with the jurisprudence on awarding expenses under other Rule 37 fee-shifting provisions for responding to appeals of expenses awarded pursuant to them. *See Ohio v. Anderson*, 570 F.2d 1370, 1375-76 (10th Cir. 1978) (awarding appellate expenses under Rule 37(b)(2) for defending, on appeal, sanctions imposed for appellant disobeying an order to compel without substantial justification); *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 475 (7th Cir. 1984) (awarding appellate expenses pursuant to Rule 37(b) for defending, on appeal, sanctions levied for appellant and its client

---

37(a)(4) expenses is upheld on appeal." *See Laxalt v. McClatchy*, 895 F.2d 1417, 1990 WL 11876, at *6 (9th Cir. Feb. 12, 1990) (unpublished table decision). The Ninth Circuit did not mention this unpublished opinion when abrogating it in *Telluride Management Solutions, Inv. v. Telluride Investment Group*.

disobeying a court order to appear for a deposition); *Mickwee v. Hsu*, 753 F.2d 770, 770 (9th Cir. 1985) (awarding appellate expenses pursuant to Rule 37 to defend on appeal "a district court order of sanctions for failure to comply with discovery rules"). Rule 37(a)(5)'s text may differ from that of Rule 37(b) and most other Rule 37 fee-shifting provisions, but "the overlapping purposes of the assorted provisions of Rule 37" make it "incongruous" to interpret Rule 37(a)(5) to bar an award of expenses allowed under the other Rules. *Cf. McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 488, 493 (6th Cir. 2014) (interpreting Rule 37(c)(2) to allow for the award of "reasonable fees and expenses associated with the preparation and presentation of fee applications").

In addition to favoring the rigid reading of Rule 37(a)(5) that the Court rejects, Defendant disputes the appropriateness of awarding reasonable expenses to respond to objections that lack substantial justification on three grounds. First, Defendant contends that shifting these expenses is inconsistent with the American Rule, which provides that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *See* Doc. 506 at 2 (quoting *Baker Botts L.L.P. v. ASARCO*, 576 U.S. 121, 126 (2015)). Rule 37(a)(5), however, provides the "explicit … authority," *see Baker Botts*, 576 U.S. at 126, required to depart from this Rule in this context, *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 261 & n.33 (1975) (listing Rule 37(a) as an example of a "specific and explicit provision[] for the allowance of attorneys' fees").

The "reasonable expenses incurred in making [a] motion," Fed. R. Civ. P. 37(a)(5), do not stop once that motion is filed and include those incurred to defend the order adjudicating that motion from objections. The phrase "incurred in making" also appears in Federal Rule of Civil Procedure 37(c)(2), which requires that "[i]f a party fails to admit what is requested under Rule

36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." *See* Fed. R. Civ. P. 37(c)(2). Every circuit court of appeals to have considered the issue has held that the "reasonable expenses … incurred in making that proof" include the expense of preparing an expense application that postdates the proof. *See McCarthy*, 763 F.3d at 493-94; *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 351 (7th Cir. 2006); *Booker v. Stauffer Seeds Inc. (In re Stauffer Seeds, Inc.)*, 817 F.2d 47, 50 (8th Cir. 1987).

Reading "incurred in making the motion" to compel or for protective order to exclude expenses arising from responding to objections to the protective order or order to compel creates an absurd result. In 1970, the Federal Rules Advisory Committee drafted Rule 37(a)(5) to "press[] the court to address itself to abusive [discovery] practices" and "encourage judges to be more alert to abuses occurring in the discovery process." *See* Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment. Chief among these abuses, as noted earlier, is "pressing to a court hearing frivolous requests for or objections to discovery." *Id.* Reading "incurred in making the motion" to compel or for protective order to omit the expense of defending the order against frivolous objections creates a situation where courts must sanction a party for opposing, without substantial justification, the entry of the order but cannot sanction the same party for continuing its discovery abuse by raising as objections the very positions found to lack substantial justification. The Federal Rules of Civil Procedure must be read to avoid such absurdity, particularly where the absurd cannot be squared with the purposed for the federal rule. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute

which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.").

Defendant's second argument is that awarding expenses to respond to objections "hamper[s] the exercise of the Article III judge's decisionmaking authority," creating a constitutional issue that Rule 37(a)(5) must be construed to avoid.  *See* Doc. 506 at 10-11. Defendant does not clearly define the exact constitutional issue.  The Court, though, understands it to be that conditioning access to Article III judicial review of magistrate judge's discovery order to exposure to sanctions should objections be found to lack substantial justification impinges litigants' "personal right" to "an Article III adjudicator."  *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678 (2015).  However, objecting to a magistrate judge's non-dispositive, pretrial order is hardly the sole circumstance where requesting an Article III judge to review an Article I judge's decision risks sanction.  Federal Rule of Bankruptcy Procedure 8020(a) subjects frivolous appeals of bankruptcy judges' orders to sanction.  *See* Fed. R. Bankr. P. 8020(a).  Federal Rule of Appellate Procedure 38 does the same for frivolous appeals of orders by judges on the Federal Court of Claims, *see* 42 U.S.C. § 300aa-12(f), district judges on the U.S. District Courts for the Districts of Guam, Northern Mariana Islands, and the Virgin Islands, *see* 28 U.S.C. § 1291; 48 U.S.C. § 1824(b), and some administrative law judges, *see, e.g.*, 7 U.S.C. § 18(e) (granting courts of appeals jurisdiction over appeals from decisions by the Commodity Futures Trading Commission).  *See generally* Fed. R. App. P. 38.  And requests for Article III Judges to review administrative law judges' decisions in district court, *see, e.g.*, 42 U.S.C. § 405(g), are subject to the sanctions provisions of Federal Rule of Civil Procedure 11, *see* Fed. R. Civ. P. 11.  Defendant cites no authority for the proposition that conditioning the availability of Article III judicial review of Article I judges' decisions on potential liability for

frivolous appeals or objections violates Article III of the U.S. Constitution.  Absent this authority and in light of the pervasive practice recounted above, the Court concludes that a constitutional violation does not arise from awarding a party the reasonable expenses incurred to respond to objections to a magistrate judge's discovery order that lacked substantial justification.

Defendant's final argument is a policy argument: awarding reasonable expenses to respond to objections to protective order "will … have a chilling effect on legitimate appeals of discovery rulings."  *See* Doc. 506 at 10.  As recounted above, though, using the specter of sanctions to deter frivolous appeals is a routine practice in federal court.  Insofar as policy considerations other than advancing the Rule 37(a)(5)'s deterrent purpose affect the Court's analysis, the Court sees no reason why the chilling effect created by sanctioning a party for making substantially unjustified objections to a discovery order is any different from sanctioning a party for making frivolous arguments against that order on appeal, or why the former should not be subject to sanctions when the latter is.

II.     RECONSIDERATION OF EXPENSES AWARDED TO RESPOND TO OBJECTIONS

Awarding Plaintiffs "three quarters of the reasonable expenses that they incurred to file their response to Defendant's objections" to the Magistrate Judge's Arranger Claim Discovery Order, *see* Doc. 474 at 19, is appropriate, as Defendant's objections to the expense award therein lacked substantial justification.  Substantial justification only exists where "there is a genuine dispute" such that "reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (cleaned up).  Defendant's objections to the expense award created no such dispute and Plaintiffs had to allocate approximately three quarters of their response brief to rebutting them, *see generally* Doc. 448.

12

A.   *Each of Defendant's Objections Lacked Substantial Justification*

No reasonable litigant would contend that Defendant's objections to the expense award in the Magistrate Judge's Arranger Claim Discovery Order created a genuine dispute about the award's propriety.  Defendant first objected to the award for failing to apportion expenses under Rule 37(a)(5)(C), *see* Doc. 440 at 6-7, arguing that the Magistrate Judge's decision "to reopen discovery to allow Defendant to depose [two hydrogeology consultancy firms] on a narrow list of topics," Doc. 474 at 5, "granted [it] relief … as to the most significant dispute between the parties: whether discovery of PCE fate and transport west of Interstate 25 would be allowed from the hydrogeologists, *see* Doc. 440 at 7.  As the Court noted when overruling this objection, "[t]his argument overlooks the specific issue raised by [the parties' cross-motions about the hydrogeologists' depositions] and addressed by the [Arranger Claim] Discovery Order: whether Defendant could depose [the hydrogeologists] pursuant to the notices issued on July 9, 2021. Defendant did not prevail on this issue or these [m]otions."  Doc. 474 at 5 (citing Doc. 435 at 97-111, 141-142).  No reasonable litigant can claim that Rule 37(a)(5)(C) applies to a decision granting a motion for protective order in full and denying a motion to compel in full.  *See* Fed. R. Civ. P. 37(a)(5)(C) (authorizing the Court to apportion expenses only "[i]f the motion is granted in part and denied in part").

Defendant also objected to the expense award on the basis that the Magistrate Judge erred in finding that its motion to compel and opposition to Plaintiffs' motion for protective order lacked substantial justification.  *See* Doc. 440 at 7-22.  The Magistrate Judge concluded that the untimeliness of the deposition notices for the hydrogeology consultancy firms, their plain violation of Rule 30(b)(6)'s reasonable particularity requirement, and their concomitant undue burden "prevent a finding that [Defendant]'s position was substantially justified."  Doc. 435 at 120.  Each of these reasons "is an adequate and independent reason for quashing the deposition

notices," so establishing error "require[d] Defendant to show that reasonable persons could differ about each [one]."  Doc. 474 at 6.

No reasonable litigant, however, would conclude that the Magistrate Judge erred in finding Defendant's position on these topics' reasonable particularity unreasonable.  Federal Rule of Civil Procedure 30(b)(6) obligates the party deposing a corporation to "describe with reasonable particularity the matters for examination," Fed. R. Civ. P. 30(b)(6), so that the deponent is "not faced with an 'impossible task' in preparing its representatives" to testify. *Heuskin v. D&E Transp., LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 3051578, at *2 (D.N.M. June 8, 2020) (quoting *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008)). Defendant, however "noticed the substance and content of various reports 'as [they] relate[]' to its contentions about Plaintiffs' arranger claim and the paragraphs in the Second Amended Complaint that comprise this claim."  Doc. 474 at 7 (footnote omitted) (quoting Doc. 389-1 at 9-19, and Doc. 389-2 at 9-19).  Omnibus phrases like 'related to' violate the particularity requirement since "they do not provide a basis upon which an individual or entity can reasonably determine what information may or may not be responsive."  *Trustees of Boston Univ. v. Everlight Elecs. Co.*, Civil Actions Nos. 12-cv-11935-PBS, 12-cv-12326-PBS, 12-cv-12330-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014); *cf. Baylon v. Wells Fargo Bank, N.A.*, Civ. No. 12-52 KG/KBM, 2013 WL 12164723, at *3 (D.N.M. Nov. 20, 2013) ("Use of certain omnibus phrases like 'pertaining to,' 'relate to,' or 'relating to' makes an interrogatory facially over broad and unduly burdensome.").  The violation is particularly acute where deposition topics solicit testimony about documents as they relate to litigants' entire claims and defenses. *See Lipari v. U.S. Bancorp, N.A.*, Civil Action No. 07-2146-CM-DJW, 2008 WL 4642618, at *6 (D. Kan. Oct. 16, 2008) (gathering cases).  Such solicitation is akin to requesting the Rule

30(b)(6) deponent to provide designees prepared to testify about any discoverable content in documents.  *See* Fed. R. Civ. P. 26(b) (defining the outer bound of discovery as "any nonprivileged matter that is relevant to any party's claim or defense").  As the topics noticed for the hydrogeology consultancy firms' depositions essentially noticed all the content of reports that fell within the scope of discovery on Plaintiffs' arranger claim, no reasonable litigant could conclude that the Magistrate Judge erred in finding that no genuine dispute existed about these topics' reasonable particularity.

Defendant's final objection to the expense award was that five extenuating circumstances render it unjust: (1) the complexity of the parties' dispute about the scope of arranger discovery; (2) the Magistrate Judge's decision to reopen arranger discovery to allow Defendant to depose two of the hydrogeology consultancy firms renders his denial of Defendant's motion to compel these firms' depositions a denial without prejudice; (3) Plaintiffs' intransigence during the parties' meet and confer process; (4) the double dipping inherent in awarding Plaintiffs expenses for filing multiple legal briefs on the same issue; and (5) the inequity caused by the timing of Plaintiffs' Second Amended Complaint.  *See* Doc. 440 at 22-24.  For the same reasons that the Court found each these circumstances did not render the expense award unjust, *see* Doc. 474 at 11-14, it also concludes that no reasonable litigant would maintain otherwise.

### B.  *No Extenuating Circumstance Justified Filing Objections*

Beyond arguing that its specific objections to the Magistrate Judge's Arranger Claim Discovery Order had substantial justification, Defendant argues more broadly that the following circumstances make its decision to file objections substantially justified: (i) the expense award in that Arranger Claim Discovery Order punished Defendant for following the Magistrate Judge's invitation to brief the propriety of the consultancy firms' depositions if the parties could not

resolve this dispute after meeting and conferring about the guidance he provided at a status

conference, and for making a good-faith effort to amend the topics noticed for the depositions to

comport with this guidance, *see* Doc. 476 at 3; Doc. 506 at 12; (ii) the Magistrate Judge

permitted two depositions "to proceed under a narrowed scope," *see* Doc. 476 at 4, giving

Defendant a "victory 'at a high level of abstraction,'" *see* Doc. 506 at 12 (quoting Doc. 474 at 5-

6); and (iii) the need to preserve the ability to appeal an expense award that could total more than

$50,000, *see id.*  Substantial justification, though, relates to the legal merit of a party's

objections, not to the factual circumstances that surround them.  Factual circumstances may bar

the Court from awarding expenses if they make an expense award unjust, *see* Fed. R. Civ. P.

37(a)(5) (iii), but none of the circumstances raised by Defendant make an expense award unjust

here.

      Regarding the first circumstance, the Magistrate Judge's expense award was consistent

with the guidance that he provided at the status conference, while Defendant's amendment of the

deposition notices did not sufficiently reflect the guidance that the Magistrate Judge provided.

At the status conference, the Magistrate Judge explained that while he "would likely order

Defendant to withdraw its notices as currently drafted because their topics [were] too broad"

even though "specific questions" that Defendant raised at the conference as "proposed lines of

inquiry" within these topics were appropriate.  Doc. 366 at 4-5.  He then suggested that

Defendant reduce "high-level questions" about these topics to writing to facilitate a more productive

meet and confer.  *See id.* at 6.  Despite this guidance, Defendant elected not to amend the topics to

narrow their scope but instead provided illustrative (but not exhaustive) examples of potential

lines of questioning that fell with them.  *See* Doc. 389-1 at 9-20, and Doc. 389-2 at 9-19.

Therefore, it should have come as no surprise to Defendant that the Magistrate Judge not only

quashed the deposition notices for having topics that posed an undue burden and lacked

reasonable particularity, but also found that Defendant's positions on these topics' propriety

lacked substantial justification.

As to the second circumstance, the Court has already twice explained why it was

appropriate to award Plaintiffs the reasonable expenses that they incurred to quash the

consultancy firms' depositions as then noticed, while also extending the arranger claim discovery

deadline so Defendant could depose two of these firms on a reduced set of topics.  *See infra* at p.

13; Doc. 474 at 5-6.  Defendant's opportunity to depose these firms on a narrower set of more

specific topics is not a circumstance that makes it unjust to sanction it for making substantially

unjustified objections to an expense award imposed for maintaining substantially unjustified

positions about deposing these firms on a broader set of less-specific topics.

Finally, turning to the third circumstance, making substantially justified objections to

Magistrate Judge's Arranger Claim Discovery Order was not necessary to preserve all of

Defendant's appellate rights on an issue that could foreseeably involve $50,000 or more.  The

Tenth Circuit does have a "firm waiver rule," *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir.

2006), wherein "[i]ssues raised for the first time in objections to the magistrate judge's

[decision] are deemed waived," *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  The

Magistrate Judge's Arranger Claim Discovery Order, however, did not purport to resolve the

sum of the expenses Plaintiffs reasonably "incurred to bring their Motion for Protective Order

Quashing American Linen's Rule 30(b)(6) Deposition Notices to [the hydrogeology consultancy

firms] and to oppose American Linen's Motion to Compel Plaintiffs to Designate Witnesses

Pursuant to Fed. R. Civ. P 30(b)(6) and 37(a)(3)(B)(ii) (*doc. 389*)."  *See* Doc. 435 at 143.

Objecting to that Order, therefore, was unnecessary to preserve the opportunity to challenge the

sum of expenses awarded on appeal.  Objections were only necessary to protect the opportunity to challenge the Magistrate Judge's decision to award any expenses at all.  Protecting this opportunity, however, does not excuse filing objections that lack substantial justification or make a Rule 37(a)(5) sanction for doing so unjust.

III.    WAIVER

Finally, Plaintiffs did not waive their request for an expense award for the costs they incurred in responding to Defendants' objections by making it in the very last sentence of their response and relegating the supporting authority to a footnote.  Arguments raised in perfunctory manner—such as in a footnote—are generally waived, as they "leav[e] … the burden of constructing a persuasive case" to the Court, *see San Juan Citizens Alliance v. Stiles*, 654 F.3d 1038, 1056 (10th Cir. 2011), and do not provide the other side with sufficient notice that the argument is at issue, *see United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002).  These concerns are not present here, however.  Even if Plaintiffs' initial request were insufficient to develop the case for awarding them the expenses incurred to respond to Defendant's objections, their response to the instant Motion has discharged that responsibility.  Similarly, even if Plaintiffs' initial request were insufficient to provide Defendant with reasonable notice that expenses were at issue—despite replicating a format for expense requests that Defendant had previously used in this case, *compare* Doc. 448 at 24 & n.17 (one-sentence expense request in the conclusion), *with* Doc. 387 at 26 (same), *with* Doc. 388 at 27 (same); Doc. 389 at 25 (same)—the expense award in the Court's Order Overruling Arranger Claim Discovery Objections was sufficient to do so.  This notice may postdate the expense award, but the Court has reviewed the award *de novo* here, putting Defendant in the same position that it would have been had it briefed the expense issue in its reply in support of its objections.

**IT IS THEREFORE ORDERED** that Defendant American Linen Supply of New Mexico, Inc.'s Motion for Court to Reconsider Its Timely Filed Reply Brief is **DENIED IN PART** as to its request for consideration of the Court's expense award in its Order Overruling Arranger Claim Discovery Objections.  **IT IS FURTHER ORDERED** that Plaintiffs and Defendant shall meet and confer **within fourteen (14) days of the entry of this Order** about the sum that constitutes "three quarters of the reasonable expenses that [Plaintiffs] incurred to respond to Defendant's objections," Doc. 474 at 20, and the timeline for Defendant tendering that sum to Plaintiffs.  If the parties reach a stipulation as to this sum and timeline, they shall file a notice of that stipulation **within seven (7) days of the meet and confer**.  If no stipulation is reached, Plaintiffs shall file their expense application **within fourteen (14) days of the meet and confer** and briefing on that expense application shall proceed in accordance with Local Rule 7.4(a).

SENIOR UNITED STATES DISTRICT JUDGE