# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES, *et al.*,

    Plaintiffs/Counterclaim Defendants,

v.                                                                             Civ. No. 17-809 JCH/GBW

THE LOFTS AT ALAMEDA, LLC; AMERICAN LINEN
SUPPLY OF NEW MEXICO, INC.; RAWSON LEASING
LIMITED LIABILITY CO.; and CHISHOLM'S-VILLAGE
PLAZA, LLC,

    Defendants/Counterclaimant,

and

AMERICAN LINEN SUPPLY OF NEW MEXICO, INC.

    Crossclaimant,

v.

THE LOFTS AT ALAMEDA, LLC; RAWSON LEASING
LIMITED LIABILITY CO.; and CHISHOLM'S-VILLAGE
PLAZA, LLC,

    Crossclaim-Defendants,

and

AMERICAN LINEN SUPPLY OF NEW MEXICO, INC.

    Third-Party Plaintiff,

v.

ESTATE OF JESUS TERESO VILLANUEVA, SR., deceased,
BERTHA VILLANUEVA, individually and o/b/o ESTATE
OF JESUS TERESO VILLANUEVA, SR., and VICTOR A.
JASSO,

    Third-Party Defendants.

## ORDER DENYING DEFENDANT AMERICAN LINEN'S MOTION TO STRIKE EXPERT OPINIONS OF PETER KRASNOFF

THIS MATTER comes before the Court upon Defendant American Linen Supply of New Mexico, Inc.'s ("American Linen") Motion of American Linen Supply of New Mexico, Inc. to Strike Rebuttal and Supplemental Expert Opinions of Peter Kransnoff [sic] Pursuant to Federal Rules 26(a)(2), 16(f)(1), and 37(c)(1) ("Motion"). *Doc. 531.* Having reviewed the Motion and its attendant briefing, *see docs. 540, 549*, having conducted a hearing on this Motion, *see doc. 557*, and being otherwise fully advised in the premises, the Court DENIES American Linen's Motion to Strike as untimely.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs City of Las Cruces and Doña Ana County bring suit under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), seeking cost recovery and contribution for response costs incurred by Plaintiffs in cleaning up the Griggs & Walnut Ground Water Plume federal Superfund site in Las Cruces, New Mexico. *See generally docs. 79, 306*. In 2018, Plaintiffs filed their first amended complaint which brought owner/operator and contribution claims against several Defendants, including Defendant American Linen. *See doc. 79* at ¶¶ 20-25, 57, 65. After several discovery extensions and stays in the case, the Court set a deadline for fact discovery of October 9, 2020, and made all "discovery-related motions" due on October 23, 2020. *See doc. 214* at 2. Plaintiffs' expert witness, Peter Krasnoff, produced four expert reports during this discovery period, including an initial report on April 8, 2019, *see doc. 151*, two rebuttal reports on June 3, 2019, and July

2

16, 2019, *see docs. 166, 175*, and a supplemental report on August 4, 2020, *see doc. 227*. American Linen's expert witness, James Bearzi, produced an initial report on June 3, 2019, *see doc. 162*, and a second report (referred to as a supplemental report by American Linen) on August 4, 2020, *see doc. 226*. In February 2021, Plaintiffs filed a second amended complaint in which Plaintiffs asserted a new theory of liability against American Linen as an "arranger" for disposal of hazardous substances. *See doc. 306* at ¶¶ 60, 65. In March 2021, the Court reopened discovery to give American Linen an opportunity to conduct discovery on this new claim. *Doc. 332.* On May 26, 2021, during the second discovery period, Mr. Bearzi produced a third expert report on the arranger claim. *See doc. 351*.

On October 23, 2020, the last day for discovery-related motions in the first discovery period, both American Linen and Plaintiffs filed motions to strike certain expert reports. *Docs. 260, 261.* American Linen moved to strike the supplemental reports of Peter Krasnoff and Plaintiffs' other expert witness, Steven Helgen, on the basis that Mr. Krasnoff's supplemental report relied on information that was available to Plaintiffs before Mr. Krasnoff produced his initial report and that Mr. Helgen's supplemental report improperly presented new opinions. *See generally doc. 260*. The Court denied this motion as moot after it granted Plaintiffs leave to file the second amended complaint. *Doc. 320.* Also on October 23, 2020, Plaintiffs moved to strike the initial expert report and the supplemental report of James Bearzi on the basis that the

3

initial expert report failed to provide evidence of Mr. Bearzi's independent analysis with respect to his opinions and that the supplemental report was in fact an untimely rebuttal report. *See generally doc. 261.* On August 2, 2022, Judge Herrera issued an order in which she struck American Linen's initial and supplemental expert reports for the reasons argued by Plaintiffs. *Doc. 514.* A decision determining the appropriate remedy for these violations is forthcoming in a separate order.

On September 26, 2022, American Linen filed the instant Motion, requesting the Court to strike the rebuttal and supplemental expert opinions of Plaintiffs' expert, Mr. Krasnoff. *Doc. 531.* American Linen argues that Plaintiffs improperly provided affirmative opinions in Mr. Krasnoff's supplemental report and that Mr. Krasnoff's rebuttal report provided new evidence rather than directly rebutting the other expert opinions. *See generally id.* In response, Plaintiffs argue that American Linen's Motion should be denied as untimely because it was submitted over three years after Mr. Krasnoff's initial reports were disclosed and nearly two years after discovery-related motions were due in the first discovery period, and because American Linen provides no explanation for the delay. *Doc. 540* at 4-5. Plaintiffs also request that the Court issue sanctions against American Linen for filing an untimely motion under Fed. R. Civ. P. 16(f). *Id.* at 24. In its reply, American Linen argues that its Motion is a motion in limine rather than a discovery motion, and thus the October 23, 2020, deadline for discovery-related motions does not apply. *Doc. 549* at 1-3.

## II.     LEGAL STANDARD AND ANALYSIS

### A. American Linen's Motion to Strike Plaintiffs' Expert Opinions

Rule 26(a)(2) sets forth the legal requirements for the content and timing of initial and rebuttal expert witness reports. Fed. R. Civ. P. 26(a)(2)(B), (D). Rule 26(e) governs the timing and substance of supplemental reports. Fed. R. Civ. P. 26(e). If a party fails to provide sufficient information as required by these rules, the information or the expert witness is excluded from being used to supply evidence at trial unless the failure to disclose was substantially justified or was harmless. Fed. R. Civ. P. 37(c)(1). Courts also have discretion to issue other sanctions, such as those listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

In lieu of issuing sanctions for a Rule 26 violation, a court may decide to take steps to remedy a party's discovery failure such as ordering the party to make a late-disclosed witness available for deposition, *see, e.g.*, *ClearOne Comms., Inc. v. Biamp Sys.*, 653 F.3d 1163, 1177 (10th Cir. 2011), or permitting a party to use late-disclosed expert reports for trial, *see, e.g.*, *Thomson v. Nat'l R.R. Passenger Corp.*, No. 1:17-cv-00565-JCH-JFR, 2019 WL 6717255, at *3 (D.N.M. Dec. 10, 2019). A court's decision to assess sanctions and/or craft a remedy is a fact-specific inquiry, and the results vary widely depending on the circumstances of the case. *Compare Corral v. Home Depot U.S.A., Inc.*, Civ. No. 13-555 JCH/CG, 2014 WL 12787984, at *3 (D.N.M. Sept. 30, 2014) (striking Plaintiff's expert inadequate reports after Plaintiff made no effort to correct problems in

the reports and discovery had since concluded), *with Jager v. Andrade-Barraza*, Civ. No. 18-743, 2019 WL 6896643, at *7 (D.N.M. Dec. 18, 2019) (permitting an expert whose report violated Rule 26(a)(2)(B)(ii) to offer opinions and testimony because the information he provided at his deposition "mitigated" the prejudice caused by his inadequate report).

Because the purpose of discovery, including expert witness disclosures, is to promote truth-seeking rather than gamesmanship, parties have a responsibility to seek discovery remedies when they become available rather than move for sanctions at the eleventh hour. *See Lobato v. Ford*, Civil Action No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, at *8 (D. Colo. Sept. 5, 2007) (denying the defendants' motion to strike a witness for failure to comply with Rule 26 disclosures in part because the prejudice to defendants caused by the Rule 26 violations "could have been avoided by a more timely invocation of the Federal Rules"); *United States v. Assorted Drug Paraphernalia*, CIV 16-1310 KBM/CG, 2018 WL 3719249, at *4 (D.N.M. Aug. 3, 2018) (denying a motion to strike witness testimony as untimely because claimants filed it 29 days after discovery motions were due and nearly ten months after receiving the witness' declarations). *Cf. Fiber Optic Designs, Inc. v. New England Pottery*, LLC, 262 F.R.D. 586, 595-96 (D. Colo. 2009) (finding that the moving party should have filed its motion regarding the other party's failure to comply with Rule 26(a)(2)(B) sometime before the moving party took the expert's deposition because problems with expert disclosures "should be readily

6

apparent"). Indeed, courts may interpret a party's choice to move for sanctions long after the discovery violations become apparent as an improper delay tactic. *See Vondrak v. City of Las Cruces*, 671 F.Supp.2d 1239, 1245-46 (D.N.M. 2009) (concluding that a motion to strike for faulty Rule 26 disclosures is a "discovery motion" and noting that "a motion to trim back expert testimony [on that basis] – years after those disclosures were made and approximately one week before trial – has the flavor of a 'gotcha tactic'").

This Court holds that American Linen's instant Motion to strike the supplemental reports of Plaintiffs' expert witness is a "discovery-related motion." As such, the deadline for its filing was October 23, 2020. *See doc. 214* at 2. First, the legal basis of the Motion is an alleged violation of Rule 26 -- the quintessential discovery rule. Second, the complete factual basis of the Motion was known to American Linen since August 4, 2020 (more than two months before the discovery-related motion deadline) pursuant to the normal progress of the first discovery period. Simply put, it is undeniably a "discovery-related" motion. *Id*. Third, American Linen cannot claim to be surprised by this categorization given that it filed a motion to strike expert reports at the deadline for discovery-related motions -- October 23, 2020. *See doc. 260*. In fact, American Linen made clear to opposing counsel its position that "a motion to strike a supplemental expert report on grounds that it does not comport with the rules of civil procedure" is a "discovery-related motion." *Doc. 262-1* at 2. Finally, even if some delay

7

from the deadline could be countenanced, American Linen's two-year delay is extreme and completely unexplained. Even assuming that it were reasonable for American Linen to wait to file the Motion until after the second amended complaint had been filed by Plaintiffs,[1] American Linen still waited to file the Motion until 19 months after the second amended complaint was filed and 15 months after its expert produced the supplemental report in the second discovery period.

      The unreasonable and unfair gamesmanship inherent in American Linen's position is revealed when comparing it to the posture of Plaintiff's motion to strike. In that motion — filed as a timely discovery-related motion — Plaintiff argued that American Linen's expert reports were deficient. Judge Herrera agreed. *See doc. 514.* Now, when responding to what the consequences for its Rule 26 violation should be, American Linen asks the Court "to remedy this matter by requiring American Linen to substitute [the expert who drafted the deficient report] with experts competent to discuss site hydrogeology, contaminant transport, and the deficiencies in the affirmative opinions of [Plaintiff's experts.]". *Doc. 520* at 24. The Court can only consider this request to redo a substantial portion of expert discovery because Plaintiffs' motion to strike was timely and time remains before trial to do so if it were appropriate. In contrast, under American Linen's logic that such a motion is a motion in limine,

---

[1] In truth, hypothesizing this alternative deadline is purely arbitrary. Defendant American Linen does not argue that the Second Amended Complaint changed anything material related to the alleged deficiencies in the expert report it now seeks to strike.

8

Plaintiff could have — and strategically should have — waited until the eve of trial to file its motion to strike leaving Plaintiffs with no time to remedy the deficiencies.  In addition to being unpersuasive, the Court finds American Linen's claim that their Motion is a motion in limine rather than a discovery-related motion while simultaneously requesting a discovery-based remedy for its own expert disclosure violations simply audacious.[2]

      The cases that American Linen cites as support for its claim that the Motion is a motion in limine rather than a discovery motion do not persuade the Court to the contrary.  For example, in *Asia Strategic Investment Alliances Ltd. v. General Electric Capital Services, Inc.*, the defendants filed a motion for sanctions for improper Rule 26 disclosures only after repeatedly attempting to obtain the missing disclosure information from plaintiffs through other discovery remedies.  Civil Action No. 95-2479-GTV, 1997 WL 122568, at *2 (D. Kan. Mar. 11, 1997).  American Linen made no analogous efforts in this case.  Although the courts in *1st Source Bank v. First Resource Credit Union* and *Bentley v. Highlands Hospital Corp.* determined that motions to strike

---

[2] This audacity is further highlighted by the fact that American Linen took exactly the opposite position when dealing with Plaintiff's counsel with respect to Plaintiff's motion to strike.  As noted above, in an email to Plaintiffs' counsel dated October 23, 2020, American Linen's counsel made clear their position that "a motion to strike a supplemental expert report on grounds that it does not comport with the rules of civil procedure" is a "discovery-related motion," and it informed Plaintiffs' counsel that it would object to any motion to strike from Plaintiffs as untimely if it were filed after October 23, 2020 (the deadline for discovery motions).  *Doc. 262-1* at 2.  Now that the discovery motion deadline is no longer in American Linen's favor, American Linen's counsel has reversed its position and claimed that a motion to strike an expert report is in fact a motion in limine.

9

expert reports are not discovery motions, both courts were primarily concerned with whether the parties were required to confer with one another about the expert disclosure violations prior to filing the motion pursuant to local rules inapplicable to the instant case. *1st Source Bank v. First Res. Fed. Credit Union*, 167 F.R.D. 61, 64 (N.D. Ind. 1996); *Bentley v. Highlands Hosp. Corp.*, Civil No. 15-97-ART-EBA, 2016 WL 5867496, at *3 (E.D. Ky. Oct. 6, 2016). Further, this Court finds a fellow trial court within the Tenth Circuit more persuasive on this point. In *Jones v. Greyhound Lines, Inc.*, the court addressed an analogous local rule holding simply that "[t]he pleading [the movants] are attempting to strike is [the nonmovant's] initial medical expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(A) . . ., thus making [the movants'] motion to strike a 'discovery motion.'" No. 08-1185-MLB-DWB, 2009 WL 3809810, at *6 (D. Kan. Nov. 13, 2009).

For these reasons, the Court finds that the instant motion is a "discovery-related motion" which is grossly untimely and that it should be denied on that basis.

B. Plaintiffs' Request for Sanctions

Plaintiffs request that the Court sanction American Linen pursuant to Fed. R. Civ. P. 16(f) for filing an untimely motion in violation of the Court's scheduling order. *Doc. 540* at 23-24. Plaintiffs argue that an award of attorneys' fees is not sufficient given the history of American Linen's discovery violations and fee awards in this case. *Id*. Accordingly, Plaintiffs request that the court: (1) require that American Linen pay a fine to the Court; (2) "preemptively" disallow any more motions except for Daubert and

dispositive motions; and (3) set a trial date. *Id.* at 24.

Under Fed. R. Civ. P. 16(f), a court has "broad discretion to use sanctions where necessary" to ensure that attorneys and parties exercise "expeditious and sound management of the preparation of cases for trial." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984). Fed. R. Civ. P. 16(f)(2) requires that the Court award attorneys' fees which are "incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

The Court is sorely tempted to grant sanctions on this basis. The Court notes that American Linen has been ordered to pay attorney fees on three separate occasions and that discovery in this case has been less than smooth in part due to American Linen's violations of discovery rules. Nonetheless, the Court declines to impose sanctions for the instant Motion. Instead, the Court finds that, because American Linen presented enough authority for the argument that its Motion was not untimely, its position was substantially justified.

III.     CONCLUSION

Accordingly, American Linen's Motion of American Linen Supply of New Mexico, Inc. to Strike Rebuttal and Supplemental Expert Opinions of Peter Kransnoff [sic] Pursuant to Federal Rules 26(a)(2), 16(f)(1), and 37(c)(1) (*doc. 531*) is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE