IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES AND DONA ANA
COUNTY,

      Plaintiffs,

vs.                                                  Civ. No. 17-809 JCH/GBW

THE LOFTS AT ALAMEDA, LLC;
AMERICAN LINEN SUPPLY OF NEW
MEXICO, INC.; RAWSON LEASING
LIMITED LIABILITY CO.; and
CHISHOLM'S-VILLAGE PLAZA L.L.C.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Plaintiffs' Conditional[1] Motion to Supplement Complaint to Specifically Reference CERCLA § 113(f)(3)(B)* [Doc. 618]. In the motion, Plaintiffs ask the Court for permission to supplement their Second Amended Complaint [Doc. 306] to reference Section 113(f)(3)(B) of CERCLA in their contribution claim, which currently cites only Section 113(f)(1). American Linen has filed its response [Doc. 619], and Plaintiffs filed their reply [Doc. 620]. After reviewing the pleadings, the parties' briefs, and the legal authorities, the Court concludes that the motion should be construed not as a motion to supplement under

---

[1] Plaintiffs assert that their motion to supplement the Second Amended Complaint is conditional because while they think it is unnecessary to add a reference to Section 113(f)(3)(B) in order to recover everything to which they are entitled for contribution, they do so out of an abundance of caution to toll the three-year statute of limitations under Section 113(g)(3)(B).

Rule 15(d) but rather as a motion for leave to amend under Fed. R. Civ. P. 15(a) and should be denied.

## APPLICABLE LAW

### I. Amendment and Supplementation of Pleadings Under Rule 15

Both amendment and supplementation of pleadings are governed by Fed. R. Civ. P. 15. Requests to supplement a pleading are governed by Fed. R. Civ. P. 15(d). Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented* .... [and] may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d) (emphasis added). According to the Tenth Circuit, "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). The Tenth Circuit stated that such "authorization 'should be liberally granted unless good reason exists for denying such leave ...." *Id*. (citation omitted).

Rule 15(a) provides that a party may amend a pleading only with ... the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) also states that leave to amend "shall be freely given when justice so requires." Although the Court is to grant amendments freely when justice requires, refusing leave to amend is proper on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Tr. Corp*., 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the

party filing the motion has no adequate explanation for the delay." *Frank v. U.S.W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citation omitted). Our court applies the same standard for deciding motions for leave to amend under Rule 15(a) when considering whether to grant leave to supplement under Rule 15(d). *Acad. Corp. v. Target Tech. Co. L.L.C.*, No. CV 04-0008 JH/DJS, 2005 WL 8163500, at *8 (D.N.M. Oct. 28, 2005) (citing *Glatt v. Chicago Park Dis.*, 87 F.3d 190, 194 (7th Cir. 1996)). The parties are in agreement on this last point.

Of importance to the analysis are the facts known to the party seeking supplementation to amendment at the time they filed the pleading the party seeks to alter. "'Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

**II.  Contribution Under Section 113(f)(1) and Section 113(f)(3)(B)**

Section 113(f) of CERCLA is titled "Contribution." Subsection (f)(1) provides:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.

Subsection (f)(3) is titled, "Persons not party to settlement," and subsection (B) of that section states:

> A person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2).

## BACKGROUND

The Court incorporates the factual background set forth in its Memorandum Opinion and Order [Doc. 638], filed August 21, 2024. In addition, the Court highlights the following background facts, which are of particular salience to the motion for leave to supplement or amend the Second Amended Complaint ("SAC").

This case began in 2017 when Plaintiffs filed the original Complaint [Doc. 1] for claims for CERCLA response costs against the United States. In August of 2018, Plaintiffs filed an amended complaint [Doc. 79] adding cost recovery claims under Section 107(a) against American Linen and three other entities who had either operated—or were the successors in interest to others who had operated—dry cleaning businesses in the area near the cleanup site ("dry cleaner defendants"). The litigation proceeded, and by April of 2020, the Plaintiffs had reached a settlement with the United States. Accordingly, on April 16, 2020, the United States filed a notice of settlement [Doc. 211] that included a copy of the proposed consent decree. At this point, Plaintiffs were on notice that the nature of their case against American Linen and the other dry cleaner defendants was about to change. On July 30, 2020, the Court entered the Consent Decree [Doc. 225] addressing the claims between Plaintiffs and the United States. As of this date, Plaintiffs knew or should have known that they no longer had a viable Section 107(a) claim against American Linen and that their contribution claim now fell under Section 113(f)(3)(B), which specifically applies to parties who have settled with the United States.

On February 6, 2021, more than six months after the Consent Decree, Plaintiffs filed their Second Amended Complaint ("SAC") [Doc. 306]. Despite the prior entry of the Consent Decree, Plaintiffs again alleged that all defendants, including American Linen, were liable under Section 107(a) for response costs. However, this time Plaintiffs added a claim that defendants were liable

4

under Section 113(f)(1) for contribution to cleanup costs incurred by Plaintiffs. The SAC contains no mention of Section 113(f)(3)(B), which provides a right of contribution to parties like Plaintiffs who have settled claims against them by the United States. On February 11, 2021, the parties included within their Joint Status Report and Provisional Discovery Plan [Doc. 313] a stipulation that Plaintiffs' Section 107(a) claims should be dismissed. Plaintiffs never took action to effectuate that dismissal. They also did not move to amend their SAC until July 28, 2023—almost three years after the entry of the Consent Decree and two and half years after the filing of the SAC.

Under CERCLA's Section 113(g)(3)(B), the three-year statute of limitations on Plaintiffs' contribution claim expires on July 30, 2023. After American Linen refused to enter into a tolling agreement with Plaintiffs, on July 28, 2023 they filed the present motion to supplement or amend their complaint in order to toll the statute of limitations. In their conditional motion to supplement the SAC, Plaintiffs propose to alter the SAC by adding the italicized language to the two enumerated paragraphs below and by eliminating the words that have been struck through:

> ¶ 5 The United States settled Plaintiffs' prior claims alleged in Plaintiffs' Amended Complaint in this case (Dkt. 79) filed August 23, 2018, pursuant to the consent decree entered by this Court on July 30, 2020 (Dkt. 225), *which resolved Plaintiffs' and the United States' liability to one another for all "matters addressed" therein*.
> …
> ¶ 67 Pursuant to 42 U.S.C. § 9613(f)(1) *and (f)(3)(B)*, The Lofts, American Linen, Chisholm's Village, and Rawson Leasing are liable to Plaintiffs for *their equitable share of* costs Plaintiffs have incurred and will continue to incur ~~as a result of the claims brought under 42 U.S.C. § 9607(a) on behalf of EPA in this litigation~~.

**DISCUSSION**

I.        **Plaintiffs' Motion is Properly Construed As a Motion to Amend**

As a preliminary matter, according to Plaintiffs the Court need not rule on their motion supplement or amend if it agrees that specific reference to subsection 113(f)(3)(B) is not required for Plaintiffs to recover the same costs they explicitly sought from American Linen before entry of the consent decree. Doc. 618 at 7-8. The Plaintiffs put the cart before the horse. They have asked the Court for leave to supplement or amend. The Court will apply the standards pertinent to such a motion, and those standards will dictate the result. The Court's ruling on the motion will not hinge on the effect it will have on Plaintiffs' case. As noted above, the Tenth Circuit has set forth an analytical framework to analyze Rule 15 motions, which the Court will apply to arrive at a ruling. The impacts on Plaintiffs' case flow from the ruling; those impacts do not dictate the ruling.

Furthermore, Plaintiffs assert they have filed a motion to supplement, rather than amend, the SAC to add a specific reference to CERCLA Section 113(f)(3)(B), codified at 42 U.S.C. § 9613(f)(3)(B). The Court agrees with Plaintiffs' assertion that the purpose of supplementation is "the addition of claims which arise after the initial pleadings are filed." *See* Doc. 618 at 1 n.1. The Court also agrees with Plaintiffs' citation to Wright & Miller, 5 Fed. Prac. & Proc. § 1504 (3d ed. 2004), which explains that supplemental pleadings "deal with *events subsequent to the pleading to be altered* and represent additions to or continuations of the earlier pleadings." (emphasis added). This statement is consistent with the text of Rule 15(d). However, proper application of that standard leads the Court to conclude that the motion should be construed as one to amend the Second Amended Complaint. The pleading to be altered is the Second Amended Complaint. The Consent Decree which triggered Plaintiffs' right of contribution under

Section 113(f)(3)(B) was entered *before* the SAC, and Plaintiffs' right of contribution under that section is not a circumstance that arose after the SAC was filed. A change to a pleading which relates to matters that occurred prior to the filing of the pleading to be altered (which is the case here) is an amendment. *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015). Accordingly, Plaintiffs' motion is one for leave to amend.

## II.     The Parties' Arguments

### A.     Plaintiffs' Position

First, as previously noted Plaintiffs argue that there is no need for the Court to rule on its motion to amend if the Court agrees that Plaintiffs do not need to specifically plead a claim under Section 113(f)(3)(B) in order "to seek the same costs they explicitly sought from American Linen before entry of the July 30, 2020, Consent Decree." Doc. 618 at 8. They argue that civil cases should not turn on technicalities, and that "the citation to a different subsection of the same statutory provision does not change the relief Plaintiffs have sought throughout this litigation." *Id*.

Next, Plaintiffs argue that they have satisfied the requirements to show that they have not engaged in undue delay, they have not acted in bad faith, the amendment is not futile, and the amendment will not prejudice American Linen. Doc. 618 at 9-12.

Third, Plaintiffs argue that they have shown good cause to supplement their SAC under Rule 16(b)(4). Doc. 620 at 3-5. However, they also point out that the last deadline to amend pleadings was August 23, 2018, and that they could not have met that deadline because they could not have moved to amend to add their Section 113(f)(3)(B) claim until after it accrued on July 30, 2020, when the Consent Decree was entered. Thus, Plaintiffs contend it would be inappropriate to apply the good cause standard in this circumstance. Doc. 620 at 2.

B. **American Linen's Position**

American Linen first argues that Plaintiffs' motion to amend should be denied because they have failed to demonstrate good cause, which is required under Rule 16(b)(4) for a request to modify the scheduling order.[2] Fed. R. Civ. P. 16(b)(4). *See also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). American Linen contends that Plaintiffs did not meet the good cause standard because they have not shown they were diligent in pursuing the proposed amendment and have not provided an adequate explanation for their delay. Doc. 619 at 5-10.

Second, American Linen argues that Plaintiffs cannot meet the five factors of Rule 15(a)(2)—that is, it contends that Plaintiffs unduly delayed in filing their motion, that the proposed amendment is futile, that it would unfairly prejudice American Linen because it raises new issues upon which American Linen has not conducted discovery, that it is based upon bad faith or dilatory motive, and that Plaintiffs refused to cure the deficiencies through the prior amendment, the SAC. Doc. 619 at 10-21.

Third, American Linen contends that another amendment would result in piecemeal litigation and does not promote efficient adjudication of disputes because by the Plaintiffs' own admission the proposed amendment will not cure all defects within the SAC. Doc. 619 at 21-23. It points out that in their motion to amend, Plaintiffs allude to further pleading issues— "case developments which are undisputed" [Doc. 618 at 2 n.2]—not addressed by the proposed amendment which will lead to future complications and inefficiencies in the litigation.

---

[2] According to Plaintiffs, the last deadline to amend pleadings was in August of 2018, when they filed their First Amended Complaint. The Court cannot find evidence of any subsequent deadline. Of course, the Court would not have anticipated the need to set a deadline for a possible *third* amended complaint, particularly after permitting the second amended complaint to be filed.

Finally, American Linen requests its attorney's fees incurred resulting from Plaintiffs' untimely and groundless motion to amend, "and for the continued unreasonable multiplication of proceedings exemplified by Plaintiffs' Motion seeking untimely and incomplete correction of an admittedly defective pleading." Doc. 619 at 24.

**III.    Analysis**

The Court will deny Plaintiffs' conditional motion for leave to amend on the grounds that there has been undue delay in filing the motion stemming from Plaintiffs' calculated litigation strategy, Plaintiffs had the opportunity to include the proposed amendment in the SAC but chose not to do so, and there is a significant likelihood of prejudice to American Linen if Plaintiffs are allowed to file a third amended complaint. Because these reasons require denial of the motion, the Court does not reach the other factors.

**A.    <u>Undue delay</u>**

It is undisputed that CERCLA contains a contribution provision, Section 113(f)(3)(B), specifically directed to claimants, like Plaintiffs, who have settled with the United States. Plaintiffs do not dispute that they knew in April of 2020, when the United States lodged the notice of settlement between itself and Plaintiffs, that the posture of the case would soon be changing in a manner that would bring Plaintiffs' contribution claims under the ambit of Section 113(f)(3)(B). Plaintiffs do not dispute that the Court entered the Consent Decree on the docket three months later, thereby making Plaintiffs "person[s] who ha[ve] resolved [their] liability to the United States [] for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement," as set forth under Section 113(f)(3)(B). Plaintiffs do not dispute that six months after the entry of the Consent Decree, they filed their SAC without any reference whatsoever to Section 113(f)(2)(B), choosing instead to

9

plead their contribution claim in language referencing Section 113(f)(1), identical to that used in the first amended complaint before the Consent Decree. Finally, Plaintiffs do not dispute that they did not file their motion to supplement or amend the SAC to include the Section 113(f)(2)(B) claim until July 28, 2023, three years after the Consent Decree was filed and more than three years after the notice of settlement.

Plaintiffs' explanation for this course of events is that under their understanding of CERCLA, Rule 8 pleading standards generally, and the circumstances of their case, they simply did not think it was necessary to amend their complaint to include a citation to Section 1131(f)(3)(B) in order to preserve their full rights to contribution. As a result, for two and a half years Plaintiffs made the strategic decision not to include Section 1131(f)(3)(B) in their SAC or to amend the SAC to include it. The Plaintiffs continued with that decision through the last few months of 2022, when American Linen filed a motion for partial summary judgment on Plaintiffs' Section 107(a) claim on statute of limitations grounds [Doc 547]. In the briefing on that motion and on the associated motion to strike American Linen's reply [see Doc. 581], Plaintiffs continually argued that specific reference to Section 113(f)(3)(B) was unnecessary for them to obtain the full scope of recovery. It was only at the eleventh hour, after failing to reach a tolling agreement with American Linen, that Plaintiffs moved to amend—two and half years after filing the SAC. Plaintiffs now argue that "requiring a specific reference to § 113(f)(3)(B) is an unnecessary, hyper-technical formality," and that they eventually moved to amend "in an abundance of caution." Doc. 618 at 9. There is no suggestion that Plaintiffs had ever been in any way misled or without knowledge of any circumstances relevant to the need to amend.

At this time, the Court takes no position on whether to not "requiring a specific reference to § 113(f)(3)(B) is an unnecessary, hyper-technical formality" or on the effects of Plaintiffs'

pleading choices on their right to contribution. Before the Court now is the question of whether Plaintiffs sought leave to amend in a timely fashion. On this record, the Court must conclude that there was undue delay stemming from Plaintiffs' own tactical decisions. In exercising their judgment, Plaintiffs chose not to include Section 113(f)(3)(B) in the SAC and chose not to move to amend it until the last possible moment. Plaintiffs must now live with the effect of those decisions, for good or ill. They knew of the change in circumstances affecting their contribution rights in July of 2020, they made a conscious decision to plead their contribution claim a certain way in February of 2021, and then their calculated litigation strategy was to wait another two and a half years before moving to amend. This is undue delay which by itself justifies denial of the motion.

### B. Failure to Cure Deficiencies by Amendments Previously Allowed

This factor also weighs against granting the motion to amend. As previously discussed, for a period of six months before filing the SAC (the previously allowed amendment), Plaintiffs had the requisite knowledge, factual basis, and opportunity to include Section 113(f)(3)(B). Plaintiffs could have prevented their current quandary by including Section 113(f)(3)(B) in the SAC. They chose not to do so. Again, Plaintiffs' explanation for this is essentially one of litigation strategy: "When Plaintiffs moved to amend (to file the SAC), they were not focused on formally changing any claims to reflect the effect of the consent Decree because those would not change the substance of the litigation, and they believed they would be addressed by agreement of the parties at the appropriate time without issue." Doc. 572 at 5. This is not a compelling explanation of Plaintiffs' failure to include Section 113(f)(3)(B) in the SAC.

### C. Prejudice to American Linen

American Linen argues that it will be unfairly prejudiced by the proposed amendment, stating that it has evaluated its potential liability and conducted its defense in reliance on the contribution claim pled by Plaintiffs in the SAC. Doc. 619 at 18. American Linen contends that if the Court concludes that Plaintiffs' proposed amendment is not futile, it will have to conduct discovery on issues that were not relevant under Plaintiffs' Section 113(f)(1) contribution claim as it is currently plead.

The Court agrees. In the Court's experience, amendments such as these and the issues they raise usually lead to the need to reopen discovery. After conducting extensive discovery and motion practice under the SAC for two and a half years as a result of Plaintiffs' litigation strategy, American Linen would very likely suffer undue prejudice at having to adjust its own tactics as a result of Plaintiffs' last-minute decision to change its strategy. That would be unfairly prejudicial to American Linen. The parties will have to continue to operate under the SAC which has informed their actions since February of 2021.

Finally, the Court need not reach American Linen's futility argument in order to conclude that the motion to amend should be denied. The foregoing factors are more than adequate to convince the Court that amendment of the SAC is not appropriate.

## **CONCLUSION**

For the reasons stated above, the motion for leave to amend will be denied.

The parties have extensively briefed, both with regard to this motion as well as several others, legal questions regarding the scope of Plaintiffs' contribution claim against American Linen in light of the Consent Decree, the dismissal of Plaintiffs' Section 107(a) claims, the statute of limitations, and the proper interpretation of Section 113(f) and its subparts. A ruling on those arguments has not been necessary to the Court's decision on any of the motions addressed

in either the Court's previous Memorandum Opinion and Order [Doc. 638] or in this one. Accordingly, the Court has not done so. Furthermore, the Court expresses no opinion on the merits of those arguments at this time.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Conditional Motion to Supplement Complaint to Specifically Reference CERCLA § 113(f)(3)(B)* [Doc. 618] is **DENIED**.

_____
**SENIOR U.S. DISTRICT JUDGE**