IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF LAS CRUCES AND DONA ANA
COUNTY,

      Plaintiffs,

vs.                                  Civ. No. 17-809 JCH/GBW

THE LOFTS AT ALAMEDA, LLC;
AMERICAN LINEN SUPPLY OF NEW
MEXICO, INC.; RAWSON LEASING
LIMITED LIABILITY CO.; and
CHISHOLM'S-VILLAGE PLAZA L.L.C.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on *American Linen Supply of New Mexico, Inc.'s FRCP Rule 56 Motion for Summary Judgment* [Doc. 676], in which it asks the Court to grant summary judgment in its favor on Plaintiffs' two remaining claims—contribution under 42 U.S.C. § 9613(f)(1), and declaratory judgment under 42 U.S.C. § 9613(g)(2)—under CERCLA. Plaintiffs have filed their response in opposition [Doc. 679], and American Linen filed its reply [Doc. 681]. After reviewing the arguments presented in the briefs and the applicable law, the Court concludes that the motion should be denied.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014). As noted above, we

"examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011) (internal quotation marks omitted).

## DISCUSSION

### A.    Undisputed Material Facts

Plaintiffs filed their original Complaint [Doc. 1] against the United States for CERCLA response costs under § 107(a) and for declaratory relief under § 113(g)(2) and the Declaratory Judgment Act. The United States then counterclaimed [Doc. 20] against Plaintiffs for response costs under § 106(a) and 107(a), contribution under § 113(f)(1), and declaratory relief. Later, Plaintiffs filed a First Amended Complaint [Doc. 79] for response costs under § 107(a), contribution under § 113(f)(1), and declaratory relief under § 113(g)(2) and the Declaratory Judgment Act. The First Amended Complaint also added American Linen and other dry cleaners and property owners as defendants. Plaintiffs alleged that American Linen and the other new defendants were liable under § 9607(a)(1) and (2) for response costs incurred by Plaintiffs as well as for contribution under § 9612(f)(1). Eventually, Plaintiffs and the United States entered into a Consent Decree [Doc. 225] resolving all claims between them. That document, which was approved by the Court and entered on the docket, sets forth Plaintiffs' liability for response costs, both in the past [Doc. 225 at 25, ¶ 42] and in the future [*Id*. at 26, ¶ 43]. The Consent Decree is expressly a Final Judgment on the claims between and among Plaintiffs and the United States. *Id*. at 51, ¶ 116.

Almost six months after entry of the Consent Decree, Plaintiffs filed their Second Amended Complaint [Doc. 306], again alleging claims for response costs under § 107(a), contribution under § 113(f)(1), and declaratory relief under § 113(g)(2) and the Declaratory Judgment Act. Although

it does assert a right of contribution, the Second Amended Complaint does not specifically cite §

113(f)(3)(B), which provides a right of contribution to parties like Plaintiffs who have settled

claims against them by the United States.

**B.      The Parties' Arguments**

American Linen argues that it is entitled to summary judgment on Plaintiffs' remaining

CERCLA claims for contribution under 42 U.S.C. § 9613(f) and declaratory relief under 42 U.S.C.

§ 9613(g)(2). According to American Linen, because summary judgment has been granted against

Plaintiffs on both their CERCLA § 107(a) claim against American Linen for response costs as well

as their § 113(f)(1) cross-claim, Plaintiffs' § 113(f)(1) claim is no longer viable against it. American

Linen reasons that due to those judgments against Plaintiffs, their § 113(f)(1) claim is not now

"following" any § 106 or 107 judgment for which Plaintiffs may seek contribution as required by

§ 113(f)(1), which according to American Linen is the "triggering event" necessary to maintain a

§ 133(f)(1) action against it under *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 166

(2004). Similarly, American Linen argues that because Plaintiffs have no viable § 107(a) claim

against American Linen, they may not assert a declaratory relief claim against it under § 113(g)(2).

In response, Plaintiffs argue that American Linen's arguments are contrary to the text of

CERCLA, caselaw, and the public policy underlying the statute. Plaintiffs dispute American

Linen's argument that they errantly brought their contribution claim under § 113(f)(1) when their

sole avenue to recovery lay under § 113(f)(3)(B). Plaintiffs point out that they brought their §

113(f)(1) claim during a civil action—that is, the lawsuit in which the United States sued Plaintiffs,

and that the civil action resulted in a consent decree, which is a final judgment. Plaintiffs also

contend that under *Territory of Guam v. United States*, 593 U.S. 310, 320 (2021), parties may

pursue contribution under either § 113(f)(3)(B) or § 113(f)(1). Finally, Plaintiffs point to caselaw

holding that declaratory relief is available for § 113(f)(1) claims.

**C.      Analysis**

1.      <u>Section 113(f)(1) Claim</u>

Citing both this Court's previous opinion [Doc. 665 at 7] and *Cooper Indus., Inc. v. Aviall*

*Servs., Inc.*, 543 U.S. 157 (2004), American Linen argues that Plaintiffs may not maintain a claim

for contribution under § 113(f)(1) because there is no currently pending claim or judgment against

Plaintiffs for response costs under § 107(a). Section 113(f)(1) provides:

> Any person may seek contribution from any other person who is liable or
> potentially liable under section 9607(a) of this title, *during or following any civil*
> *action under section 9606 of this title or under section 9607(a) of this title*. … In
> resolving contribution claims, the court may allocate response costs among liable
> parties using such equitable factors as the court determines are appropriate. Nothing
> in this subsection shall diminish the right of any person to bring an action for
> contribution in the absence of a civil action under section 9606 of this title or section
> 9607 of this title.

According to American Linen, Plaintiffs cannot show a "predicate triggering event" enabling them

to maintain a § 113(f)(1) action. It argues that "in the absence of a claim or judgment against

Plaintiffs for response costs under § 107(a), the law is clear that Plaintiffs cannot maintain a

contribution action against American Linen under § 113(f)(1)." Doc. 676 at 6.

First and foremost, American Linen's argument fails because the plain language of Section

113(f)(1) says nothing of the necessity of a judgment; indeed, the word "judgment" does not appear

in § 113(f)(1). Rather, the statute demands only that a person seeking contribution do so during or

following any civil action under either § 106 or § 107(a). That condition is satisfied here. Plaintiffs

have sought contribution from American Linen under § 113(f)(1) both *during and following* that

civil action. Simply stated, Plaintiffs' contribution claims satisfy the plain language of § 113(f)(1).

It is also undisputed that Plaintiffs asserted their § 113(f)(1) claim against American Linen when it accrued during the United States' civil action against Plaintiffs under § 106 and § 107(a). Therefore, the § 113(f)(1) claim is timely.

Second, American Linen acknowledges that the United States sued Plaintiffs for response costs and contribution under CERCLA Sections 106 and 107, and that as a result of those claims Plaintiffs are now subject to a consent decree approved by the Court that imposes liability on Plaintiffs. Therefore, even if the statute demanded the existence of a judgment as a predicate to a § 113(f)(1) claim for contribution (which it does not), that requirement would be satisfied by the consent decree, which provides that "[u]pon entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and [Plaintiffs]. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58." Doc. 225 at 53 of 58, ¶ 116. *See also Johnson v. Lodge #93 of Fraternal Order of Police*, 393 F.3d 1096, 1101 (10th Cir. 2004) ("A consent decree is a negotiated agreement that is entered as a judgment of the court. Consent decrees ... have characteristics both of contracts and of final judgments on the merits." (internal quotation marks omitted)). It its reply, Doc. 681 at 6, American Linen points out that § 122(d) discusses consent decrees as the vehicle for enforcing settlements with the United States. That's true, as far as it goes. It is also true that the Consent Decree in this case [Doc. 225 at 47 of 58, ¶ 93] describes itself as a settlement for purposes of § 113(f)(2), which deals with the resolution of CERCLA claims involving the United States. But again, that is the nature of consent decrees, as the Tenth Circuit has recognized—they are hybrid creatures with features of both contracts and final judgments. The Consent Decree in this case is both a settlement and a final judgment.

Nothing in *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004) alters these conclusions. In that case, Aviall had voluntarily cleaned up its contaminated property; there was no threat of future litigation, pending CERCLA claim, settlement agreement, or judgment compelling it to do so. Later, it filed a lawsuit against Cooper Industries as a potentially responsible party (PRP) under CERCLA, initially asserting claims for both cost recovery under § 107(a) and contribution under § 113(f)(1). However, Aviall then amended its complaint to combine its two CERCLA claims into a single contribution claim pursuant to § 113(f)(1), thereby abandoning its § 107(a) cost recovery claim against Cooper Industries. The Supreme Court decided that as a result of that abandonment, under the text of the statute Aviall could not pursue its § 113(f)(1) claim because it was not "during or following" a civil action under § 106 or § 107(a). *Id*. at 165-66. However, this case is distinguishable from *Cooper Industries* because unlike Aviall, it is undisputed that the Plaintiffs here have faced claims for both response costs under § 106(a) and contribution under § 107(a)(1) that were brought against them by the United States during this civil action. It is also undisputed that those claims have resulted in civil liability for Plaintiffs under an enforceable consent decree. Therefore, under both *Cooper Industries* and the plain language of the statute, the requirements of § 113(f)(1) are satisfied.

In its reply, Doc. 681 at 5, American Linen insists[1] that *Cooper Industries* requires a § 107 "judgment" in order to assert a § 113(f) contribution claim. American Linen reads far too much into the Court's opinion. The Supreme Court did note that the clock begins to run on § 113(g)(3)'s

---

[1] The block quotation American Linen's cites in its reply, Doc. 681 at 5-6, is not from the opinion of the Court but rather from the syllabus prepared by the Reporter of Decisions. The Court infers that American Linen intended to reference the portion of the Supreme Court's opinion found at 543 U.S. at 167, where the Court discusses the limitations periods found in § 113(g)(3).

two limitations periods with either a judgment (*see* § 113(g)(3)(A)) or a settlement (*see* § 113(g)(3)(B)). *See Cooper Indus.*, 543 U.S. at 167. The Court noted this because under the facts presented in the case before it, Aviall had never been sued under CERCLA and therefore neither a judgment nor a settlement could ever occur. The Court concluded that the whole of § 113 supports the inference that a voluntary cleanup like Aviall's does not provide the basis of a § 113(f)(1) contribution claim. The Supreme Court did not go so far as to require a judgment merely to assert such a claim, which makes sense because § 113(f)(1) expressly permits one to assert a contribution claim "*during* or following" any civil action. Often, there will not yet be a judgment during a civil action. That means that the limitations period simply has not yet started to run; it does not mean that the claim is not ripe under § 113(f)(1).

Nor does this Court's prior Memorandum Opinion and Order [Doc. 665] ("the MOO") assist American Linen's argument. American Linen cites the MOO for the proposition that "in the absence of a claim or judgment against a party for response costs under § 107(a), a party cannot maintain a claim for contribution under § 113(f)(1)." Doc. 676 at 5. According to American Linen, this means that because the § 107(a) claim against Plaintiffs is no longer being litigated, Plaintiffs may no longer seek contribution under § 113(f)(1). That argument misunderstands this Court's reasoning. In the MOO, the Court found that dismissal of Plaintiffs' § 107(a) claim against American Linen meant that American Linen was no longer at risk of incurring liability for anything other than its own fair and proportionate share of liability and therefore had no need to look to others for contribution. Doc. 665 at 5-6 (citing cases). Importantly, American Linen has never explained how it can maintain a contribution claim against others when it faces liability for only it's proportionate share of the harm. The MOO explained that American Linen is in a different posture from Plaintiffs, who *have* been held liable for response costs through the Consent Decree

7

and who continue to seek contribution from others (i.e., American Linen) who it claims should contribute their fair share of cleanup costs.

American Linen's final argument is that construing a court-approved consent decree involving the United States as a final judgment would render the statutory trigger of § 113(g)(3)(B)—which imposes a three-year limitations period after "settlement"—to be "superfluous because every settlement with the US under CERCLA § 122 becomes a judgment for purposes of enforcement." Doc. 681 at 7. American Linen raises this argument for the first time (and then only briefly) in its reply, and therefore the Court will not consider it.

2.    The Effect of Section 113(f)(3)(B)

Section 113(f)(3)(B) provides that "[a] person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a [settlement with the United States or a State]."

American Linen suggests that it is entitled to summary judgment because Plaintiffs' only route to contribution is through § 113(f)(3)(B), and Plaintiffs have failed to plead a claim under that section.[2] American Linen asserts that this provision applies to Plaintiffs, who resolved their liability to the United States via the Consent Decree, and therefore Plaintiffs' sole path to a contribution claim lies through § 113(f)(3)(B). Doc. 676 at 7-8. According to American Linen, permitting Plaintiffs to seek contribution via § 113(f)(1) would render § 113(f)(3)(B) mere

---

[2] This marks a reversal from American Linen's earlier position on Plaintiffs' § 113(f)(3)(B) contribution claim. In its opposition to Plaintiffs' motion to file a third amended complaint to add a contribution claim under § 113(f)(3)(B), Doc. 570 at 15-16, American Linen argued that adding that claim would be futile because the Consent Decree did not fully resolve Plaintiffs' liability to the United States.

surplusage. *Id*. It also contends that under § 113(g)(3)(B)[3], once the Court approved the Consent Decree, Plaintiffs could no longer pursue contribution under § 113(f)(1), and the statute of limitations prevents Plaintiffs from seeking relief under § 113(f)(3)(B). *Id*. at 8. It is undisputed that Plaintiffs did not plead a claim under § 113(f)(3)(B) but then moved for leave to file a third amended complaint adding that claim, and that the Court denied the motion. Doc. 639. American Linen does not argue that § 113(f)(3)(B) does not apply or that Plaintiffs' claims do not satisfy that provision—they argue only that Plaintiffs failed to cite that particular subsection of § 113(f) with respect to the contribution claim in the Second Amended Complaint.

American Linen has failed to cite a case in which a court granted summary judgment against a party that failed to cite a particular subsection of § 113(f) when pleading its contribution claim. Instead, American Linen relies on tortured readings of the Supreme Court decisions in *Aviall*, 543 U.S. 157 (2004) and *Guam*, 593 U.S. 310 (2021) to argue that § 113(f)(1) and § 113(f)(3)(B) are mutually exclusive provisions. As previously discussed, the *Aviall* decision merely  held that a party must have been sued under Sections 106 or 107 in order to seek contribution from a third party; it did not conclude that a party that had settled claims brought against it by the United States could seek contribution only under § 113(f)(3)(B). Similarly, in *Guam*, the Supreme Court rejected

> a reading of § 113(f)(3)(B) that does nothing more than allow a party to seek contribution after settling a CERCLA liability would be redundant with § 113(f)(1), which already permits contribution "during or following any civil action under [§§ 106 and 107]." But there is legitimate reason for separate provisions, even if both allow contribution only for a CERCLA liability. For example, § 113(f)(3)(B)

---

[3] Section 113(g)(3) sets forth a limitations period for contribution actions, stating that "No action for contribution ... may be commenced more than 3 years after—

  …

  (B) the date of an administrative order under section 122(g) . . . or 122(h) …or entry of a judicially approved settlement with respect so such costs or damages."

specifies the consequences of a particular type of resolution (i.e., settlement), explaining that an "administrative or judicially approved settlement" is sufficient and reinforcing that a contribution claim will not extend to parties who have already settled. This sort of belt-and-suspenders approach hardly compels an all-encompassing reading of § 113(f)(3)(B). *Cf. Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U. S. ——, ——, 139 S. Ct. 873, 881, 203 L.Ed.2d 180 (2019) ("We have recognized that some redundancy is hardly unusual in statutes addressing costs" (internal quotation marks omitted)). Rather than try "to avoid surplusage at all costs," *Atlantic Research*, 551 U.S. at 137, 127 S. Ct. 2331, we interpret § 113(f)(3)(B) in light of its text and place within a comprehensive statutory scheme.

This language acknowledges an overlap between the two contribution provisions—a "belt-and-suspenders approach"—that does not suggest that the two must be mutually exclusive.

More persuasive is the approach taken by the court in *New York v. Solvent Chem. Co.*, 453 Fed. Appx. 42 (2d Cir. 2011), in which the State of New York sued chemical companies Solvent and DuPont for environmental contamination. Both defendants entered into consent decrees with New York. Then, Solvent asserted a contribution claim against DuPont and another company for contribution to the costs incurred by Solvent to clean up the contaminated site. At trial, the court awarded Solvent more than $2 million in contribution. Like American Linen, DuPont argued that Solvent was not entitled to contribution because its complaint cited § 113(f)(1) instead of § 113(f)(3)(B) as the basis for contribution. The Second Circuit rejected that argument, stating, "Event if the two subsections constitute separate causes of action for contribution, it is the factual allegations that render a federal complaint viable, not a recitation of statutes." *Id*. at 46. The court then noted that the complaint had put DuPont on notice that Solvent was seeking contribution, which was all that was required. *Id*. Similarly, in *Boarhead Farm Agreement Grp. v. Advanced Env't Tech. Corp.*, 381 F. Supp. 2d 427 (E.D. Penn. 2005), the plaintiff sought to file an amended complaint adding a contribution claim under § 113(f)(3)(B), where previously it had sought contribution under § 113(f)(1). *Id*. at 430. The defendant objected, characterizing this as "an

entirely new claim" that was untimely. *Id*. at 434. The court disagreed, concluding that under Rule 15(c) the amendment related back to the earlier complaint because it stemmed from the same "general fact situation" and the same legal theory of recovery—an equitable allocation of remediation costs. *Id*. at 434-35. The court then allowed the plaintiff's contribution claim to proceed. *See also Solutia, Inc. v. McWane, Inc*., 726 F. Supp. 2d 1316, 1348 (N.D. Ala. 2010) (finding that parties that entered into a consent decree with the United States had contribution rights under both § 113(f)(1) and (f)(3)(B)).

In short, the Court concludes that Plaintiffs' contribution claim is not futile and may proceed. To the extent that any part of the Court's prior opinion [Dkt. No. 639] denying leave to file a third amended complaint suggests otherwise, that portion is withdrawn.

3.    Plaintiffs' Claim for Declaratory Relief

American Linen's final argument is that it is entitled to summary judgment on Plaintiff's claim for declaratory relief because Plaintiffs no longer have a pending cost recovery claim under § 107, and contribution claims cannot be the basis of a claim for declaratory judgment or future damages. Doc. 676 at 9. The basis of American Linen's argument is that § 113(g)(2) discusses cost recovery actions but makes no mention of contribution claims.[4] When Plaintiffs rebut that argument in their response, *see* Doc. 679 at 13-15, American Linen changes tack. In its reply brief American Linen drops its original argument and does not respond to the authorities cited by Plaintiffs. Instead, American Linen argues for the first time that Plaintiffs' claim for declaratory relief should be dismissed because they failed to properly plead it. Doc. 681 at 9-11. Neither of

---

[4] American Linen fails to note that Plaintiffs have plead a declaratory judgment claim pursuant to both CERCLA § 113(g)(2) and the Declaratory Judgment Act. As a result, it does not address whether Plaintiffs are entitled to relief under the latter.

American Linen's arguments is persuasive. The Court will address both of American Linen's arguments in turn.

Beginning with American Linen's first argument, the Court turns to the text of § 113(g)(2). The first part of Section 113(g)(2) discusses the limitations period for a cost recovery action under § 107. The second portion of § 113(g)(2) states, in relevant part: "In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." American Linen construes this to mean that a declaratory judgment claim depends exclusively upon a § 107 claim for response costs. Doc. 676 at 9. However, as Plaintiffs point out, several circuit courts, including the Tenth Circuit, do not agree with American Linen's position. In *Tosco Corp. v. Koch Indus.*, 216 F.3d 886, 897 (10th Cir. 2000), Tosco settled the § 107 claim for cleanup costs brought against Tosco by another PRP, Sun, and then sued Koch for contribution under § 113(f). Koch argued that before awarding a declaratory judgment for future contribution damages against it, the court should have conducted a fairness hearing on the Koch/Sun settlement to ensure that Tosco would not receive more in contribution from Koch than it had paid in cleanup costs to Sun. *Id*. The Tenth Circuit disagreed, affirming the declaratory judgment and stating, "We believe where, as here, a responsible party chooses to go to trial and future response costs are likely to be incurred, but the exact amount remains unknown, a judgment on proportional liability is an appropriate remedy." *Id*. Although the Tenth Circuit did not expressly state that it was allowing the future contribution claim to go forward under § 113(g)(2), other circuits have done so. *See, e.g., United States v. Davis*, 261 F3d 1, 46-47 (1st Cir. 2001) (finding that § 113(g)(2) declaratory judgment provision applies to § 113(f) contribution actions); *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 450 (6th Cir. 2004) (concluding "that requests for declaratory judgments concerning future

response costs in [Section 9607(a)] and [Section 9613(f)] suits must be treated alike."); *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000) (noting that while Section 9613(g)(2) "is silent on whether declaratory judgments are authorized in contribution actions" the statute "does not prohibit them.").

American Linen has no response to these authorities. Instead, it cites *Atlantic Richfield Co. v. United States*, 181 F Supp. 2d 898, 923 (D.N.M. 2016) (Parker, J.), in support of its position that in the District of New Mexico, a plaintiff may not bring a claim for declaratory relief under § 113(g)(2)(B) without a valid underlying claim for cleanup costs under § 107. American Linen entirely ignores the fact that the court in *Atlantic Richfield* expressly stated that a party must have a claim for either cost-recovery *or contribution* to assert a valid claim for declaratory relief. *Id.* at 923-24. *Atlantic Richfield* does not support American Linen's argument.

American Linen's second argument—that Plaintiffs failed to plead a cause of action for declaratory relief based on their contribution claim—is equally unavailing. First, American Linen raises this argument for the first time in its reply brief, and for that reason alone it cannot prevail. *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). However, the argument also fails on its merits. American Linen incorrectly states that Plaintiffs do not mention § 113(f) anywhere in their claim for declaratory relief, citing the numbered paragraphs in the Second Amended Complaint pertaining to that cause of action. Doc. 681 at 10. In doing so, American Linen omits Paragraph 68 of the Second Amended Complaint, the first paragraph of its claim for declaratory relief, in which Plaintiffs reallege and incorporate by reference Paragraphs 1-67. Doc. 306 at 13. Tellingly, Paragraph 67 expressly references Plaintiffs' contribution claim under § 113(f)(1).  Therefore, American Linen's statement that Plaintiffs did not plead a declaratory judgment claim with regard to their contribution claim is inaccurate.

For all the foregoing reasons, American Linen's motion for summary judgment will be denied.

**IT IS THEREFORE ORDERED** that *American Linen Supply of New Mexico, Inc.'s FRCP Rule 56 Motion for Summary Judgment* [Doc. 676] is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE